UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>FKF MADISON PARK GROUP OWNER, LLC<br><br>Alleged Debtor. | Chapter 7 Case No. 10-11867 (KG)<br><br>Re DKT #80 |
| IN RE:<br><br>JMJS 23RD STREET REALTY OWNER, LLC<br><br>Alleged Debtor. | Chapter 7 Case No. 10-11868 (KG)<br><br>Re DKT #72 |
| IN RE:<br><br>MADISON PARK GROUP OWNER, LLC<br><br>Alleged Debtor. | Chapter 7 Case No. 10-11869 (KG)<br><br>Re DKT #73 |
| IN RE:<br><br>SLAZER ENTERPRISES OWNER, LLC<br><br>Alleged Debtor. | Chapter 7 Case No. 10-11870 (KG)<br><br>Re DKT #74 |

**ORDER AUTHORIZING THE RECEIVER TO SEEK A DETERMINATION IN NEW YORK STATE COURT OF HIS AND HIS PROFESSIONALS' FEES AND EXPENSES, AND AUTHORIZING iSTAR TARA LLC TO MAKE SECURED, PROTECTIVE ADVANCES TO PAY SUCH FEES AND EXPENSES**

Upon the motion, dated September 8, 2010 (the "Motion") of iStar Tara LLC ("iStar"), seeking entry an order pursuant to sections 105(a), 303(f), 362(d) and 549 of title 11 of the United States Code (the "Bankruptcy Code"): (i) to permit Jonathan H. Newman, the receiver

appointed by the New York State Supreme Court (the "New York Court") in the foreclosure proceeding styled *iStar Tara LLC v. FKF Madison Group Owner LLC, et al.*, 600423/2010 (the "Receiver") to seek a determination by the New York Court as to the fees and expenses owed to the Receiver and his professionals; (ii) authorizing the extension by iStar of additional advances under the Loan Documents to pay such fees and expenses upon the New York Court's determination, secured by all real and personal property owned by the above-captioned Debtors, after notice to the Debtors, the Office of the United States Trustee and creditors in these cases as to the substance of the New York Court's determination; and (iii) to the extent necessary, granting relief from the automatic stay to permit any of the foregoing; and adequate notice of the Motion having been given; and upon due deliberation and good and sufficient cause appearing therefor; it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Receiver is hereby authorized to seek a determination of the New York Court as to the fees and expenses due and owing the Receiver and his professionals for services provided and expenses incurred to date, which determination is subject to the rights of the Debtors or any other party with standing to be heard under applicable New York law in connection with such determination; and it is further

ORDERED, that upon receipt of the New York Court's determination of the fees and expenses due the Receiver and his professionals, iStar shall file a notice with this Court in each of the Debtors' cases describing the substance of the New York Court's determination and the fees and expenses proposed to be paid (the "Notice"), and shall serve the Notice upon the Office of the United States Trustee, counsel to the Debtors, counsel for all of the involuntary petitioners (including counsel for all joinder parties), the creditors in these cases, and any person

that filed a request for notices in these cases pursuant to Bankruptcy Rule 2002, which Notice shall provide that all parties in interest have ten (10) days to object to the payments proposed to be made by iStar as set forth in the Notice; and it is further

ORDERED, that any timely objection to such payment shall be filed with the Court and served upon the Receiver and his counsel, counsel for iStar and counsel for the Debtors and upon receipt of any such objection, iStar's counsel shall contact chambers, schedule a hearing on such objection and notify the other parties of the date and time for such hearing with any response to such objection to be filed with the Court and served on the objector(s) and other parties so as to be received not less than seven (7) days before such hearing; and it is further

ORDERED, that absent timely objection by any party in interest, iStar is authorized to immediately make additional advances under the Loan Documents[7] for fees and expenses as indicated in the Notice and in accordance with the determination of the New York Court; and it is further

ORDERED that all advances made by iStar pursuant to this Order shall be secured by non-avoidable liens and security interests in the Debtors' property pursuant to and having the same priority and validity as the liens in any or all of the existing mortgages and collateral documents between iStar and the Debtors, as the same may be hereafter amended to take such advances into account; provided, however, if orders for relief are entered in these cases and, thereafter, all of iStar's existing liens and security interests under all of its mortgages and other collateral documents with respect to such property are avoided in their entirety, the liens and security interests authorized by this paragraph shall nevertheless be valid liens and security

---

[7] The Loan Documents include the Building Loan Agreement, the Project Loan Agreement and the Senior Loan Agreement as described in the *Motion of iStar Tara LLC for an Order Authorizing the Extension of Secured, Protective Advances on Behalf of Debtors Under Building Loan Agreement During the "Gap Period" and, to the Extent Necessary, Granting Relief from the Automatic Stay*, dated June 24, 2010 (the "Protective Advance Motion").

interests in all of the Debtors' property, subordinate solely to all valid, perfected, non-avoidable liens on such property that were in existence immediately before the filing of the involuntary petitions in these cases; and it is further

ORDERED that all additional advances made by iStar pursuant to this Order shall constitute value given after the commencement of these cases but before the orders for relief in exchange for the granting of liens and security interests in the Debtors' property, as permitted by section 549(b) of the Bankruptcy Code; and it is further

ORDERED, to the extent that relief from the stay is required for any of the relief granted in this order, the stay is hereby so modified; and it is further

ORDERED that nothing in this order shall preclude the Receiver from seeking, as an alternative to the procedures described herein, relief from this Court pursuant to sections 503(b) and/or 543 of the Bankruptcy Code and the rights and defenses of all parties are reserved with respect to any such application; and it is further

ORDERED that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
       September 22, 2010

                                                           UNITED STATES BANKRUPTCY JUDGE