UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>FKF MADISON PARK GROUP OWNER, LLC<br><br>Alleged Debtor. | Chapter 7<br>Case No. 10-11867 (KG)<br><br>**Related to Docket No. 93** |
| IN RE:<br><br>JMJS 23RD STREET REALTY OWNER, LLC<br><br>Alleged Debtor. | Chapter 7<br>Case No. 10-11868 (KG)<br><br>**Related to Docket No. 85** |
| IN RE:<br><br>MADISON PARK GROUP OWNER, LLC<br><br>Alleged Debtor. | Chapter 7<br>Case No. 10-11869 (KG)<br><br>**Related to Docket No. 86** |
| IN RE:<br><br>SLAZER ENTERPRISES OWNER, LLC<br><br>Alleged Debtor. | Chapter 7<br>Case No. 10-11870 (KG)<br><br>**Related to Docket No. 87** |

**THIRD ORDER AUTHORIZING iSTAR TARA LLC TO MAKE SECURED, PROTECTIVE ADVANCES ON BEHALF OF DEBTORS UNDER LOAN AGREEMENTS DURING "GAP PERIOD" IN INVOLUNTARY CASES**

Upon the motion, dated September 23, 2010 (the "Motion") of iStar Tara, LLC ("iStar") for an order pursuant to sections 105(a), 303(f), and 549 of title 11 of the United States Code (the

"Bankruptcy Code"), authorizing the extension by iStar of protective advances on behalf of FKF Madison Group Owner, LLC ("FKF"), JMJS 23rd Street Realty Owner, LLC ("JMJS"), Madison Park Group Owner, LLC ("Madison Park") and Slazer Enterprises Owner, LLC ("Slazer," and together with FKF, JMJS, and Madison Park, the "Debtors") secured by the Debtors' real and personal property; and adequate notice thereof having been given; and upon due deliberation and good and sufficient cause appearing therefor; it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that iStar is authorized (i) to immediately make protective advances under the Loan Agreements on behalf of the Debtors through the Receiver, the Managing Agent or directly to the Debtors' contractors in accordance with the Third Critical Expenses Budget annexed hereto as Exhibit A; and it is further

ORDERED that all protective advances made by iStar pursuant to this Order shall be secured by non-avoidable liens and security interests in the Debtors' property pursuant to, and having the same priority and validity as the liens granted by, any or all of the existing mortgages and collateral documents between iStar and the Debtors, as the same may be hereafter amended; provided, however, if orders for relief are entered in these cases and, thereafter, all of iStar's existing liens and security interests under all of its mortgages and other collateral documents with respect to such property are avoided in their entirety, the liens and security interests authorized by this paragraph shall nevertheless be valid liens and security interests in all of the Debtors' property subordinate solely to all valid, perfected, non-avoidable liens on such property that were in existence immediately before the filing of the involuntary petitions in these cases; and it is further

ORDERED that all protective advances made by iStar pursuant to this Order shall constitute value given after the commencement of these cases but before the orders for relief in exchange for the granting of liens and security interests in the Debtors' property, as permitted by section 549(b) of the Bankruptcy Code; and it is further

ORDERED that all disbursements of funds made by the Receiver under the Third Critical Expenses Budget are necessary to preserve the Building in compliance with section 543(a) of the Bankruptcy Code; and it is further

ORDERED that the rights of Bovis Lend Lease LMB, Inc. under the AIA Agreement (as defined in the Motion) are preserved and unimpaired by the entry of this order and any actions taken pursuant hereto.

Dated: **OCTOBER 6**

_____
UNITED STATES BANKRUPTCY JUDGE

#845581v1

84472877v1    3