# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>FKF MADISON PARK GROUP OWNER, LLC<br><br>Alleged Debtor. | Chapter 7 Case No. 10-11867 (KG) |
| IN RE:<br><br>JMJS 23RD STREET REALTY OWNER, LLC<br><br>Alleged Debtor. | Chapter 7 Case No. 10-11868 (KG) |
| IN RE:<br><br>MADISON PARK GROUP OWNER, LLC<br><br>Alleged Debtor. | Chapter 7 Case No. 10-11869 (KG) |
| IN RE:<br><br>SLAZER ENTERPRISES OWNER, LLC<br><br>Alleged Debtor. | Chapter 7 Case No. 10-11870 (KG)<br>**Hearing Date: TBD**<br>**Obj. Deadline: TBD** |

## EMERGENCY MOTION FOR IMMEDIATE ENTRY OF ORDERS FOR RELIEF AND CONVERSION OF CASES FROM CHAPTER 7 TO CHAPTER 11

Petitioning Creditors Stephen Kraus, Mitchell Kraus, Barbara Kraus and Kraus Hi-Tech Home Automation, Inc. (collectively, the "Petitioning Creditors"), by and through their undersigned counsel, hereby submit the Motion for Immediate Entry of Orders for Relief and Conversion of Cases from Chapter 7 to Chapter 11 (the "Motion"). In support of the Motion, the Petitioning Creditors respectfully represent as follows:

## BACKGROUND

1. On June 8, 2010 (the "<u>Petition Date</u>"), Petitioning Creditors commenced these involuntary chapter 7 cases (the "<u>Chapter 7 Cases</u>") by filing petitions for relief (collectively, the "<u>Petitions</u>") against FKF Madison Park Group Owner, LLC, JMJS 23rd Street Realty Owner, LLC, Madison Park Group, LLC and Slazer Enterprises Owner, LLC (collectively, the "<u>Alleged Debtors</u>").

2. After the filing of the Petitions, several additional creditors of the Alleged Debtors filed joinders to the Petitions.

3. On or about June 29, 2010, the Alleged Debtors filed a motion to dismiss the Petitions (the "<u>Motion to Dismiss</u>"). To date, a hearing on the Motion to Dismiss had not been concluded.

4. On November 18, 2010, the Alleged Debtors filed a Withdrawal of Motion to Dismiss Involuntary Petitions, Notice of Non-Opposition to Entry of Order for Relief, and Joinder in Motion to Convert Cases to Chapter 11 Cases (the "<u>Notice of Withdrawal</u>"). In the Notice of Withdraw the Alleged Debtors state that they do not intend to controvert the Petitions or entry of orders for relief.

5. For the reasons set forth below, the Petitioning Creditors seek immediate entry of orders for relief.

6. By way of this Motion, the Petitioning Creditors further seek conversion of the Chapter 7 Cases (the "<u>Conversion Relief</u>") to proceedings under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, (the "<u>Bankruptcy Code</u>"). In the Notice of Withdrawal, the Alleged Debtors further state that they consent to, and join in requesting, the

Conversion Relief. Accordingly, the immediate entry of orders converting the Chapter 7 Cases to chapter 11 cases is appropriate.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

8. The statutory and legal predicates for the relief requested herein are sections 101, 303 and 706 of the Bankruptcy Code, and Rule 1013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RELIEF REQUESTED

9. By this Motion, Petitioning Creditors respectfully request: (i) immediate entry of orders for relief, (ii) entry of an order, a proposed form of which is attached as Exhibit "A" hereto, (x) converting the Chapter 7 Cases to cases under chapter 11 of the Bankruptcy Code; and (y) granting such other and further relief that the Court deems just and proper.

## BASIS FOR RELIEF

**A. The Court Should Immediately Enter Orders for Relief in the Chapter 7 Cases Because the Alleged Debtors Have Filed the Notice of Withdrawal.**

10. Section 303(h) of the Bankruptcy Code provides that if an involuntary petition is not timely controverted, the court "*shall* order relief against the debtor in an involuntary case under the chapter under which the petition was filed." (Emphasis added). Bankruptcy Rule 1013(b) provides that if no defense to an involuntary petition is timely filed then the court, "on the next day or as soon thereafter as practicable, *shall* enter an order for the relief requested in the petition." (Emphasis added). The statutory language is mandatory and removes the court's discretion with respect to entry of orders for relief.

11. Since the Alleged Debtors have filed the Notice of Withdrawal and stated therein that they do not intend to controvert the petitions, the Court can and should deem any answer or response deadline to have expired and, following the strictures of the Bankruptcy Code and the Bankruptcy Rules, immediately enter the orders for relief. Petitioning Creditors believe the Court can take this action without the need for a hearing given the mandatory language of Bankruptcy Code section 303(h) and Bankruptcy Rule 1013(b).

