UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>FKF MADISON PARK GROUP OWNER, LLC<br><br>　　　　Alleged Debtor. | Chapter 7 Case No. 10-11867 (KG) |
| IN RE:<br><br>JMJS 23RD STREET REALTY OWNER, LLC<br><br>　　　　Alleged Debtor. | Chapter 7 Case No. 10-11868 (KG) |
| IN RE:<br><br>MADISON PARK GROUP OWNER, LLC<br><br>　　　　Alleged Debtor. | Chapter 7 Case No. 10-11869 (KG) |
| IN RE:<br><br>SLAZER ENTERPRISES OWNER, LLC<br><br>　　　　Alleged Debtor. | Chapter 7 Case No. 10-11870 (KG)<br><br>**Hearing Date: Dec. 2, 2010 @ 10:00 a.m.**<br>**Obj. Deadline: Nov. 18, 2010**<br>**(by agreement)** |

## OBJECTION TO MOTION OF ISTAR TARA LLC
## FOR RELIEF FROM THE AUTOMATIC STAY

Petitioning Creditors Stephen Kraus, Mitchell Kraus, Barbara Kraus and Kraus Hi-Tech Home Automation, Inc. (collectively, the "Petitioning Creditors"), by and through their undersigned counsel, hereby submit this objection (the "Objection") to the Motion of iStar Tara LLC for Relief from the Automatic Stay (the "iStar Motion"). In support of the Objection, the Petitioning Creditors respectfully represent as follows:

## BACKGROUND

1.  On June 8, 2010 (the "Petition Date"), Petitioning Creditors commenced these involuntary chapter 7 cases (the "Chapter 7 Cases") by filing petitions for relief (collectively, the "Petitions") against FKF Madison Park Group Owner, LLC, JMJS 23rd Street Realty Owner, LLC, Madison Park Group, LLC and Slazer Enterprises Owner, LLC (collectively, the "Alleged Debtors").

2.  After the filing of the Petitions, several additional creditors of the Alleged Debtors filed joinders to the Petitions.

3.  On or about June 29, 2010, the Alleged Debtors filed a motion to dismiss the Petitions (the "Motion to Dismiss"). To date, a hearing on the Motion to Dismiss has not been concluded.

4.  Concurrently herewith, the Petitioning Creditors have filed a motion (the "Conversion Motion") seeking immediate entry of orders for relief followed by conversion of the Chapter 7 Cases to proceedings under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, (the "Bankruptcy Code").

5.  The Alleged Debtors have also filed concurrently their Withdrawal Of Opposition To Involuntary Petitions, Notice Of Non-Opposition To Entry Of Order For Relief, And Joinder In Motion To Convert To Cases To Chapter 11 Cases (the "Notice of Withdrawal") In the Notice of Withdrawal, the Alleged Debtors state that (i) they do not intend to file an answer or otherwise controvert the Petitions or the entry of orders for relief and (ii) affirmatively join in the Petitioning Creditors motion to convert the Chapter 7 Cases to chapter 11 cases.

6. Upon conversion, the Alleged Debtors (as chapter 11 debtors in possession ("Debtors") will be filing motions to approve a debtor in possession financing facility ("DIP Financing") and other administrative "first day" type relief. Moreover, the Debtors will be filing a proposed plan of reorganization (the "Joint Plan") and an accompanying disclosure statement (the "Disclosure Statement"), along with a motion to approve the adequacy of the information contained in the Disclosure Statement and the solicitation procedures contained therein.

## **OBJECTION TO ISTAR MOTION**

7. By the iStar Motion, iStar seeks relief from the automatic stay to allow iStar to proceed with the Foreclosure Action (as defined in the iStar Motion). The relief requested in the iStar Motion is not warranted under the facts of this case or applicable law.

