# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>FKF MADISON PARK GROUP OWNER, LLC<br><br>Alleged Debtor. | Chapter 7 Case No. 10-11867 (KG) |
| IN RE:<br><br>JMJS 23RD STREET REALTY OWNER, LLC<br><br>Alleged Debtor. | Chapter 7 Case No. 10-11868 (KG) |
| IN RE:<br><br>MADISON PARK GROUP OWNER, LLC<br><br>Alleged Debtor. | Chapter 7 Case No. 10-11869 (KG) |
| IN RE:<br><br>SLAZER ENTERPRISES OWNER, LLC<br><br>Alleged Debtor. | Chapter 7 Case No. 10-11870 (KG) |

## AFFIDAVIT OF IAN BRUCE EICHNER IN OPPOSITION TO THE MOTION OF ISTAR TARA LLC FOR RELIEF FROM THE AUTOMATIC STAY TO FORECLOSE ON MORTGAGED PROPERTY

STATE OF NEW YORK      )
                                              ss.:
COUNTY OF NEW YORK  )

IAN BRUCE EICHNER, being duly sworn, deposes, and says:

I am Chief Executive Officer of The Continuum Company ("TCC"). I am submitting this affidavit, pursuant to Rule 4001-1(ii) of the Local Rules of Bankruptcy Practice and Procedure of

the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), in support of the objection (the "Objection") to the Motion of iStar Tara LLC for Relief from the Automatic Stay (the "Motion"). I am fully familiar with the facts and circumstances herein. Except as otherwise indicated, all facts set forth in this affidavit are based upon (a) my personal knowledge, (b) my review of relevant documents, (c) information supplied to me by other principals of TCC or its affiliates or professionals retained by TCC, or (d) my opinion based upon my experience and knowledge.

1. These chapter 7 cases (the "Chapter 7 Cases") were commenced against the above-captioned Alleged Debtors on June 8, 2010 when Stephen Kraus, Mitchell Kraus, Barbara Kraus and Kraus Hi-Tech Home Automation, Inc. (collectively, the "Petitioning Creditors") filed involuntary chapter 7 petitions (the "Petitions") against the Alleged Debtors. After the filing of the Petitions, several additional creditors of the Alleged Debtors filed joinders to the Petitions.

2. On or about June 29, 2010, the Alleged Debtors filed a motion to dismiss the Petitions (the "Motion to Dismiss"). To date, a hearing on the Motion to Dismiss had not been concluded.

3. On November 18, 2010, the Alleged Debtors filed a Withdrawal Of Opposition To Involuntary Petitions, Notice Of Non-Opposition To Entry Of Order For Relief, And Joinder In Motion To Convert Cases To Chapter 11 Cases (the "Notice of Withdrawal"). In the Notice of Withdraw the Alleged Debtors state that they do not intend to file an answer or otherwise contest the Petitions or the entry of orders for relief.

4. Contemporaneously with the filing of the Notice of Withdrawal, the Petitioning Creditors filed a motion (the "Conversion Motion") seeking immediate entry of orders for relief followed by the entry of orders converting the Chapter 7 Cases to proceedings under chapter 11

of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, (the "Bankruptcy Code"). The Alleged Debtors have consented to and joined in the relief requested in the Conversion Motion. As of the filing of this affidavit, the Court has not yet ruled on the Conversion Motion. Attached to the Conversion Motion as Exhibit B is a plan support agreement between the Alleged Debtors, Ira Shapiro, Mad 52 LLC, Stephen Kraus, Mitchell Kraus and New One Madison Park Member I, LLP (the "PSA"). Pursuant to the terms of the PSA, the parties thereto agree to support a joint plan of reorganization (the "Joint Plan") which provides for, among other things, the continued development of the Property (as defined in the Objection) by the Reorganized Debtor (as defined in the PSA), restructuring of iStar's secured debt, partial payments to mechanics' lien claimants and a potential recovery to unsecured creditors. It is my understanding that the Joint Plan will be filed promptly, along with an accompanying disclosure statement.

5. I further understand that the Alleged Debtors will contemporaneously herewith be filing motions to approve a debtor in possession financing facility ("DIP Financing") and other administrative "first day" type relief.

6. An entity that I control will be providing the DIP Financing and is also acting as a sponsor of the Joint Plan. Under the terms of the Joint Plan, the Reorganized Debtor will enter into a development agreement with TCC or its designee for the continued development of the Property.

7. In accordance with Local Rule 4001-1(ii)(B), I hereby state that (a) the amounts due to iStar Tara LLC by the Alleged Debtors are not significantly different from the amounts set forth in the Motion, and (b) my good faith estimate of the value of the Property is approximately $124.5 million.


Ian Bruce Eichner

Sworn to before me this

18th day of November, 2010

Notary Public

SHARON H. McCULLOCH
Notary Public, State of New York
No. 01MC6224121
Qualified in New York County
Commission Expires: June 28, 2014