UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>FKF MADISON PARK GROUP OWNER, LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 10-11867 (KG) |
| IN RE:<br><br>JMJS 23RD STREET REALTY OWNER, LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 10-11868 (KG) |
| IN RE:<br><br>MADISON PARK GROUP OWNER, LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 10-11869 (KG) |
| IN RE:<br><br>SLAZER ENTERPRISES OWNER, LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 10-11870 (KG)<br><br>**Hearing Date and Time: TBD**<br>**Objection Deadline: TBD** |

## MOTION OF ISTAR TARA LLC FOR RECONSIDERATION OF ORDER CONVERTING CASES FROM CHAPTER 7 TO CHAPTER 11

iStar Tara LLC ("iStar"), through its undersigned counsel, submits this motion pursuant to Fed. R. Bankr. P. 9023 for reconsideration of the Court's Order Converting Cases from

Chapter 7 to Chapter 11, entered on November 19, 2010 in each of the above-captioned Debtors' cases (the "Conversion Order") and respectfully represents as follows:

## BACKGROUND

1. On November 18, 2010, Stephen Kraus, Mitchell Kraus, Barbara Kraus and Kraus Hi-Tech Home Automation, Inc., each petitioning creditors in these involuntary bankruptcy cases (collectively, the "Krause Petitioners"), filed their *Emergency Motion for Immediate Entry of Orders for Relief and Conversion of Cases from Chapter 7 to Chapter 11* (ECF Doc. 112 in case no. 10-11870-KG)[1] (the "Conversion Motion"). That same day, the law firm of Pachulski, Stang, Ziehl, Young & Jones LLP ("Pachulski")[2] filed a joinder, purportedly on behalf of the Debtors, in the Conversion Motion (the "Joinder") supporting the relief requested therein. *See Debtors' Withdrawal of Motion to Dismiss Involuntary Petitions, Notice of Non-Opposition to Entry of Order for Relief, and Joinder in Motion to Convert Cases to Chapter 11 Cases.* (ECF Doc. 111.)

2. On November 19, 2010, in apparent reliance on the Joinder and section 706(a) of the Bankruptcy Code which authorizes a debtor to convert its chapter 7 case to a case under chapter 11, the Court entered the Conversion Order without a hearing.

3. On November 22, 2010, iStar, through its counsel, received a letter from Bruce H. Beckmann, Esq., of Beckmann & Associates LLC (the "Beckmann Letter") advising respective counsel at Saul Ewing LLP and Pachulski, that various filings in the Court purportedly made on behalf of the Debtors in furtherance of a chapter 11 plan were not properly authorized. The

---

[1] All references herein to ECF document numbers are to the docket in the chapter 11 case of Slazer Enterprises Owner, LLC, No. 10-11870 (KG).

[2] Prior to the filing of Conversion Motion, the law firms Saul Ewing LLP and Joseph Haspel, PLLC appeared on behalf of the Debtors.

Beckmann Letter alleges that such filings were, in fact, authorized solely by Ira Shapiro and made without the consent of Green Bridge Capital S.A. and Special Situation S.A., which hold, the Beckmann Letter further alleges, 35% and 32.5%, respectively, of the voting rights in Slazer Enterprises LLC ("Slazer Enterprises"), the manager of each of the Debtors.[3]

4. On November 29, 2010, Saul Ewing LLP and Joseph Haspel PLLC filed their *Motion to Withdraw as Counsel to the Above Captioned Debtors* (ECF Doc. 118) (the "Motion to Withdraw") and attached a copy of the Beckmann Letter as Exhibit A thereto. A hearing on the Motion to Withdraw is presently scheduled before the Court on December 2, 2010 at 9:30 a.m.

5. Following receipt of the Beckmann Letter, iStar discussed the subject matter thereof with Mr. Beckmann and reviewed relevant organizational documents of Slazer Enterprises and of the Debtors, including, in particular, those documents addressing the voting rights of the various holders of membership interests in the Debtors. It appears to iStar that Ira Shapiro, acting singly, lacks authority to cause the filing of the Joinder and other documents on behalf of the Debtors. Consequently, iStar submits that the Court entered the Conversion Order based on the apparently incorrect assumption that the Debtors had properly consented to conversion.

## RELIEF REQUESTED

6. By this motion, iStar respectfully requests that the Court reconsider the Conversion Order pursuant to Federal Rule of Bankruptcy Procedure 9023 and schedule a hearing to consider the Conversion Motion pursuant to section 706(b) of the Bankruptcy Code.

---

[3] On November 30, 2010, iStar, through its counsel, received a substantially similar letter to the Beckmann Letter from Scott J. Steiner, Esq., which advised respective counsel at Saul Ewing LLP and Pachulski that the Debtors' filings in furtherance of a chapter 11 plan were made without the requisite consent of the beneficial interest holders of the Debtor Madison Park Group Owner.

7.   iStar expects to meet with Pachulski and with Ian Bruce Eichner ("Eichner") and his counsel next week with respect to whether there exists any basis upon which a chapter 11 plan of reorganization might be negotiated. Because the instant motion is made under the time constraints of Bankruptcy Rule 9023 which time cannot be enlarged under Bankruptcy Rule 9006, iStar agreed with the parties that in the interest of fostering productive discussions among the parties, it would file the instant motion to reconsider the Conversion Order in abbreviated form and without attaching the supporting documents and other evidence that caused iStar to reach its conclusion regarding Shapiro's lack of authority to control the Debtors. The Debtors, through Pachulski, agreed that iStar could reserve all rights to supplement this motion, including the submission of additional legal, documentary and other evidentiary support, when it is appropriate to do so and that the Debtors would not object to such supplementation.

8.   It is also iStar's understanding that Eichner does not object to iStar proceeding in this fashion. Finally, it is iStar's understanding that both the Debtors and Eichner agree that iStar's rights to seek reconsideration of the Conversion Order will not be prejudiced by any determination the Court may make with respect to the Motion to Withdraw.

## RESERVATION OF RIGHTS

9.   Accordingly, iStar expressly reserves any and all rights to seek any additional or further relief related to this motion and to supplement this motion or to seek relief under Fed. R. Bankr. P. 9024 as and when appropriate.

WHEREFORE, for the reasons set forth herein, iStar respectfully requests that the Court reconsider the Conversion Order and grant such other relief as is just and proper.

Dated: December 1, 2010
        CONNOLLY BOVE LODGE & HUTZ LLP

Jeffrey C. Wisler (Del. Bar No. 2795)
Marc J. Phillips (Del. Bar No. 4445)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141

- and -

Jeff J. Friedman (admitted pro hac vice)
Matthew D. Parrott (admitted pro hac vice)
Arthur S. Linker (admitted pro hac vice)
Matthew W. Olsen (admitted pro hac vice)
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022
212-940-8800

*Attorneys for iStar Tara LLC*

#975683v1