**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:<br><br>FKF MADISON PARK GROUP OWNER, LLC<br><br>Debtor. | Chapter 11 Case No. 10-11867 (KG) |
| IN RE:<br><br>JMJS 23RD STREET REALTY OWNER, LLC<br><br>Debtor. | Chapter 11 Case No. 10-11868 (KG) |
| IN RE:<br><br>MADISON PARK GROUP OWNER, LLC<br><br>Debtor. | Chapter 11 Case No. 10-11869 (KG) |
| IN RE:<br><br>SLAZER ENTERPRISES OWNER, LLC<br><br>Debtor. | Chapter 11 Case No. 10-11870 (KG) |

**Hearing Date: December 16, 2010 at 2:00 p.m. ET**
**Objection Deadline: December 9, 2010 at 4:00 p.m. ET**

**DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

The captioned debtors and debtors in possession (the "Debtors") hereby move (the "Motion") the Court for the entry of an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Del. Bankr. LR 1015-1, authorizing and directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes

only. In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Fed. R. Bankr. P. 1015(b), and Rule 1015-1 of the Local Rules of Bankruptcy *Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* ("Local Rules").

## Background

3. On June 8, 2010 (the "Petition Date"), involuntary chapter 7 petitions were filed in this Court against each of the Debtors by creditors Stephen Kraus, Mitchell Kraus, Barbara Kraus and Kraus Hi-Tech Home Automation, Inc. (the "Original Petitioning Creditors") thereby commencing against the Debtors involuntary chapter 7 cases (the "Chapter 7 Cases"). Various creditors subsequently joined in the involuntary petitions.[1] The Debtors filed a motion to dismiss the involuntary petitions (the "Dismissal Motion").

4. On November 18, 2010, the Petitioning Creditors filed a motion (the "Conversion Motion") seeking immediate entry of orders for relief followed by conversion of the Chapter 7 Cases to proceedings under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., (the "Bankruptcy Code").

[1] These creditors are: Joe Coffey, Harvey Schiller, Pace Plumbing, Gotham Greenwich Construction, LLC and Mad 52, LLC (the "Joining Creditors" together with the Original Petitioning Creditors, the "Petitioning Creditors")

5. On the same date, the Debtors filed concurrently their Withdrawal Of Opposition To Involuntary Petitions, Notice Of Non-Opposition To Entry Of Order For Relief, And Joinder In Motion To Convert To Cases To Chapter 11 Cases (the "Notice of Withdrawal") [Docket No. 113 in 10-11867, Docket No. 105 in 10-11868, Docket No. 106 in 10-11-11869, and 111 in 10-11870]. In the Notice of Withdrawal, the Debtors stated that (i) they did not intend to file an answer or otherwise controvert the Petitions or the entry of orders for relief and (ii) they affirmatively joined in the Petitioning Creditors motion to convert the Chapter 7 Cases to chapter 11 cases (the "Chapter 11 Cases").

6. On November 19, 2010, the Court entered orders for relief in the Chapter 7 Cases and entered orders converting the Chapter 7 Cases to Chapter 11 Cases (the "Conversion Date"). [Docket Nos. 119 in 10-11867, Docket No. 111 in 10-11868, Docket No. 112 in 10-11-11869, and 117 in 10-11870].

7. The New York Supreme Court prior to the Conversion Date appointed Jonathan H. Newman as the receiver of the Debtor's real property (the "Receiver"), at the behest of the Debtors' prepetition lender, iStar Tara, LLC ("iStar"). The Debtors intend to file a motion under section 543(b) of the Bankruptcy Code for turnover by the Receiver to the Debtors as debtors-in-possession. Subject to the receivership, the Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. No request has been made for the appointment of a trustee or an examiner in this case, and no official committee has yet been appointed by the Office of the United States Trustee.

**Relief Requested**

9. By this Motion, the Debtors seek entry of an order directing the joint administration of their chapter 11 cases and the consolidation thereof for procedural purposes only.

