IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FKF MADISON PARK GROUP OWNER, LLC, *et al.*,[1] | ) | Case No. 10-11867 (KG) |
| | ) | (Jointly Administered) |
| Debtor. | ) | |
| | ) | |

**Hearing Date: February 8, 2011 at 2:00 p.m. ET**
**Objection Deadline: February 1, 2011 at 4:00 p.m. ET**

## DEBTORS' MOTION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE OR TO TERMINATE EXCLUSIVITY

The captioned debtors and debtors in possession (collectively, the "Debtors"), by their undersigned counsel, request that this Court (1) order the appointment of a Chapter 11 Trustee for the Debtors pursuant to section 1104(a)(2) of title 11 the United States Code (the "Bankruptcy Code"), or (2) terminate the Debtors' exclusive period to file a Plan and solicit acceptances of a Plan under §1121(d) of the Bankruptcy Code to permit Green Bridge Capital S.A. and One New Madison Park, and, on further order of the Court, all other potential plan proponents, to file their plans as non-debtor plan proponents, and in support of this Motion respectfully represent and state as follows:

### Jurisdiction

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

[1] The Debtors in these cases, along with the last four digits of their EIN, are: FKF Madison Group Owner, LLC (Case No. 10-11867) (3699); JMJS 23rd Street Realty Owner, LLC (Case No. 10-11868) (6651); Madison Park Group Owner, LLC (Case No. 10-11869) (3701); and Slazer Enterprises Owner, LLC (Case No. 10-11870) 4339). The Debtors' address is 230 Congers Road, New City, NY 10920.

2. The statutory bases for the relief requested herein are §§1121(d) and 1104(a)(2) of the Bankruptcy Code and Bankruptcy Rule 2007.1, 9006 and 9014.

## Background

3. On June 8, 2010 (the "Petition Date"), involuntary chapter 7 petitions were filed in this Court against each of the Debtors by creditors Stephen Kraus, Mitchell Kraus, Barbara Kraus and Kraus Hi-Tech Home Automation, Inc. (the "Original Petitioning Creditors") thereby commencing against the Debtors involuntary chapter 7 cases (the "Chapter 7 Cases"). Various creditors subsequently joined in the involuntary petitions.[2] The Debtors filed a motion to dismiss the involuntary petitions (the "Dismissal Motion").

4. On November 18, 2010, the Petitioning Creditors filed a motion (the "Conversion Motion") seeking immediate entry of orders for relief followed by conversion of the Chapter 7 Cases to proceedings under chapter 11 of the Bankruptcy Code.

5. On the same date, the Debtors filed concurrently their Withdrawal Of Opposition To Involuntary Petitions, Notice Of Non-Opposition To Entry Of Order For Relief, And Joinder In Motion To Convert To Cases To Chapter 11 Cases (the "Notice of Withdrawal") [Docket No. 113 in 10-11867, Docket No. 105 in 10-11868, Docket No. 106 in 10-11-11869, and 111 in 10-11870]. In the Notice of Withdrawal, the Debtors stated that (i) they did not intend to file an answer or otherwise controvert the Petitions or the entry of orders for relief and (ii) they affirmatively joined in the Petitioning Creditors motion to convert the Chapter 7 Cases to chapter 11 cases (the "Chapter 11 Cases").

---

[2] These creditors are: Joe Coffey, Harvey Schiller, Pace Plumbing, Gotham Greenwich Construction, LLC and Mad 52, LLC (the "Joining Creditors" together with the Original Petitioning Creditors, the "Petitioning Creditors")

6. On November 19, 2010, the Court entered orders for relief in the Chapter 7 Cases and entered orders converting the Chapter 7 Cases to Chapter 11 Cases (the "Conversion Date"). [Docket Nos. 119 in 10-11867, Docket No. 111 in 10-11868, Docket No. 112 in 10-11-11869, and 117 in 10-11870].

