# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FKF Madison Park Group Owner, LLC, et al., | : | Case No. 10- 11867 (KG) |
| | : | Jointly Administered |
| | : | |
| | : | **Hearing Date: 2/8/11 at 2:00 p.m. (requested)** |
| Debtors. | : | **Obj. Deadline: 2/7/11 at 4:00 p.m. (requested**) |

**UNITED STATES TRUSTEE'S MOTION FOR ENTRY OF AN ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104, OR IN THE ALTERNATIVE, ENTRY OF AN ORDER CONVERTING OR DISMISSING THIS CHAPTER 11 CASE**

Roberta DeAngelis, the United States Trustee for Region Three, by and through her counsel, files this Motion for Entry of an Order Directing the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104, or in the Alternative, a Entry of an Order Converting or Dismissing This Chapter 11 Case ("Motion") and respectfully represents as follows:

## BACKGROUND

1.  Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to title 11 of the United States Bankruptcy Code. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

2.  Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard.

## RELEVANT FACTS

3. On June 8, 2010, involuntary chapter 7 petitions were filed against each of the Debtors, thereby commencing involuntary chapter 7 cases.

4. On November 19, 2010, the court entered orders for relief in the Debtors' chapter 7 cases and entered orders converting the chapter 7 cases to chapter 11 cases.

5. On January 20, 2011, the U.S. Trustee appointed an official committee of unsecured creditors (the "Committee") in this case.

6. On January 20, 2011, the Debtors filed their Motion for the Appointment of a Chapter 11 Trustee, or in the Alternative, to Terminate Exclusivity, which is scheduled for hearing on February 8, 2011. On January 21, 2011, the Debtors' President, Ira Shapiro, filed a joinder to the Debtors' Motion.

7. On January 25, 2011, several creditors filed the Motion of Certain Petitioning Creditors for Order (I) Directing the Appointment of a Trustee, or (II) in the Alternative, Terminating the Debtors' Exclusive Rights to Allow the Filing of Competing Plans of Reorganization, which is also scheduled for hearing on February 8, 2011.

## APPLICABLE LAW AND ANALYSIS

8. 11 U.S.C. § 1104(a) states that this Bankruptcy Court shall order the appointment of a trustee, at any time after the commencement of the case but prior to confirmation of a plan, on request of a party in interest or the U.S. Trustee, and after notice and a hearing[1] ;

---

[1] A number of courts have indicated that grounds for the appointment of a trustee must be established by "clear and convincing" evidence. *See In re G-1 Holdings, Inc.,* 385 F.3d 313 (3d Cir. 2004). However, in light of Supreme Court precedent and the recent addition of § 1104(e) to the Bankruptcy Code, the better view is that the appropriate burden of proof should be the "preponderance of the evidence." *See Tradex Corp. v. Morse,* 339 B.R. 823, 829-32 (D. Mass. 2006) (citing *Grogan v. Garner,* 498 U.S. 279, 286 (1991)).

> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor;
>
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>
> (3) if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1104(a).

9. Subsection (1) addresses management's pre and post-petition misdeeds or mismanagement, while subsection (2) provides the court with "particularly wide discretion" to appoint a trustee even absent wrongdoing or mismanagement. *In re Bellevue Place Associates,* 171 B.R. 615, 623 (N.D. Ill. 1994). Where the court finds either that cause exists or that appointment is in the interest of the parties, an order for the appointment of a trustee is mandatory. *Official Comm. Of Asbestos Pers. Injury Claimants v. Sealed Air Corp. (In re W.R. Grace & Co.)*, 285 B.R. 148, 158 (Bankr. D. Del. 2002).

10. The categories enumerated in 11 U.S.C. § 1104(a)(1) "cover a wide range of conduct"and, thus, are best described as illustrative, rather than exclusive. *See In re Marvel Entertainment Corp.*, 140 F.3d 463, 472 (3d Cir. 1998)(quoting *Committee of Dalkon Shield Claimants v. A.H. Robbins Co.,* 828 F.2d at 242). Fraud, dishonesty, incompetence, and gross mismanagement of a debtor's business affairs are all grounds for appointment of a chapter 11 trustee under 11 U.S.C. § 1104(a)(1). *See, e.g., In re Sharon Steel Corp.,* 871 F.2d 1217 (3d Cir. 1989); *In re Colby Construction Corp.*, 51 B.R. 113, 116-118 (Bankr. S.D.N.Y. 1985). The determination of

whether cause exists must be taken on a case by case basis, taking into account all relevant factors. *Sharon Steel*, 871 F.2d at 1225. Pre-petition conduct alone may provide the basis for a court to appoint a trustee. *See In re Rivermeadows Assocs., Ltd.,* 185 B.R. 615, 619 (Bankr. D. Wyo. 1995).

