# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

FKF MADISON PARK GROUP
OWNER, LLC, *et al.*

Debtors.

Chapter 11 Case No. 10-11867 (KG)

(Jointly Administered)

Ref: D.I. 232

## OBJECTION OF GREEN BRIDGE CAPITAL S.A. AND SPECIAL SITUATION S.A. TO THE UNITED STATES TRUSTEE'S MOTION FOR ENTRY OF AN ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104 OR IN THE ALTERNATIVE, ENTRY OF AN ORDER CONVERTING OR DISMISSING THIS CHAPTER 11 CASE

Green Bridge Capital S.A. ("Green Bridge"), the 35% interest holder in Slazer

Enterprises LLC ("Slazer")[1] and Special Situation S.A. ("Special Situation"), the holder of an

irrevocable proxy for the 32.5% interest of Marc Jacobs in Slazer (the "**Majority Holders**"), by

their undersigned counsel, hereby submit their objections to the United States Trustee's Motion

for Entry of an Order Directing Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. §

1104, or in the Alternative, Entry of an Order Converting or Dismissing this Chapter 11 Case

[D.I. 232] (the "UST Trustee, Convert or Dismiss Motion").

By separate filings, Green Bridge and Special Situation have submitted objections to

(i) the Motion filed by Ira Shapiro ("Shapiro") in the name of the Debtors for the Appointment

of a Chapter 11 Trustee or to Terminate Exclusivity [D.I. 212] (the "Shapiro/Debtor Trustee

Motion") and (ii) the Motion of Certain Petitioning Creditors for Order (I) Directing the

---

[1]     Slazer Enterprises LLC is the sole Manager of debtors FKF Madison Group Owner LLC, JMJS 23rd Street Realty Owner LLC, and Madison Park Group Owner LLC, and it is the sole and managing Member of debtor Slazer Enterprises Owner LLC.

Appointment of a Trustee Pursuant to 11 U.S.C. §§ 1104(a)(1)-(2); or (II) In the Alternative, Terminating the Debtors' Exclusive Rights Pursuant to 11 U.S.C. §1121(d) to Allow the Filing of Competing Plans of Reorganization by Green Bridge Capital S.A. and Special Situation S.A. and New One Madison Park Member I, LLC [D.I. 224] (the "Kraus/Eichner Trustee Motion"), which objections are incorporated by reference as if set forth at length herein.

In support of and by way of these objections, the Majority Holders respectfully state as follows:

## PRELIMINARY STATEMENT

1. The United States Trustee (the "UST") requests, in the UST Trustee, Convert or Dismiss Motion, that the Court appoint a trustee to, among other things, address the uncertainties created in these cases by the ongoing dispute over the authority of Ira Shapiro ("Shapiro") to act on behalf of the Debtors in these cases.

2. As set forth at length in the Moving Creditors' objections to the Shapiro/Debtor Trustee Motion and the Kraus/Eichner Trustee Motion,[2] that dispute was brought to a head by this Court's ruling that Shapiro has, in fact, been acting without authority in these cases with respect to every action he has taken since consenting to the conversion to a voluntary chapter 11 case.

3. In that ruling, the Court suggested strongly that the Majority Holders and Shapiro would be well served to come to an agreement as to the control of the Debtors going forward and the terms of a proposed plan of reorganization by the time of the hearing on the various motions to appoint a chapter 11 trustee.

---

[2] The Objections to the Shapiro/Debtor Trustee Motion and the Kraus/Eichner Trustee Motion incorrectly characterized the role of Burt Dorfman with respect to the Debtors. Mr. Dorfman is a minority member of FKF3, LLC and neither its manager nor leader.

4.     The Majority Holders are pleased to report that they have made substantial progress toward satisfying the Court's concerns, including the retention by the Debtors of Morris, Nichols, Arsht & Tunnell LLP as their bankruptcy counsel, the anticipated withdrawal by the Debtors of their Chapter 11 Trustee Motion filed earlier in the case (and other filings), and an agreement by Shapiro that the only action requiring unanimity is selection of the Plan to be filed, and that all other matters are subject to control of the Majority Holders. Mr. Shapiro is also supportive of the appointment of a replacement officer to manage the Debtors.

5.     In light of those recent developments, the concerns raised in the UST Trustee, Convert or Dismiss Motion have been met. Accordingly, the Court should deny that motion in its entirety as moot.

