UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------x
In re:                                          :
                                                :
FKF MADISON PARK GROUP OWNER, *et*              :      Chapter 11
*al.*[1]                                        :
                                                :      Case No. 10-11867 (KG)
                                                :
                                    Debtors.    :
---------------------------------------------------------x

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN SUPPORT OF MOTIONS FOR THE APPOINTMENT OF A
CHAPTER 11 TRUSTEE AND TERMINATION OF EXCLUSIVITY**

The Official Committee of Unsecured Creditors (the "Committee") of FKF Madison Park Group Owner, LLC ("FKF Madision"), and certain direct or indirect subsidiaries, as debtors and debtors-in-possession (collectively, the "Debtors"), respectfully submits this statement in support of the motions (collectively, the "Trustee Motions") made by the above-captioned Debtors, the United States Trustee and certain petitioning creditors [Docket Nos. 212, 224 and 232] for the appointment of a chapter 11 trustee and to terminate the Debtors' exclusive period to file a Plan.

**PRELIMINARY STATEMENT**

1. Although the Committee was only recently appointed and even more recently selected counsel,[2] it is working diligently to gain a full understanding of the issues involved in these cases and to be in a position to assist the Court in making an appropriate determination as to the Trustee Motions.

---

[1] The Debtors in these cases, along with the last four digits of their EIN, are: FKF Madison Group Owner, LLC (Case No. 10-11867) (3699); JMJS 23rd Street Realty Owner, LLC (Case No. 10-11868) (6551); Madison Park Group Owner, LLC (Case No. 10-11869) (3701); and Slazer Enterprises Owner, LLC (Case No. 10-11870) (4339). The Debtors' address is 230 Congers Road, New City, NY 10920.

[2] On January 20, 2011, the Office of the United States Trustee for Region 3 appointed the Committee. Thereafter, on February 2, 2011, the Committee selected counsel.

2. While the Committee is still in the process of engaging the various parties in discussions concerning the issues involved, and considering the benefits of granting the Trustee Motions compared with any proposed alternatives, it appears at this stage that the appointment of a trustee and the termination of exclusivity are in the best interests of the estates and creditors. The Committee remains very interested in learning the results of the discussions between the equity holders and with proposed plan sponsors and in hearing any proposals the parties will make. Similarly, the Committee hopes to ensure that a process will be established which will allow all interested parties to put forth any proposals.

## COMMITTEE'S SUPPORT OF THE TRUSTEE MOTIONS

3. The Committee seeks to maximize recovery from the Debtors' assets and believes that in order to do so, the most important priority at present is to ensure the real property is fully marketed to the proper universe of parties – parties that have both the ability and interest to undertake a transaction of this nature, so that there will be benefit for all creditors. The Committee also believes that to do so requires an independent fiduciary, one who possesses the skills and is charged with the duty, to properly market the assets.

4. From the discussions to date, it appears that if the Trustee Motions are not granted, the Debtors will not undertake an open process to maximize recovery, but rather will pursue a plan with a sponsor of their choosing. While it may be that such party ultimately puts forth the best proposal for creditors, unless the assets are fully marketed and all parties are given the opportunity to put forth a proposal, the proposal from the Debtors' plan sponsor will not represent its best offer – which will prejudice creditors.

5. Moreover, this is not a situation where exclusivity will benefit the parties or where the Debtors should be entitled to maintain exclusivity. It is not necessary to determine the

- 2 -
1922163.1

merits of the various allegations between the equity holders to the discern the essential facts relevant to the Trustee Motions – i.e. despite that an involuntary case was commenced eight months ago and that the equity holders have been alternatively working together or litigating with each other since that time, no progress has been made to benefit creditors.

6. Finally, it is important to note that because all Material Actions of the Debtors require unanimity, even if the equity holders reach an agreement in an attempt to avert the appointment of a trustee, their conduct to date demonstrates that any such agreement may only be short-lived and may break down – to the prejudice of creditors – before progress can be made and a plan consummated. Accordingly, the Committee believes that a trustee should be appointed and exclusivity terminated.

Dated: February 7, 2011
Wilmington, Delaware

**POLSINELLI SHUGHART PC**

 /s/ Christopher A. Ward
Christopher A. Ward (Del. Bar No. 3877)
Shanti M. Katona (Del. Bar No. 5352)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
skatona@polsinelli.com

-and-

Schuyler G. Carroll, Esq. (*pro hac vice pending*)
Robert M. Hirsh, Esq. (*pro hac vice pending*)
**ARENT FOX LLP**
1675 Broadway
New York, New York 10019
Telephone: (212) 484-3955
Facsimile: (212) 484-3990
schuyler.carroll@arentfox.com
hirsh.robert@arentfox.com

PROPOSED COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS