# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FKF MADISON PARK GROUP OWNER, LLC, et al al.[1] | ) Case No. 10-11867 (KG) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) Hearing Date: March 22, 2011 at 3:30 p.m. (ET) |
| | ) Objection Deadline: March 15, 2011 at 4:00 p.m. (ET) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 327 AND FED. R. BANKR. P. 2014 AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO FEBRUARY 25, 2011

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby move (the "Motion") the Court for the entry of an order, pursuant to sections 105(a) and 327 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors' retention, employment, compensation and reimbursement of expenses for certain professionals used in the ordinary course of the Debtors' business *nunc pro tunc* to February 25, 2011. In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and the Motion in this Court is proper under 28 U.S.C. § 1408 and § 1409.

---

[1] The Debtors, followed by the last four digits of their tax identification numbers, are as follows: FKF Madison Group Owner, LLC (6399); JMJS 23rd Street Realty Owner, LLC (6651); Madison Park Group Owner, LLC (3701); and Slazer Enterprises Owner, LLC (4339). The Debtors' mailing address is 230 Congers Road, New City, NY 10920.

2. The statutory bases for the relief requested herein are sections 105(a) and 327 of the Bankruptcy Code and Bankruptcy Rule 2014.

**BACKGROUND**

3. On June 8, 2010 (the "Involuntary Petition Date"), involuntary Chapter 7 petitions were filed in this Court against each of the Debtors by Stephen Kraus, Mitchell Kraus, Barbara Kraus, and Kraus Hi-Tech Automation, Inc., thereby commencing the Debtors' involuntary Chapter 7 cases (the "Chapter 7 Cases"). On November 19, 2010 (the "Conversion Date"), this Court entered Orders for relief in the Chapter 7 Cases and entered Orders converting the Chapter 7 Cases to cases under Chapter 11 of the Bankruptcy Code [Case No. 10-11867, D.I. 119; Case No. 10-11868, D.I. 111; Case No. 10-11869, D.I. 112; and Case No. 10-11870, D.I. 117].

4. The Debtors are operating their respective businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

5. On January 20, 2011, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Creditors' Committee") [D.I. 211].

6. In the ordinary course of business, the Debtors employ various professionals (the "Ordinary Course Professionals") to render services relating to numerous issues that arise in the Debtors' business. The Ordinary Course Professionals are primarily attorneys, accountants and consultants who represent or advise the Debtors in various capacities. A list of the Ordinary Course Professionals utilized by the Debtors is attached to the proposed

Order accompanying this Motion as **Exhibit 1**.[2] In the aggregate, the Debtors do not anticipate paying any more than $50,000 per month to all Ordinary Course Professionals, subject to any relevant budget in effect pursuant to any Order of this Court authorizing the Debtors to obtain post-petition financing.

7. These Ordinary Course Professionals are attorneys, accountants and consultants used by the Debtors to address issues related to, among other things, taxes, auditing, accounting and non-bankruptcy legal issues. The Debtors have many such outstanding issues to address in the ordinary course of their business and anticipate that more will arise during these chapter 11 cases. Sufficient attention to these issues common to the Debtors' business, however, cannot continue without the Order because few Ordinary Course Professionals would be willing to provide their vital work for the Debtors without the assurance that the relief requested herein will provide.

8. It would be unduly burdensome to both the Debtors and the Court to require the Debtors to apply separately to this Court for approval of the retention of each individual Ordinary Course Professional. Similarly, it would be unduly burdensome on the Court for each Ordinary Course Professional to separately apply for compensation and reimbursement of expenses. Moreover, many of the Ordinary Course Professionals are unfamiliar with the fee application process employed in a bankruptcy case and might be less inclined to work with the Debtors if they were forced to adhere to such requirements in order to be compensated for services rendered.

---

[2] The inclusion of any person or entity on **Exhibit 1** to the proposed Order is not intended to be, and should not be deemed, an admission by the Debtors that such person or entity is a "professional" within the meaning of section 327 of the Bankruptcy Code

# RELIEF REQUESTED

9. By this motion, the Debtors seek the entry of an order authorizing the Debtors to retain, employ, compensate and reimburse, *nunc pro tunc* to February 25, 2011, the Ordinary Course Professionals without having to file formal retention or fee applications for each of the Ordinary Course Professionals pursuant to sections 327, 328, 329 and 330 of the Bankruptcy Code.

