# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FKF MADISON PARK GROUP OWNER, LLC, et al al.[1] | ) Case No. 10- 11867 (KG) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) Re: D.I. 335 |

## ADMINISTRATIVE ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331, FED. R. BANKR. P. 2016 AND DEL. BANKR. L.R. 2016-2 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION OF FEES AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS AND OFFICIAL COMMITTEE MEMBERS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an administrative order (this "Order"), pursuant to sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, establishing procedures for interim compensation and reimbursement of fees and expenses for professionals and official committee members; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and upon the record herein; and it appearing that the relief requested by the Motion is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

---

[1] The Debtors, followed by the last four digits of their tax identification numbers, are as follows: FKF Madison Group Owner, LLC (6399); JMJS 23rd Street Realty Owner, LLC (6651); Madison Park Group Owner, LLC (3701); and Slazer Enterprises Owner, LLC (4339). The Debtors' mailing address is 230 Congers Road, New City, NY 10920.

[2] Capitalized terms used, but not defined, herein shall have those meanings ascribed to them in the Motion.

1. The Motion is GRANTED.

2. Except as may otherwise be provided in orders of the Court authorizing the retention of specific professionals, all Professionals in these chapter 11 cases may seek interim payment of compensation of fees and reimbursement of expenses in accordance with the following procedures (the "Compensation Procedures"):

(a) After the first day of each month (the "Fee Filing Period") following the month for which compensation is sought (the "Compensation Period"), each Professional seeking interim compensation may file with the Court a monthly application (each a "Monthly Fee Statement") pursuant to section 331 of the Bankruptcy Code for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the Compensation Period. Each Professional shall serve the Monthly Fee Statement on: (i) the Debtors: Green Bridge Capital S.A. c/o ATTC S.A.M., 7 Avenue de Grande Bretagne, Monaco 98000, Monaco (att'n Cevdet Caner); (ii) counsel to the Debtors: Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899-1347 (att'n: Derek C. Abbott, Esq.); (iii) counsel to the Committee: Perkins Coie LLP, 30 Rockefeller Plaza, New York, New York, 10112 (att'n: Schuyler G. Carroll, Esq.), Arent Fox LLP, 1675 Broadway, New York, NY 10019-5820 (Attn: Robert Hirsch, Esq.), and Polsinelli Shughart PC, 222 Delaware Ave., Suite 1101, Wilmington, DE 19801 (att'n Christopher A. Ward, Esq.); (iv) counsel to iStar Tara LLC, Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, NY 10022-2585 (Attn: Jeff J. Friedman, Esq.); (v) counsel to HFZ Capital LLC, Cohen Tauber Spievack & Wagner, P.C., 420 Lexington Avenue, Suite 2400, New York, New York 10170 (Attn: Joseph M. Vann, Esq.); and (vi) the

Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (att'n: Jane Leamy, Esq.) (collectively, the "Notice Parties"). The Professionals are not required to serve the Monthly Fee Statement on any party other than the Notice Parties.

(b) All Monthly Fee Statements shall comply with the Bankruptcy Code, Bankruptcy Rule 2016 and any other applicable Bankruptcy Rules, Local Rule 2016-2 and any other applicable Local Rules and applicable Third Circuit law.

(c) Each Notice Party shall have twenty-one (21) days after service of a Monthly Fee Statement to review the Monthly Fee Statement and object thereto (the "Objection Deadline"). Upon the expiration of the Objection Deadline: (i) if no objections have been filed, the Professional shall file a certificate of no objection and the Debtors shall then be authorized to pay such Professional eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Statement (the "Maximum Interim Payment") or (ii) if an objection to a Monthly Fee Statement has been filed, the Professional shall be entitled to eighty percent (80%) of the fees and one hundred percent (100%) of the expenses (the "Permitted Incremental Payment") not subject to that objection pursuant to subparagraph (d) below.

(d) If any Notice Party objects to the Monthly Fee Statement of a Professional (the "Affected Professional"), it must file with the Court on or before the Objection Deadline a written statement of its objection setting forth the precise nature of the objection and the amount of objectionable fees and expenses at issue (collectively, the "Objection") and serve the Objection on the Affected Professional and each of the Notice Parties. Thereafter, the objecting Notice Party and the Affected Professional may attempt

to resolve the Objection on a consensual basis. If the parties are unable to resolve an Objection within twenty (20) days after the service of the Objection, the Affected Professional may either: (i) file a response to the Objection with the Court together with a request for the payment of the difference, if any, between the Maximum Interim Payment and the Permitted Incremental Payment made to the Affected Professional (the "Incremental Amount") or request a hearing of the Court; or (ii) forego payment of the Incremental Amount until the next interim or final Monthly Fee Statement hearing, at which time the Court will consider and dispose of the Objection if so requested by the parties.

(e) Beginning with the period ending April 30, 2011, and at three-month intervals thereafter or at such other intervals that may be convenient to the Court (each, an "Interim Fee Period"), each of the Professionals shall file with the Court and serve on the Notice Parties a request (an "Interim Fee Statement Request") for the Court's interim approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation of fees and reimbursement of expenses sought in the three Monthly Fee Statements filed during such Interim Fee Period. The Interim Fee Statement Request must include a summary of the Monthly Fee Statements that are the subject of the request plus any other information requested by the Court or required by the Local Rules. Any Professional that fails to file an Interim Fee Statement Request will be ineligible to receive further monthly payments of fees and expenses under the Compensation Procedures until such time as the Professional submits a further Interim Fee Statement Request.

(f) The Debtors shall request that the Court schedule a hearing on the pending Interim Fee Statement Requests at least once every six months. The Debtors, however, may request a hearing be held every three months or at such other intervals as the Court deems appropriate.

(g) The pendency of an Objection to a Monthly Fee Statement will not disqualify a Professional from the future payment of compensation of fees or reimbursement of expenses under the Compensation Procedures.

3. Neither (a) the payment of or the failure to pay, in whole or in part, monthly interim compensation of fees and reimbursement of expenses under the Compensation Procedures, nor (b) the filing of or the failure to file an Objection will bind any party in interest or bind the Court with respect to the allowance of interim or final applications for compensation of fees and reimbursement of expenses of Professionals.

4. All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

5. Each Committee Member is permitted to submit statements of expenses (excluding individual Committee Member's counsel expenses) and supporting vouchers to counsel to any such Committee, which shall collect and submit the Committee Members' requests for reimbursement in accordance with the Compensation Procedures.

6. The Applications shall be sent only to the Notice Parties.

7. Any Hearing Notice shall be sent to: (a) the Notice Parties and (b) all parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases.

8. The Debtors shall include in their monthly operating reports all payments to the Professionals and, if applicable, the Committee Members.

9. The Debtors are authorized to take all actions necessary to implement this Order.

10. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: March 18, 2011
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

4128994.2