B. **Upon Entry of Orders for Relief the Chapter 7 Cases Should Be Converted to Chapter 11 Cases.**

12. In addition to entry of orders for relief, Petitioning Creditors seek entry of an order converting the Chapter 7 Cases to cases under chapter 11 of the Bankruptcy Code. Section 706 of the Bankruptcy Code governs conversion of a chapter 7 case to a case under chapter 11, 12 or 13.

i. **The Chapter 7 Cases Should Be Converted Immediately Pursuant to Section 706(a) Because the Alleged Debtors Join in the Conversion Relief.**

13. As mentioned above, by way of the Notice of Withdrawal, the Alleged Debtors have consented to and joined in requesting the Conversion Relief sought by this Motion. Bankruptcy Code section 706(a) provides that the debtor may convert a case under chapter 7 to a case under chapter 11, 12 or 13 at any time, if the case has not previously been converted under section 1112, 1307 or 1208. 11 U.S.C. § 706(a). Courts within the Third Circuit have held that a debtor's right to convert under section 706(a)--while not absolute--should be denied only in the event of bad faith by the debtor or where conversion is sought for an illegitimate purpose. *See, e.g., In re Porreco*, 333 B.R. 310 (Bankr. W.D. Pa. 2005) (conversion to chapter 13); *In re Pakuris*, 262 B.R. 330 (Bankr. E.D. Pa. 2001) (conversion to chapter 13).

14. Here, conversion is not sought for an illegitimate purpose or in bad faith. Rather, the Alleged Debtors have formulated a fully funded and concrete reorganization strategy that will be on display at the inception of their chapter 11 cases.[1] To fund the chapter 11 cases through confirmation of a joint plan of reorganization (the "Joint Plan"), the Alleged Debtors have secured a commitment for a debtor-in-possession financing facility (the "DIP Loan"). Contemporaneously herewith, the Alleged Debtors have filed motions to approve the DIP Loan and other more administrative "first day" motions. The Alleged Debtors will promptly file the Joint Plan and an accompanying disclosure statement (the "Disclosure Statement"). The proposed Joint Plan provides for: (i) payment in full over time of the allowed secured claim of iStar Tara LLC, (ii) partial payment of the allowed claims of holders of mechanic's liens on the Property, and (iii) the potential for recovery to allowed general unsecured claims against the Alleged Debtors.

15. Accordingly, the Chapter 7 Cases should be converted to chapter 11 cases immediately and without need for notice or hearing.

    ii. **In the Alternative, the Chapter 7 Cases Should Be Converted Pursuant to Section 706(b) Because Conversion Will Most Inure to the Benefit of All Parties in Interest.**

16. A "party in interest" may request conversion of a chapter 7 case to one under chapter 11. Bankruptcy Code section 706(b) provides that after notice and a hearing, a bankruptcy court may convert a chapter 7 case to a case under chapter 11 on the request of a party in interest. Although the term "party in interest" is not defined in section 706, Bankruptcy Code section 1109(b) provides examples of parties in interest, including creditors of a debtor. As creditors, the Petitioning Creditors have standing to seek relief under section 706(b).

---

[1] Annexed hereto as Exhibit B is a copy of the Plan Support Agreement entered into by and among the Alleged Debtors and various other parties.

5

17. Bankruptcy courts have broad discretionary powers under Bankruptcy Code section 706(b) to convert a case from chapter 7 to chapter 11. *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1161 (5th Cir. 1988). The decision is based on "what will most inure to the benefit of all parties in interest." *Id.* In this regard, courts have considered (i) whether the debtor has a business to reorganize, (ii) the debtor's assets and business operations, and (iii) whether a separate business infrastructure exists. *In re Lenhartz*, 263 B.R. 331, 335 (Bankr. D. Idaho 2001) (denying creditor's motion to convert where individual debtors had no business or assets to reorganize other than their wages and salaries); *Thompson v. Daluise (In re Wet-Jet Int'l Inc.)*, 235 B.R. 142, 153 (Bankr. D. Mass. 1999) (denying motion to convert of minority shareholders where debtor had no significant assets and no business operations). *In re Noonan*, 17 B.R. 793 (Bankr. S.D.N.Y. 1982) (denying motion of Arista Records to convert voluntary chapter 7 case of debtor-musician to chapter 11 whereby Arista proposed to fund a plan of reorganization which contemplated the assumption of the debtor-musician's personal services contract without the debtor's consent.)

18. In the section 706(b) context, court have also examined whether conversion from chapter 7 to chapter 11 will "inure to the benefit of all parties in interest, including both creditors and debtors." *In re Ryan*, 267 B.R. 635, 638 (Bankr. N.D. Iowa 2001). Such courts have used the factors considered under section 1112(b) as a guidepost. *Id.* In the Third Circuit, it is settled that the section 1112(b)[2] list is not exhaustive and courts should "consider other factors as they arise." *In re Brown*, 951 F.2d 564, 572 (3rd Cir. 1991). As the Third Circuit observed in *Brown*, the factors articulated in section 1112(b) beckon the court to a consider whether there is a "reasonable possibility of a successful reorganization within a

---

[2] 11 U.S.C. § 1112(b) provides that, on request from a party in interest, the court may dismiss a case "for cause including-(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation; or (2) inability to effectuate a plan." 11 U.S.C. § 1112(b).

reasonable time." *Id.* quoting *United Sav. Ass'n v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 376, 108 S.Ct. 626, 632 (1988).