8. iStar makes two primary arguments in support of stay relief. First, it argues that the stay should be modified due to a lack of adequate protection in that the Alleged Debtors lack the funds necessary to preserve and maintain the Property. Second, it argues that the Property is not necessary to an effective reorganization because these are chapter 7 cases. As demonstrated below, both arguments fail.

9. In order to demonstrate a lack of adequate protection, iStar must provide evidence that the value of its collateral is declining in value. *See*, *In re Epic Capital Corporation*, 290 B.R. 514 (Bankr. D. Del. 2003) (Undersecured creditor entitled to adequate protection only where there is evidence that the collateral value is decreasing); *Matter of Continental Airlines*, 146 B.R. 536, 539 (Bankr. D. Del. 1992) ("… courts have uniformly required a movant seeking adequate protection to show a decline in the value of its collateral.").

10. As noted above, the Chapter 7 Cases will be converted to cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Alleged Debtors have secured DIP Financing to fund the Chapter 11 Cases through confirmation of the Plan. The budget included as part of the DIP Financing includes payments to maintain and preserve the Property in much the same manner as the protective advances previously made by iStar. iStar has acknowledged that payment of the critical operating expenses through its protective advances *will prevent* a decline in the value of its collateral. *See*, Affidavit of John F. Kubicko in Support of Motion of iStar Tara LLC for Relief from Automatic Stay to Foreclose on Mortgaged Property, at ¶ 26 ("[o]f course, halting the protective advances is not a viable option either because such funding is necessary to pay critical expenses of the Building which, if left unpaid, would result in a precipitous decline in the value of the Building . . . )" Accordingly, the payment of the critical operating expenses will preserve the value of the Property and thereby adequately protect iStar's interest pending confirmation of the Plan.

11. Since the DIP Financing will provide the funding necessary to preserve the Property, and the value of its collateral will be maintained, iStar's interests will be adequately protected during the confirmation process. Accordingly, iStar's argument under Bankruptcy Code section 362(d)(1) must fail.

12. iStar's second argument relies on Bankruptcy Code section 363(d)(2), which provides that stay relief may be obtained when a debtor has no equity in the property *and* it is not necessary to an effective reorganization. (emphasis added). Both prongs of section 362(d)(2) must be satisfied before relief can be granted. *In re Kim*, 2008 WL 442120 (Bankr. D.N.J. 2008) (citing *Nazareth Nat'l Bank v. Trina-Dee, Inc.*, 731 F.2d 170, 171 (3d Cir. 1984));

(Relief from stay is appropriate if movant shows that the debtor does not have an equity in the property **and** the property is not necessary for an effective reorganization) (emphasis added).

13. iStar argues that because there is no equity in the Property and these cases are pending under chapter 7 of the Bankruptcy Code, there is no chance of a reorganization and thus section 362(d)(2) is satisfied. While the facts in existence at the time iStar filed the iStar Motion may have supported its argument, the landscape has shifted dramatically since then. The Chapter 7 cases will be converted to the Chapter 11 Cases, effectively negating half of iStar's argument.

14. The United States Supreme Court has explained that the second prong of section 362(d)(2) requires a debtor to show that there is "a reasonable probability of a successful reorganization within a reasonable time." *United Sav. Ass'n v. Timbers of Inwood Forest Assoc. Ltd.*, 484 U.S. 365, 376 (1988). Courts have adopted a sliding scale standard depending upon the length of time the bankruptcy case has been pending to determine how much a debtor must prove under this test, and when a case is in its infancy, as these chapter 11 cases are, the burden on opposing stay relief to demonstrate that property is necessary for an effective reorganization is lessened. *In re Sun Valley Newspapers, Inc.*, 171 B.R. 71, 75 (9th Cir. BAP 1994) (citing, *In re Holly's, Inc.*, 140 B.R. 643, 700 (Bankr. W. D. Mich. 1992) (the burden of proof under section 362(d)(2)(B) is a "moving target which is more difficult to attain as the Chapter 11 case progresses"); *In re Kerns*, 111 B.R. 777 (S.D. Ind. 1990) (debtor need only satisfy relaxed showing when case is in its infancy); *In re Wisler, Inc.*, 74 B.R. 111, 116-117 (Bankr. S.D. Iowa 1986) (where case is in its infancy, a lesser showing of effective reorganization required).