10. The Debtors also request that the caption of their chapter 11 cases be modified to reflect the joint administration of these chapter 11 cases substantially as follows:

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| FKF MADISON PARK GROUP OWNER, LLC, *et al.*,[2] | Case No. 10-11867 (KG) |
| | (Joint Administration) |
| Debtors. | |

11. In addition, the Debtors request that the Court authorize and direct that a notation substantially similar to the following notation be entered on the docket for each of the Debtors to reflect the joint administration of these cases:

[2] The Debtors in these cases, along with the last four digits of their EIN, are: FKF Madison Group Owner, LLC (Case No. 10-11867) (3699); JMJS 23rd Street Realty Owner, LLC (Case No. 10-11868) (6651); Madison Park Group Owner, LLC (Case No. 10-11869) (3701); and Slazer Enterprises Owner, LLC (Case No. 10-11870) 4339). The Debtors' address is 230 Congers Road, New City, NY 10920.

An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below. The docket in case no. 10-11867 should be consulted for all matters affecting this case. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order:

FKF Madison Group Owner, LLC (Case No. 10-11867); JMJS 23rd Street Realty Owner, LLC (Case No. 10-11868); Madison Park Group Owner, LLC (Case No. 10-11869); and Slazer Enterprises Owner, LLC (Case No. 10-11870).

12. Finally, the Debtors request that the Court authorize that a combined service list be used for the jointly administered cases and that combined notices be sent to creditors of the Debtors' estates.

**Basis for Relief**

13. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of a debtor and its affiliates. *See* Fed. R. Bankr. P. 1015(b).

14. Additionally, the Local Rules provide that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting such joint administration and an affidavit or verification establishing that joint administration is warranted. The Debtors are the tenant in common owners of the land, the improvements, the unsold apartment units which have been or will be developed, designed, and constructed at 23 East 22nd Street, New York, New York 10010 (and sometimes also referred to as 20 East 23rd Street) consisting of a fifty (50) story hi rise tower containing sixty nine (69) residential units with approximately 117,982 net sellable square feet, and amenities, and limited common elements, as well as an adjacent lot known as 23 East 22nd (the "Property").

15. Further, iStar is the holder of various mortgages encumbering the Property, or units thereof, which secure certain obligations to iStar in the approximate alleged amount of $234 million.

16. Joint administration of these Chapter 11 Cases is warranted because (a) the Debtors' financial affairs and business operations are closely related, (b) joint administration will ease the administrative burden on the Court and the parties, and (c) joint administration protects creditors of different estates against potential conflicts of interest.

17. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect all of the Debtors. With four (4) affiliated debtors, each with its own case docket, the failure to administer these cases jointly would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the Clerk of this Court (the "Clerk") with the volume of paper.

18. Joint administration will permit the Clerk to use a single general docket for all of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration will also protect parties in interest by ensuring that such parties in interest in each of the Debtors' respective Chapter 11 Cases will be apprised of the various matters before the Court in all of these cases.

19. The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be in the form set forth in paragraph 10 of this Motion.

20. The Debtors submit that use of the simplified caption, without reference in the caption itself to the three (3) affiliate Debtors and their states of incorporation, will eliminate cumbersome and confusing procedures and ensure uniformity of pleading identification.

21. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court will also be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee will also be simplified.

**Notice**

22. Notice of this Motion has or will be given to the following parties or, in lieu thereof, to their counsel, if known: (a)the Office of the United States Trustee; (b) iStar; the Debtors' twenty (20) largest unsecured creditors on a consolidated basis; (c)counsel to the Petitioning Creditors; and (d) such other parties entitled to notice pursuant to Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

23. No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order: (a) authorizing the joint administration of the Debtors' cases; and (b) granting such other and further relief is proper.

Dated: December 2, 2010

PACHULSKI STANG ZIEHL & JONES LLP

Richard Pachulski (CA Bar No. 90073)
Bruce Grohsgal (Bar No. 3583)
Jeffrey N. Dulberg (CA Bar No. 181200)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: rpachulski@pszjlaw.com
bgrohsgal@pszjlaw.com
jdulberg@pszjlaw.com

[Proposed] Counsel for the Debtors and