7. The New York Supreme Court prior to the Conversion Date appointed Jonathan H. Newman as the receiver of the Debtor's real property (the "Receiver"), at the behest of the Debtors' prepetition lender, iStar Tara, LLC ("iStar"). The Debtors have filed a motion under section 543(b) of the Bankruptcy Code for turnover by the Receiver to the Debtors as debtors-in-possession. Subject to the receivership, the Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. The Plan Support Agreement for the Debtors' plan was filed on the Conversion Date.

9. The Debtors filed their Plan (the "Plan") and Disclosure Statement, with One New Madison Park Member I, LP ("One New Madison") on December 15, 2010.

10. The Plan provides for a capital infusion that will result in the One Madison Park project being completed and the condominium units sold, with a significant distribution to creditors.

11. The Plan was obtained by Ira Shapiro --- the Debtors' President and the managing member of Slazer Enterprises LLC (which is the sole member or managing member of each of the Debtors) --- after months and thousands hours of hard work and for no pay.

12. On the same date on which the Debtors filed their Plan, December 15, 2010, Green Bridge Capital, S.A. and Special Situation S.A. (the "Plaintiffs") filed their Adversary Proceeding (No. 10-56158) and their motion for a temporary restraining order and preliminary injunction seeking to enjoin Ira Shapiro from acting for the Debtors.

13. The Debtors strenuously have opposed the Plaintiffs' TRO motion.

14. The Debtors are confident that they will prevail on the merits in their opposition. As set forth in the Debtors' Brief in Opposition to the TRO motion, Green Bridge Capital, S.A.'s purported acquisition of a membership interest in Slazer Enterprises LLC was void at its inception, Special Situation S.A.'s subsequent purported purchase of the voting rights of Marc Jacobs, the other member of Slazer Enterprises, LLC, also was and is void, and for these reasons and the other reasons set forth in the Debtors' Brief the Plaintiffs' motion for a TRO should be denied.

15. Nonetheless, since December 15, more than 2 months ago now, the plan confirmation process has completely stalled and the Debtors instead have been engaged in protracted and potentially endless litigation over the issue of who controls the Debtors.

16. The Debtors do not expect this battle to end. The litigation is only at the TRO stage. The Debtors expect it to continue through the preliminary injunction phase and through to a trial on the merits on the Complaint, and potentially appeals and stay motions on final orders.

17. All the while the Plan and other potential plans languish and the benefits to creditors are delayed or lost.

18. Green Bridge Capital, S.A. has asserted since December 15, 2010 that it has a plan proponent and will file its plan once the control issue is resolved.

19. The holders of equity in each of the Debtors and in Slazer Enterprises LLC are hopelessly out-of-the-money. The only remaining purpose of the non-debtor Slazer Enterprises LLC is to act as the sole member or managing member and fiduciary of each of the Debtors. The Debtors' exclusivity period has obtained an illicit value in these cases, regardless of who ultimately is determined to hold the equity in and control the Debtors, and does not serve the interests either of reorganizing the Debtors or of benefiting the Debtors' estates or creditors.

20. The Debtors believe that it is in the best interest of the Debtors' estates and creditors for Green Bridge, if it in fact has a plan, to put its plan on the table now and begin the plan confirmation process.

21. The Debtors believe that other plan proponents also are prepared to file their plans, and that confirmation of the Plan that the Debtors filed, or of another plan yet to be filed, whether by Green Bridge or by any other plan proponent including Green Bridge, if it has a plan, is in the best interest of the Debtors' estates and creditors.

22. Accordingly, the Debtors by this Motion seek (1) the appointment of a Chapter 11 Trustee, which appointment both will end the pyrrhic battle for control of these Debtors and of itself will end the Debtors' exclusive period to file and seek acceptance of a plan, or (2) to terminate the Debtors' exclusive periods to file and seek acceptances of a plan, so that at long last all available plans may be filed and the plan confirmation process can begin for the benefit of the Debtors' estates and creditors.