**A Debtor-in-Possession is a Fiduciary for the Creditors and Must Abide by and Fulfill its Fiduciary Duty or Be Replaced by a Party Who Can Act as a Fiduciary for the Creditors and the Estate**

11. Under 11 U.S.C. § 1107(a), a Chapter 11 debtor in possession assumes essentially all of the rights and duties of a trustee. This includes the trustee's primary fiduciary duty to act in the best interests of general creditors rather than insiders[2]. *See, e.g.*, *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 355 (1985) ("[o]ne of the painful facts of bankruptcy is that the interests of shareholders become subordinated to the interests of creditors"); *Wolf v. Weinstein*, 372 U.S. 633, 649 (1963) ("[S]o long as the Debtor remains in possession, it is clear that the corporation bears essentially the same fiduciary obligation to the creditors as does the trustee for the Debtor out of possession."); *In re United Healthcare System, Inc.*, 200 F.3d 170, 177 n.9 (3d Cir. 1999) (debtor, "as a debtor-in-possession, is a fiduciary for its estate and for its creditors."); *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 474 (3d Cir. 2000) ("When the chapter 11 petition was filed in this case, the debtor-in-possession assumed the same fiduciary duties as would an appointed trustee. . . . [including] the duty to protect and conserve property in its possession for the benefit of creditors.") (internal quotation omitted).

12. The presumption in favor of allowing debtors to manage their own operations and administer their own estates vanishes completely when management does not comply with its

---

[2] In making that determination, courts should be cognizant of the fact that "section 1104 represents a protection that the court should not lightly disregard or encumber with overly protective attitudes towards debtors-in-possession." *In re V. Savino Oil & Heating Co., Inc.,* 99 B.R. 518, 525 (Bankr. E.D.N.Y. 1989).

fiduciary duties. *See Commodity Futures Trading Comm'n v. Weintraub* at 471 U.S. 355 ("[T]he willingness of courts to leave debtors in possession 'is premised upon an assurance that the officers and managing employees can be depended upon to carry out the fiduciary responsibilities of a trustee.'") (quoting *Wolf v. Weinstein*, 372 U.S. 633, 651 (1963)). When a debtor in possession, its management, or its professionals have exhibited an inability or unwillingness to comply with their fiduciary duties, there is but one remedy established by Congress that can supplant management while allowing the case to remain in Chapter 11 – the appointment of a trustee pursuant to 11 U.S.C. § 1104(a).

13. In its decision in *In re Marvel Entertainment Group, Inc.*, the Third Circuit quoted the following passage approvingly in affirming the appointment of a Chapter 11 trustee:

> The willingness of Congress to leave a debtor-in-possession is premised on an expectation that current management can be depended upon to carry out the fiduciary responsibilities of a trustee. And if the debtor-in-possession defaults in this respect, Section 1104(a)(1) ***commands*** that the stewardship of the reorganization effort must be turned over to an ***independent trustee***.

*Id*. (quoting In re V. Savino Oil & Heating Co., Inc., 99 B.R. 518, 526 (Bankr. E.D.N.Y. 1989)) (emphasis added). The Third Circuit further stated that appointment of a trustee is mandatory if cause is found under 11 U.S.C. § 1104(a)(1), and while it is not mandatory under subsection (a)(2) the district court's refusal to appoint something less than a trustee was not an abuse of discretion. *See Marvel*, 140 F.3d at 174-75. Congress provided no other way to replace debtor's management's control of the case with an independent fiduciary other than appointment of a trustee pursuant to 11 U.S.C. § 1104(a).

14. Based on the relevant facts as alleged by the Plaintiffs in the adversary proceeding styled as *Green Bridge Capital S.A., et al. v. Shapiro*, Adv. Pro. No. 10-56158 (KG) (the "Adversary

5

Proceeding"), there has been prepetition mismanagement by Ira Shapiro. In their reply papers in the Adversary Proceeding, the Debtors have disputed these allegations and also alleged that the Plaintiffs acted in disregard of their duties of care and loyalty to the Debtors. See also Petitioning Creditors' Motion, ¶ 27. In addition, the Debtors have moved for appointment of a chapter 11 trustee and the Debtors' President, Ira Shapiro, has filed a joinder to the Debtors' Motion. As a result, it is unclear if Mr. Shapiro is willing or able to continue acting as a fiduciary for the Debtors. Cause therefore exists for the appointment of a trustee to assure that the Debtors are under the control of a fiduciary untainted by the allegations of fraud.

**Section 1104(a)(2) of the Bankruptcy Code provides an additional basis for the appointment of a chapter 11 trustee which is in the best interests of the estate**

15. Courts have construed Section 1104(a)(2) to provide for a "flexible standard" for the appointment of a trustee. *See, e.g., In re Sharon Steel Corp.,* 871 F.2d at 1226; *see also In re Ionosphere Clubs, Inc.*, 113 B.R. 164 (Bankr. S.D.N.Y. 1990). Section 1104(a)(2) emphasizes the court's discretion allowing it to appoint a trustee when to do so would serve the parties' and the estates' interests." *Id.*

16. Other courts have considered the following factors in determining whether the appointment of a trustee is in the best interest of the parties under Section 1104(a)(2): (1) the trustworthiness of the debtor; (2) the debtor's past and present performance and prospects for the debtor's rehabilitation; (3) the confidence or lack thereof of the business community and of creditors in present management; and (4) the benefits derived by the appointment of a trustee, balanced against the cost of the appointment. *See In re Cajun Electric Power Co-Op, Inc.*, 1991 B.R. 659 661-62 (M.D. La. 1995) *aff'd* 74 F.3d 599 (5th Cir. ), *cert. denied*, 117 S.Ct. 51 (1996); *Accord In re Ionosphere Clubs, Inc.*, 113 B.R. at 168.