## Objection

I.     Appointment of a Trustee is Unwarranted

6.     Under the well-established law of this Circuit, the party seeking appointment of a chapter 11 trustee must prove the need for a trustee by clear and convincing evidence. *See In re Marvel Entertainment Group, Inc.*, 140 F.3d 469, 471 (3rd Cir. 1998) (noting the "strong presumption" against the appointment of a trustee); *see also Official Comm. of Unsecured Asbestos Claimants v. G-1 Holdings, Inc. (In re G-1 Holdings, Inc.)*, 385 F.3d 313, 318 3d Cir. 2004) (Alito, J.) (noting "the heavy burden of persuasion, i.e., by clear and convincing evidence, that the party seeking the appointment of an outside trustee must face"); *In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3d Cir. 1989)("[t]he party moving for the appointment of a trustee . . . must prove the need for a trustee . . . by clear and convincing evidence").[3] The UST Trustee, Convert or Dismiss Motion fails to make such a showing.

---

[3]     Footnote 10 to the Moving Creditors' Trustee Motion references a 1991 Supreme Court case that established "preponderance of the evidence" as the **general** level of proof required in bankruptcy cases.

7.     The UST Trustee, Convert or Dismiss Motion first asserts that a chapter 11 trustee should be appointed for cause under section 1104(a)(1) of the Bankruptcy Code because of the "prepetition mismanagement" and misdeeds by Ira Shapiro, and additionally because Shapiro's move for appointment of a chapter 11 trustee made it unclear whether Shapiro is "willing or able to continue acting as a fiduciary for the Debtors." UST Motion at 6.  These assertions were made prior to the Court's ruling in the litigation on authority over the Debtors, in which the Court enjoined Shapiro from acting on his own in the name of the Debtors without approval of the Majority Holders.  Further, these assertions were made prior to the agreement reached, subsequent to the Court's ruling, between the Majority Holders and Shapiro whereby Shapiro has agreed to withdraw from any role in the management of the Debtors except with respect to a proposed plan, and will not contest the withdrawal of, among others, the motion for a chapter 11 trustee that he caused to be filed in the name of the Debtors.  Thus, the cause asserted in the UST Trustee, Convert or Dismiss Motion no longer exists.

8.     Next, the UST argues that a trustee should be appointed to serve the parties' and estates' interests under section 1104(a)(2) of the Bankruptcy Code.  The UST focuses on the fact that there has been an ongoing dispute over control of the Debtors, arguing that appointment of a trustee would moot that dispute.  In fact, that dispute has already been mooted by the Court's ruling on Shapiro's lack of authority of act on his own and Shapiro's subsequent agreement with the Majority Holders with respect to the continued operation of the Debtors in these cases.

9.     In sum, the UST's request for a trustee is entirely moot and should be denied.

---

*Grogan v. Garner*, 498 U.S. 279, 286-91 (1991).  Despite their citation of a handful of cases outside this Circuit that have applied that lower evidentiary standard to trustee motions, the law in this Circuit remains clear – a party seeking appointment of a trustee faces the "clear and convincing evidence" standard.

II.    Cause Does Not Exist to Convert or Dismiss These Cases

10.    The UST also argues, in the alternative, that the Debtors cases should be converted or dismissed for cause, including the Debtors' failure to file operating reports, to file schedules and statements of financial affairs and to respond to certain requests for information.

11.    Upon information and belief, the primary reason for the Debtors' failure to comply with those statutory requirements was the ongoing control litigation. Now that the litigation has been consensually resolved and there are agreements in place with respect to the Debtors' continued operation as debtors in possession, the Majority Holders and the Debtors understand and believe that the Debtors will promptly comply with all filing requirements. Accordingly, cause does not exist to convert or dismiss these cases.

WHEREFORE, for the reasons set forth above, the Majority Holders respectfully request that the Court enter an order (i) denying the UST Trustee, Convert or Dismiss Motion in its entirety and (ii) granting such other and further relief as is just and proper.

Dated: February 7, 2011

MORRIS JAMES LLP

Brett D. Fallon (DE Bar No. 2480)
Carl N. Kunz, III (DE Bar No. 3201)
Douglas N. Candeub (DE Bar No. 4211)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: bfallon@morrisjames.com
E-mail: ckunz@morrisjames.com
E-mail: dcandeub@morrisjames.com

*Attorneys for Green Bridge Capital S.A. and
Special Situation S.A.*