## I. Bankruptcy Rule 2014 Verified Statement

10. Following entry of the Order, the Debtors propose that each Ordinary Course Professional listed on **Exhibit 1** attached to the proposed Order shall file with the Court a verified statement made pursuant to Bankruptcy Rule 2014 in substantially the form attached as **Exhibit 2** to the proposed Order (the "Rule 2014 Statement"), setting forth the Ordinary Course Professional's connections with the Debtors, the Debtors' creditors, and any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee. The Debtors shall serve the Rule 2014 Statement on: (i) proposed counsel to the Committee: Perkins Coie LLP, 30 Rockefeller Plaza, New York, New York, 10112 (att'n: Schuyler G. Carroll, Esq.), Arent Fox LLP, 1675 Broadway, New York, NY 10019-5820 (Attn: Robert Hirsch, Esq.), and Polsinelli Shughart PC, 222 Delaware Ave., Suite 1101, Wilmington, DE 19801 (att'n Christopher A. Ward, Esq.); (ii) counsel to HFZ Capital Group, LLC: Cohen Tauber Spievack Wagner, P.C., 420 Lexington Ave., Suite 2400, New York, NY 10170 (att'n: Joseph M. Vann); (iii) counsel to iStar Tara LLC: Katten Muchin Rosenman LLP, 575 Madison Ave., New York, New York 10022-2585 (att'n: Jeff J. Friedman); and (iv) the Office of the United States Trustee, 844 King Street, Suite 2207,

Lockbox 35, Wilmington, DE 19801 (att'n: Jane Leamy, Esq.) (collectively, the "<u>Notice Parties</u>").

11. The Debtors propose that the Notice Parties shall have ten (10) business days after the date of filing by an Ordinary Course Professional of a Rule 2014 Statement (the "<u>Objection Deadline</u>") to object to the retention of such Ordinary Course Professional. The objecting Notice Party shall file and serve any such objection upon the Debtors, counsel to the Debtors, the affected Ordinary Course Professional and the other Notice Parties on or before the Objection Deadline. If any such objection cannot be resolved within five (5) business days after the Objection Deadline, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date or other date otherwise agreeable to the Debtors, the Ordinary Course Professional and the objecting Notice Party. If no objection is received from the Notice Parties by the Objection Deadline, the Debtors shall be deemed authorized to retain and employ such Ordinary Course Professional without further notice or hearing.

12. In order to receive compensation and reimbursement of expenses incurred after the Conversion Date from the Debtors, (a) an Ordinary Course Professional shall have filed and served on the Notice Parties a Rule 2014 Statement pursuant to the foregoing and (b) either (i) the Objection Deadline with respect to such Ordinary Course Professional has passed without objection from the Notice Parties or (ii) all objections of the Notice Parties to the retention and employment of such Ordinary Course Professional have been resolved by the parties or by order of the Court. Until such time as the foregoing has occurred with respect to an Ordinary Course Professional, the Debtors may not provide compensation and reimbursement of expenses to such Ordinary Course Professional.

## II. Additional Ordinary Course Professionals

13. The Debtors also request that they be authorized to employ and retain additional Ordinary Course Professionals needed by the Debtors in the ordinary course of their business ("Additional Ordinary Course Professionals"), without the need for any further hearing or Court approval. To employ and retain Additional Ordinary Course Professionals, the Debtors propose to: (a) file a supplement (the "Supplement") to **Exhibit 1** attached to the proposed Order accompanying this Motion setting forth the proposed Additional Ordinary Course Professionals and (b) serve the Supplement on the Notice Parties.

14. Additionally, following the Debtors' filing of the Supplement, each Additional Ordinary Course Professional that the Debtors propose to retain shall file with the Court a Rule 2014 Statement. The Debtors shall serve the Rule 2014 Statement on the Notice Parties. The same procedures for objections and authorization of compensation set out in paragraphs 11 and 12 above shall apply to Additional Ordinary Course Professionals.

## III. Payment, the OCP Monthly Cap and the OCP Compensation Statement

15. Subject to the foregoing, the Debtors propose that they be permitted to pay, without formal application to the Court by any Ordinary Course Professional, 100% of the post-Conversion Date fees and expenses of an Ordinary Course Professional upon the submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and the fees and expenses requested, provided that such fees and expenses do not exceed a total of $30,000 per month per Ordinary Course Professional (the "OCP Monthly Cap") during the course of these chapter 11 cases, subject to any relevant budget in effect pursuant to any Order of this Court authorizing the Debtors to obtain post-petition financing.