19. Unlike the conversion motions of the disgruntled creditors and minority shareholders in *Lenhartz, Wet-Jet,* and *Noonan, supra,* the Petitioning Creditors' motion to convert is not an attempt to compel an unwilling and unable debtor to reorganize. Nor do the Alleged Debtors' reorganization prospects rest on speculative schemes or unsubstantiated hopes. As described above, the Alleged Debtors have formulated a fully funded and comprehensive reorganization strategy that is set forth in the Joint Plan. Further, the Alleged Debtors have secured a commitment for debtor-in-possession financing necessary to fund operating expenses and chapter 11 administrative expenses pending a hearing to confirm the Joint Plan.

20. In light of the circumstances, the interests of all parties in interest are better served by reorganization under chapter 11 than by a liquidation under chapter 7. Simply put, the recoveries to all creditors contemplated under the Joint Plan are not obtainable in a chapter 7 liquidation of the Alleged Debtors' assets through foreclosure by the Alleged Debtors senior lender, iStar Tara LLC, or otherwise. Accordingly, the Court should convert the Chapter 7 cases to proceedings under chapter 11 of the Bankruptcy Code.

21. The Petitioning Creditors believe the Court can grant the Conversion Relief without need for a hearing. If the Court determines a hearing is necessary, Petitioning Creditors request that such hearing be scheduled on an expedited basis.

## **NOTICE**

22. Notice of this Motion has been provided to: (i) counsel to the Alleged Debtors; (ii) the Office of the United States Trustee for the District of Delaware; (iii) counsel to

iStar Tara LLC; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002. Petitioning Creditors respectfully submit that no other or further notice is required.

## CONCLUSION

WHEREFORE, Petitioning Creditors respectfully request (i) that the Court immediately note entries of order for relief on the dockets of the Chapter 7 Cases, (ii) entry of an order, a proposed form of which is attached as Exhibit "A" hereto: (x) converting the Chapter 7 Cases to cases under chapter 11 of the Bankruptcy Code; and (y) granting such other and further relief that the Court deems just and proper.

Dated: November 18, 2010　　　　　　　　**BUCHANAN INGERSOLL & ROONEY PC**

Wilmington, Delaware

　　　　　　　　　　　　　　　　　　/s/　Mary F. Caloway
　　　　　　　　　　　　　　　　　　Mary F. Caloway (No. 3059)
　　　　　　　　　　　　　　　　　　Mona A. Parikh (No. 4901)
　　　　　　　　　　　　　　　　　　1000 West Street, Suite 1410
　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　　Telephone: (302) 552-4200
　　　　　　　　　　　　　　　　　　Facsimile: (302) 552-4295
　　　　　　　　　　　　　　　　　　Email:　mary.caloway@bipc.com
　　　　　　　　　　　　　　　　　　　　　　mona.parikh@bipc.com

　　　　　　　　　　　　　　　　　　*Attorneys for Petitioning Creditors*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>FKF MADISON PARK GROUP OWNER, LLC<br><br>Alleged Debtor. | Chapter 7 Case No. 10-11867 (KG)<br><br>Dkt. Ref. No. ___ |
| IN RE:<br><br>JMJS 23RD STREET REALTY OWNER, LLC<br><br>Alleged Debtor. | Chapter 7 Case No. 10-11868 (KG)<br><br>Dkt. Ref. No. ___ |
| IN RE:<br><br>MADISON PARK GROUP OWNER, LLC<br><br>Alleged Debtor. | Chapter 7 Case No. 10-11869 (KG)<br><br>Dkt. Ref. No. ___ |
| IN RE:<br><br>SLAZER ENTERPRISES OWNER, LLC<br><br>Alleged Debtor. | Chapter 7 Case No. 10-11870 (KG)<br><br>Dkt. Ref. No. ___ |

## ORDERS FOR RELIEF UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

Upon consideration of the Emergency Motion for Immediate Entry of Orders for Relief and Conversion of Cases from Chapter 7 to Chapter 11 (the "Motion");[1] and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that

---

[1] Capitalized terms used but not otherwise defined herein shall carry the same meanings as ascribed to them in the Motion.

venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor; it is hereby:

ORDERED, that the portion of the Motion seeking immediate entry of orders for relief is GRANTED; and it is further

ORDERED, that entry of this Order shall serve as orders for relief in each of the above captioned Chapter 7 Cases; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: November \_\_\_\_, 2010
      Wilmington, Delaware

The Honorable Kevin Gross
United States Bankruptcy Judge