15. In this instance, it is undisputable that (i) the Property is absolutely essential for an effective reorganization of the Debtors and (ii) that there is a reorganization in prospect.

16. The continued development of the Property and future revenues from the sale of units therein are the backbone of the Joint Plan and will provide a basis for potential recovery to the Debtors' creditors. Simply put, without the Property, there is no Joint Plan.

17. It is not even necessary that the party opposing the stay relief motion show that a plan is on file to demonstrate a reorganization in prospect. *In re Ledgemere Land Corp.*, 125 B.R. 58, 64 (Bankr. D. Mass 1991). But here, the Debtors will file the Plan and Disclosure Statement upon conversion of the Chapter 7 Cases to chapter 11 cases. A prompt hearing will be sought to approve the adequacy of the information contained in the Disclosure Statement and the related solicitation procedures. The sponsors of the Joint Plan and the Debtors will work diligently to shepherd the confirmation process through in a timely and efficient manner. The timeline for reorganization is but a few months; certainly a reasonable amount of time.

18. The prospects of reorganization are further solidified because the Debtors have secured postpetition financing to pay necessary operating expenses for the Property and chapter 11 administrative expenses. *See, Epic Capital Corporation, supra* (there was reasonable prospect of reorganization within a reasonable time because, among other things, the chapter 11 trustee had obtained postpetition financing to pay wages, salaries, operating expenses, accrued professional fees, and other expenses necessary to preserve the Debtors' assets.)

19. For the foregoing reasons, iStar's section 362(d)(2) argument must fail.

20. If the Court grants iStar's motion, the Debtors' estates will be stripped of almost all their value generating assets and the prospect of recovery by creditors other than iStar

will be all but eliminated. The interests of the Debtors' estates and their creditors mandate that stay relief not be awarded at this time.

21. In accordance with Local Bankruptcy Rule 4001-1, the Petitioning Creditors have attached the Affidavit of Ian Bruce Eichner setting forth good faith estimates of (a) the amounts due to iStar by the Debtors and (b) the value of the Property as of the Petition Date. Petitioning Creditors submit that the statement required by Local Bankruptcy Rule 4001-1(ii)(C) is included within the body of this response.

22. Local Bankruptcy Rule 4001-1(iii) provides that the hearing date specified in the notice of motion - i.e. - December 2, 2010 - shall be a preliminary hearing at which time the Court may, among other things, hear oral argument and determine whether an evidentiary hearing is required. The Local Rule further provides that the Court may, at the preliminary hearing, set a date by which the parties must produce appraisal reports and set a final hearing date. In reliance on the terms of the Local Rule, iStar declined a request by Petitioning Creditors for a copy of the appraisal referenced in the iStar Motion. As a result, Petitioning Creditors are not in a position to adequately prepare for a final hearing on the merits of the iStar Motion. Accordingly, Petitioning Creditors submit that the December 2nd hearing may only proceed as a preliminary hearing and that an evidentiary hearing should be scheduled unless the Court determines after oral argument, and as argued hereinabove, that the iStar motion should fail at the outset.

## CONCLUSION

WHEREFORE, Petitioning Creditors respectfully request that the Court enter an order denying iStar's Motion and granting such other and further relief that the Court deems just and proper.

Dated: November 18, 2010  **BUCHANAN INGERSOLL & ROONEY PC**
      Wilmington, Delaware

/s/ Mary F. Caloway
Mary F. Caloway (No. 3059)
Mona A. Parikh (No. 4901)
1000 West Street, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295
Email: mary.caloway@bipc.com
       mona.parikh@bipc.com

*Attorneys for Petitioning Creditors*