## Relief Requested

23. The Debtors seek (1) appointment a Chapter 11 Trustee for the Debtors pursuant to §1104(a)(2) of the Bankruptcy Code, or (2) to terminate the Debtors' exclusive period to file a plan and solicit acceptances of a plan under §1121(d) of the Bankruptcy Code to permit Green Bridge Capital S.A. if it has a plan, and One New Madison Park and, on further order of the Court, all other potential plan proponents, to file and pursue confirmation of their plans.

## Basis for Relief

### Order to Appoint a Trustee under

24. Section 1104(a)(2) of the Bankruptcy Code authorizes the Court to order the appointment of a Chapter 11 Trustee "if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate." Under Bankruptcy Code §1121(c)(1), plan exclusivity is lost on the appointment of a Chapter 11 Trustee.

25. The appointment of Chapter 11 Trustee will end the wasteful battle for control of the out-of-the-money equity in Slazer Enterprises LLC, and hence for control of the equally underwater equity in the Debtors. The Chapter 11 Trustee will be in control and, under the mandate of the Bankruptcy Code, will act in the best interests of these estates and creditors. Bankruptcy Code §§1104 and 1106.

26. The appointment of a Chapter 11 Trustee also will terminate the Debtors' exclusivity, thus enabling Green Bridge, One New Madison and any other plan proponent to propose their plans and the plan confirmation process at long last can begin. Bankruptcy Code §1121(c)(1).

27. For the reasons set forth above, this Court the appointment of a Chapter 11 Trustee is in the best interest of the Debtors' estates and creditors and this Court should order such appointment under §§1104(a)(2).

**Termination of Exclusivity**

28. The fight to control the Debtors has gained a false and illicit value <u>not</u> because the equity in Slazer Enterprises LLC has any value, but merely because the Debtors have a right to plan exclusivity under Bankruptcy Code §1121(c).

29. Plan exclusivity serves no legitimate purpose in these cases and benefits neither the Debtors' estates nor their creditors.

30. The successful conclusion of the plan confirmation process with the confirmation of a plan is the only way in which the creditors in these cases will be benefitted.

31. Continuing exclusively only prolongs the wasteful and interminable battle for control, and delays the plan confirmation process to which the Debtors' estates and creditors are entitled.

32. Plan exclusivity may be terminated by this Court for cause shown. F.R.B.P. 9006(c).

33. For the reasons set forth above, cause exists for this Court to terminate exclusivity and the Debtors respectfully request that this Court do so.

**Notice**

34. Notice of this Motion has or will be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) iStar; (c) the Debtors' twenty (20) largest unsecured creditors on a consolidated basis; (d) counsel to

the Petitioning Creditors; (e) counsel to Green Bridge Capital, S.A., and (f) such other parties entitled to notice pursuant to Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

35. No prior request for the relief sought in this Motion has been made to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

## Conclusion

WHEREFORE the Debtors respectfully request that this Court (1) order the appointment of a Chapter 11 Trustee for the Debtors pursuant to section 1104(a)(2) of the Bankruptcy Code, or (2) terminate the Debtors' exclusive period to file a Plan and solicit acceptances of a Plan under §1121(d) of the Bankruptcy Code to permit Green Bridge Capital S.A. and One New Madison Park and all other potential plan proponents to file their plans as non-debtor plan proponents, (2) grant such other and further relief as the Court deems just and proper.

Dated: January 20, 2011

PACHULSKI STANG ZIEHL & JONES LLP

Richard Pachulski (CA Bar No. 90073)
Bruce Grohsgal (Bar No. 3583)
Jeffrey N. Dulberg (CA Bar No. 181200)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: rpachulski@pszjlaw.com
bgrohsgal@pszjlaw.com
jdulberg@pszjlaw.com

[Proposed] Counsel for the Debtors and