17. An analysis of the relevant facts clearly demonstrates that the appointment of a chapter 11 trustee is in the best interest of the parties and the Debtors' estates. The Petitioning Creditors and the Debtors' President, Ira Shapiro, are in favor of the appointment of a trustee. The Adversary Proceeding has resulted in a dispute over control that renders the Debtors unable to move the case forward in an expeditious manner. Appointment of a trustee will effectively moot the Adversary Proceeding and move these cases to a resolution.

**In the Alternative, the Court Should Convert or Dismiss this Chapter 11 Case.**

18. The U.S. Trustee submits that the Court should convert or dismiss this case because (i) the Debtors have failed to file the Initial Operating Report or Monthly Operating Reports for the months of November and December 2010, (iii) the Debtors have failed to file their schedules of assets and liabilities and statement of financial affairs (the "Schedules and Statements"), and (iii) the Debtors have failed to provide evidence of appropriate insurance and other information requested by the United States Trustee.

19. Section 1112(b) of the Bankruptcy Code provides that if the movant establishes cause, the court shall, after notice and a hearing, convert a case to Chapter 7, or dismiss a case, whichever is in the best interest of creditors and the estate, "absent unusual circumstances specifically identified by the court that establish that the requested conversion is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1).

20. Pursuant to 11 U.S.C. §1112(b)(4), "cause" includes: "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation (§ 1112 (b)(4)(A); failure to maintain appropriate insurance that poses a risk to the estate or to the public (§1112(b)(4)(C); unexcused failure to satisfy timely any filing or reporting requirement established

7

by this title or by any rule applicable to a case under this chapter (§1112(b)(4)(F); and failure timely to provide information or attend meetings reasonably requested by the United States trustee (§1112(b)(4)(H)." Pursuant to Bankruptcy Code section 102(3), "includes" and including" are not limiting. Thus, cause for conversion or dismissal may exist beyond the various examples cited in 11 U.S.C. § 1112 (b)(4), such as lack of good faith. *See In re SGL Carbon Corp.*, 200 F.3d 154, 160 (3d Cir. 1999).

21. Pursuant to 11 U.S.C. § 1104 (a)(3), after request of a party in interest or the United States Trustee, and after notice and a hearing, the court shall order the appointment of a trustee "if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee or an examiner is in the best interests of creditors and the estate."

22. The Debtors have failed to file their Initial Operating Report or any Monthly Operating Reports in the case, and are currently delinquent for the months of November[3] and December 2010. The failure to file the Monthly Operating Reports has resulted in the inability of parties in interest to determine whether there is a continuing loss or diminution to the estate.

23. The section 341 meeting of creditors (the "341 Meeting") was held on December 29, 2010 and was continued to a date to be determined pending the filing of the Schedules and Statements. On December 29, 2010, the Debtors filed their third motion requesting an extension of the deadline to file their Schedules and Statements, wherein the Debtors sought a further extension until January 10, 2011. (Docket No. 187). Although the Debtors have indicated to the U.S. Trustee that they are working on finalizing the Schedules and Statements, they have not yet filed the Schedules and Statements nor have the Debtors moved for a further extension of time. The U.S.

---

[3] Beginning from the conversion date of November 19, 2010.

Trustee and creditors consequently have also been unable to conduct a proper and through examination of the Debtors regarding their assets, liabilities, and financial affairs under oath at a continued 341 meeting.

24. The United States Trustee has made several inquiries to which the Debtors have not yet provided responses. In particular, the Debtors have failed to provide proof of liability insurance coverage, which subjects the estate to potential liability for any injuries that occur and constitutes cause for conversion or dismissal under 11 U.S.C. § 1112(b). The Debtors have also failed to provide tax returns and other information requested by the United States Trustee in early December 2010 in connection with the initial debtor interview.

25. Under such circumstances, this Court should exercise its discretion to convert the above-captioned case to a case under chapter 7 or dismiss this case, as it cannot be disputed that "cause" exists to convert or dismiss this case. In the alternative, the Court may appoint a chapter 11 trustee pursuant to 11 U.S.C. § 1104 (a)(3).

**WHEREFORE**, for the foregoing reasons, the United States Trustee respectfully requests that this Court enter an order directing the appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1104, or in the alternative, enter an order converting or dismissing this chapter 11 case and

granting such other and further relief that is deemed fair, just, equitable and proper.

          **ROBERTA A. DeANGELIS**
          **UNITED STATES TRUSTEE**

By:   */s/ Jane Leamy*
       Jane Leamy (#4113)
       Trial Attorney
       U. S. Department of Justice
       Office of the U.S. Trustee
       J. Caleb Boggs Federal Building
       844 King Street, Room 2207
       Wilmington, DE 19801
       Phone: (302) 573-6491
       Fax: (302) 573-6497

Dated: January 31, 2011