16. The Debtors propose that, in the event that the total requested fees and expenses of an Ordinary Course Professional exceed the OCP Monthly Cap for a particular month, such Ordinary Course Professional shall (a) file with the Court a statement of compensation for that month setting forth in reasonable detail the nature of the services rendered and fees and expenses requested (the "OCP Compensation Statement") and (b) serve such OCP Compensation Statement on the Notice Parties.

17. The Debtors further propose that the Notice Parties shall have ten (10) business days after the date of filing by an Ordinary Course Professional of an OCP Compensation Statement (the "OCP Compensation Statement Objection Deadline") to object to the OCP Compensation Statement. Any objection to an OCP Compensation Statement shall be in writing and set forth the precise nature of the objection and the amount of objectionable fees and/or expenses at issue. The objecting Notice Party shall file and serve any such objection upon the Debtors, counsel to the Debtors, the affected Ordinary Course Professional and the other Notice Parties on or before the OCP Compensation Statement Objection Deadline. If any such objection cannot be resolved within ten (10) business days after the OCP Compensation Statement Objection Deadline, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date or other date otherwise agreeable to the Debtors, the affected Ordinary Course Professional and the objecting Notice Party.

18. Pending resolution of an objection, the Debtors shall be authorized to pay to the Ordinary Course Professional any amounts set forth in the OCP Compensation Statement that are not disputed in the objection. Additionally, the Debtors propose that a pending unresolved objection to a certain OCP Compensation Statement shall not prevent the Debtors from paying to the affected Ordinary Course Professional compensation and reimbursement for

expenses for subsequent months that are either (a) below the OCP Monthly Cap or (b) set forth in an OCP Compensation Statement to which there has been no objection from a Notice Party by the applicable OCP Compensation Statement Objection Deadline.

19. If no objection to an OCP Compensation Statement is received from the Notice Parties by the OCP Compensation Statement Objection Deadline, the Debtors shall (a) file a certificate of no objection with respect to the OCP Compensation Statement and (b) be authorized to pay to the Ordinary Course Professional the compensation requested in the OCP Compensation Statement without further notice or hearing.

## **BASIS FOR RELIEF**

20. The Debtors are authorized to retain the Ordinary Course Professionals under section 327(a) of the Bankruptcy Code as to accountants and all other professionals, and section 327(e) of the Bankruptcy Code as to attorneys that have previously represented the Debtors. This Court is authorized to grant the relief requested herein pursuant to section 105(a) of the Bankruptcy Code.

21. Because the Ordinary Course Professionals will not be involved in the administration of these chapter 11 cases, the Debtors do not believe that the Ordinary Course Professionals are "professionals," within the meaning of section 327 of the Bankruptcy Code, whose retention must be approved by the Court. *See In re First Merchants Acceptance Corp.*, 1997 WL 873551, at *3-4 (D. Del. Dec. 15, 1997). The *First Merchants* court set out and applied various factors for determining whether formal retention of a professional is required and the central inquiry is whether the professional is retained to help administer the bankruptcy estate. *See id.* Where the professional is retained assist in administration of the bankruptcy estate, formal retention is required. *See id.* Where, however, the professional is retained to

advise the debtor in the ordinary course of its business, formal retention is not required. *See id.* The *First Merchants* analysis is consistent with that utilized by other courts when examining the types of duties to be undertaken by a "professional." *See, e.g., Elastead v. Nolden (In re That's Entm't Mktg. Group)*, 168 B.R. 226, 230-31 (N.D. Cal. 1994) (only retention of professionals whose duties are central to administration of estate requires prior court approval under section 327); *In re Madison Mgmt. Group, Inc.*, 137 B.R. 275, 283-84 (Bankr. N.D. Ill. 1992) (same); *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (same); *In re Riker Indus., Inc.*, 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (no need for section 327 approval of fees of management and consulting firm that performed only "routine administrative functions" and whose "services were not central to [the] bankruptcy case"); *In re D'Lites of Am., Inc.*, 108 B.R. 352, 355 (Bankr. N.D. Ga. 1989) (section 327 approval not necessary for "one who provides services to debtor that are necessary regardless of whether petition was filed or not"); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (only those professionals involved in the actual reorganization effort, rather than debtors' ongoing business, require approval under section 327); *In re Pacific Forest Indus., Inc.*, 95 B.R. 740, 743 (Bankr. C.D. Cal. 1989) (same); In re Babcock Dairy Co., 70 B.R. 691, 692-93 (Bankr. N.D. Ohio 1987) (holding that an expert witness was not a "professional person" under section 327 because his testimony did not measurably affect the administration of the estate).

22. Nevertheless, out of an abundance of caution and due to the essential nature of the Ordinary Course Professionals to the Debtors' business, the Debtors seek the relief requested in this Motion to avoid any subsequent controversy as to the Debtors' employment and payment of the Ordinary Course Professionals during the pendency of these chapter 11 cases.

The Debtors shall seek specific Court authority under section 327 to employ any other professionals involved in the actual administration of these chapter 11 cases.

23. The relief sought herein is not unusual considering the size and complexity of these cases. In fact, this court has granted similar relief in other large cases. *See, e.g., In re BT Tires Group Holding, LLC*, Case No. 09-11173 (CSS) (Bankr. D. Del. Apr. 27, 2009); *In re Global Motorsport Group Inc.*, Case No. 08-10192 (KJC) (Bankr. D. Del. Feb. 29, 2008); *In re Wickes Holdings, LLC*, Case No. 08-10212 (KJC) (Bankr. D. Del. Feb. 27, 2008); *In re Delta Financial Corp.*, Case No. 07-11880 (CSS) (Bankr. D. Del. Feb. 14, 2008); *In re Nutritional Sourcing Corp.*, Case No. 07-11038 (PJW) (Sept. 25, 2007); *In re Northwest Suburban Community Hospital, Inc.*, Case No. 07-11018 (KG) (Bankr. D. Del. Aug. 23, 2007); *In re Hancock Fabrics, Inc.*, Case No. 07-10353 (BLS) (Bankr. D. Del. Apr. 13, 2007); *In re AstroPower, Inc.*, Case No. 04-10322 (MFW) (Bankr. D. Del. Mar. 2, 2004); *In re The Thaxton Group, Inc.*, Case No. 03-13183 (PJW) (Bankr. D. Del. Nov. 12, 2003); *In re Orion Refining Corp.*, Case No. 03-11483 (MFW) (Bankr. D. Del. June 5, 2003); *In re Wherehouse Entm't, Inc.*, Case No. 03-10224 (PJW) (Bankr. D. Del. Mar. 27, 2003); *In re FAO, Inc.*, Case No. 03-10119 (LK) (Bankr. D. Del. Mar. 3, 2003).

24. Although certain of the Ordinary Course Professionals may hold pre-Conversion Date claims against the Debtors, the Debtors do not foresee that such claims will hinder the Ordinary Course Professionals from rendering services during the pendency of these chapter 11 cases. The Debtors also do not believe that such claims create a position materially adverse to the Debtors with respect to the matters for which the Ordinary Course Professionals are being retained.

25. The Debtors submit that the retention of the Ordinary Course Professionals and the payment of compensation on the basis set forth herein are in the best interests of the Debtors' estates. While the Ordinary Course Professionals with whom the Debtors have previously dealt or desire to employ generally wish to provide services to the Debtors on an ongoing basis, many might be unwilling to do so if they are able to be paid on a regular basis only through a cumbersome, formal application process. Moreover, if the expertise and background knowledge of certain of these Ordinary Course Professionals with respect to the particular areas and matters for which they were responsible prior to the Conversion Date are lost, the estates undoubtedly will incur additional and unnecessary expenses because the Debtors will be forced to retain other professionals without such background and expertise. It is therefore in the best interest of the Debtors' estates to avoid any disruption in the professional services required in the day-to-day operation of the Debtors' business.

## NOTICE

26. Notice of this Motion has been given to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Creditors' Committee; (c) counsel to HFZ; (d) counsel to iStar; and (e) all other parties that have requested notice in these cases or are otherwise entitled to notice under Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

27. No prior request for the relief sought in this Motion has been made to this Court or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that this Court (i) enter an order, substantially in the form attached hereto as **Exhibit A**, allowing them to retain, employ, compensate and reimburse the Ordinary Course Professionals, *nunc pro tunc* to February 25, 2011 and (ii) grant such other and further relief as may be just and proper.

Dated: March 3, 2011
      Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Erin R. Fay (No. 5268)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors and Debtors-in-Possession*

3770657