IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re                                                          :   Chapter 11
                                                               :
FKF MADISON PARK GROUP OWNER,                                  :   Case No. 10-11867 (KG)
LLC, et al.,[1]                                                :   Jointly Administered
                                                               :
                    Debtors.                                   :
                                                               :   Hearing Date: April 21, 2011 at 2:00 p.m.
                                                               :   Objection Deadline: April 12, 2011 at 4:00 p.m.
---------------------------------------------------------------x

RECEIVER'S MOTION, PURSUANT TO 11 U.S.C. §§ 105(a) AND 543(b)
AND BANKRUPTCY RULE 6002, FOR ENTRY OF AN ORDER (A) APPROVING
THE RECEIVER'S FINAL REPORT, (B) GRANTING POST-PETITION
DISCHARGE OF THE RECEIVER AND HIS PROFESSIONALS, AND
(C) FINDING THAT THE RECEIVER COMPLIED WITH 11 U.S.C. § 543

In accordance with sections 105(a) and 543(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Jonathan H. Newman, in his capacity as the superseded state court-appointed receiver (the "**Receiver**") of that certain luxury residential and commercial condominium development known as One Madison Park (located at 23 East 22nd Street, New York, New York, 10010) (the "**Mortgaged Property**"), files this motion (the "**Motion**") and hereby requests this Court enter an order: (a) approving the Final Report and Accounting of Jonathan H. Newman, Receiver, attached hereto as Exhibit A (the "**Final Report**"); (b) finding that the Receiver has complied with his obligations under section 543 of the Bankruptcy Code, as supplemented by Rule 6002 of the Bankruptcy Rules; (c) discharging the Receiver and his professionals from any further obligations with respect to the Mortgaged Property or the

---

[1]   The Debtors, followed by the last four digits of their tax identification numbers, are as follows: FKF Madison Group Owner, LLC (6399); JMJS 23rd Street Realty Owner, LLC (6651); Madison Park Group Owner, LLC (3701); and Slazer Enterprises Owner, LLC (4339). The Debtors' mailing address is P.O. Box 49249, Charlotte, NC 28277.

receivership and from any liability (except if resulting from the Receiver or his professionals' fraud, willful misconduct or gross negligence) relating to or arising from services performed by, or at the direction of, the Receiver with respect to the Mortgaged Property on or after June 8, 2010 (the "**Petition Date**"); and (d) granting such further relief as this Court deems just and proper.

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 543(b) of the Bankruptcy Code and Rule 6002 of the Bankruptcy Rules.

## BACKGROUND

2. On February 18, 2010, iStar Tara LLC ("**iStar**") commenced a foreclosure action (the "**Foreclosure Action**") in the Supreme Court of the State of New York, County of New York (the "**State Court**") in respect of the Mortgaged Property.

3. On or about April 15, 2010, the State Court granted iStar's application for appointment of a receiver during the pendency of the Foreclosure Action and issued the *Interim Order Appointing Temporary Receiver In Mortgage Foreclosure Action* (the "**Interim Receivership Order**"), which appointed Jonathan H. Newman as the interim receiver. Pursuant to the terms of the Interim Receivership Order, the Receiver was authorized, among other things, to have full access to the Mortgaged Property, to inspect the books and records of the above-captioned debtors and debtors in possession (the "**Debtors**"), to collect sale proceeds and

common charges, and to pay all expenses necessary to protect the Mortgaged Property from deterioration or waste.

4. On May 5, 2010, the State Court issued the *Order Expanding Powers of Receiver in Mortgage Foreclosure Action* (the "**Final Receivership Order**"), which affirmed the Receiver's appointment during the pendency of the Foreclosure Action and granted the Receiver additional powers, including the authority to oversee and supervise, in consultation with the Debtors and iStar, continued construction and development of the Mortgaged Property.

5. On June 8, 2010, involuntary petitions were filed against the Debtors pursuant to chapter 7 of the Bankruptcy Code. On June 29, 2010, the Debtors filed a motion to dismiss the involuntary petitions. [Dkt. No. 23.] On November 18, 2010, the Debtors withdrew their motion to dismiss the involuntary petitions. Also on November 18, 2010, certain creditors filed a motion seeking, among other things, the conversion of the bankruptcy cases from chapter 7 to chapter 11, which the Debtors joined. [Dkt. Nos. 114, 116.] On November 19, 2010, the Bankruptcy Court entered Orders for relief and converted the proceedings to cases under chapter 11 of the Bankruptcy Code. [Dkt. Nos. 118 and 119.]

6. In light of a dispute concerning authority over the Debtors, that arose following entry of the Orders for relief, this Court temporarily excused the Receiver from complying with the turnover obligation under section 543 of the Bankruptcy Code. (*See* Dec. 16, 2010 Hr'g Tr. at 63:7-64:23, Final Report, Ex. 3.) Upon resolution of such dispute, the Receiver commenced and has now completed the process of effecting turnover as required by section 543 the Bankruptcy Code.

## RELIEF REQUESTED

7. By this Motion, the Receiver requests that this Court enter an order,[2] substantially in the form annexed hereto as Exhibit B: (a) approving, pursuant to sections 105(a) and 543(b) of the Bankruptcy Code and Rule 6002 of the Bankruptcy Rules, the Final Report, which is annexed hereto as Exhibit A; (b) finding that the Receiver has complied with his obligations under section 543 of the Bankruptcy Code, as supplemented by Rule 6002 of the Bankruptcy Rules; (c) discharging the Receiver and his professionals from any further obligations with respect to the Mortgaged Property or the receivership and from any liability (except if resulting from the Receiver or his professionals' fraud, willful misconduct or gross negligence) relating to or arising from services performed by, or at the direction of, the Receiver with respect to the Mortgaged Property on or after the Petition Date; and (d) granting such further relief as this Court deems just and proper.

## BASIS FOR RELIEF

8. Section 543 of the Bankruptcy Code provides, in relevant part:

(a) A custodian with knowledge of the commencement of a case under this title concerning the debtor may not make any disbursement from, or take any action in the administration of, property of the debtor, proceeds, product, offspring, rents, or profits of such property, or property of the estate, in the possession, custody, or control of such custodian, except such action as is necessary to preserve such property.

(b) A custodian shall --

(1) deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, products, offspring, rents, or profits of such property, that is in such custodian's possession, custody or control on the date that such custodian acquires knowledge of the commencement of the case; and

---

[2] The Receiver also intends to file an Application (the "**Application**"), pursuant to section 543(c)(2) and 503(b)(3)(E) and (b)(4) of the Bankruptcy Code, seeking approval of the fees and reimbursement of the expenses of the Receiver and the Receiver's Professionals (as defined in the Application).

(2) file an accounting of any property of the debtor, or proceeds, product, offspring, rents, or profits of such property, that, at any time, came into the possession, custody, or control of such custodian.

11 U.S.C. § 543.[3]

9. The Receiver respectfully submits that he has complied with the requirements of section 543 of the Bankruptcy Code. As described more fully in the attached Final Report, following the Petition Date, the Receiver and his professionals limited their activities to those necessary for the preservation of the estate, and all disbursements made by, or at the request of, the Receiver were in furtherance of that purpose. The Final Report accounts for all property and funds received, and/or disbursed by the Receiver since his appointment by the State Court.

10. In addition, as described more fully in the Final Report, upon the resolution of the authority dispute referenced above, the Receiver and his professionals have coordinated the turnover to the Debtors of all the Debtors' property that was in the Receiver's possession, custody and control, including handing over any keys to units in the building that were in the Receiver's possession, delivering the remaining balance in the Receiver's bank account to the Debtors, and providing copies of all relevant documents, correspondence and other records.

11. By this Motion, the Receiver respectfully requests that this Court approve the Final Report and discharge the Receiver and his professionals from any further obligations

---

[3] In addition, Rule 6002 of the Bankruptcy Rules provides, in relevant part, that "[a]ny custodian required by the [Bankruptcy] Code to deliver property in the custodian's possession or control to the trustee shall promptly file and transmit to the United States trustee a report and account with respect to the property of the estate and administration thereof." Fed. R. Bankr. P. 6002(a). Further, "[o]n the filing and transmittal of the report and account required by subsection (a) of this rule and after an examination has been made into the superseded administration, after notice and a hearing, the court shall determine the propriety of the administration, including the reasonableness of all disbursements." Fed. R. Bankr. P. 6002(b).

with respect to the Mortgaged Property or the receivership and from any liability (except if resulting from the Receiver or his professionals' fraud, willful misconduct or gross negligence) relating to or arising from services performed by, or at the direction of, the Receiver with respect to the Mortgaged Property on or after the Petition Date.[4]

12. This Court's authority to discharge a superseded state court custodian pursuant to section 543 flows from its jurisdiction over both the custodian and the estate property under such custodian's control following commencement of a case under the Bankruptcy Code. See 11 U.S.C. § 543(c); In re Sundance Corp., Inc., 149 B.R. 641, 649-50 (Bankr. D. Wash. 1993) ("Through § 543, Congress has apparently authorized bankruptcy courts to review and conclude matters relating to a state court receivership."); In re Weldon F. Stump & Co., Inc., Case No. 05-32505, slip op. (Bankr. N.D. Ohio Nov. 8, 2005) ("[T]he authority to discharge a receiver necessarily flows from the bankruptcy court's jurisdiction over both the 'custodian' and the estate property which came under their control.").

13. In addition, section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Pursuant to section 105(a) of the Bankruptcy Code, this Court has expansive equitable powers to fashion any order or decree that is reasonable and equitable. See, e.g., Bird v. Crown Convenience (IN re NWFX, Inc.), 864 F.2d 588, 590 (8th Cir. 1988) ("The overriding consideration in bankruptcy . . . is that equitable principals govern.").

---

[4] The Receiver also intends to file an application in the State Court for, inter alia, an order discharging the Receiver and his professionals for any liability relating to or arising from services performed on or before the Petition Date, terminating the receivership and directing that the Receiver is permitted to cancel the surety bond that he posted following his appointment.

## CONCLUSION

WHEREFORE, the Receiver respectfully requests that this Court enter an Order, substantially in the form annexed hereto as Exhibit B: (a) approving, pursuant to sections 105(a) and 543(b) of the Bankruptcy Code, as supplemented by Rule 6002 of the Bankruptcy Rules, the Final Report, which is annexed hereto as Exhibit A; (b) finding that the Receiver has complied with his obligations under section 543 of the Bankruptcy Code, as supplemented by Rule 6002 of the Bankruptcy Rules; (c) discharging the Receiver and his professionals from any further obligations with respect to the Mortgaged Property or the receivership and from any liability (except if resulting from the Receiver or his professionals' fraud, willful misconduct or gross negligence) relating to or arising from services performed by, or at the direction of, the Receiver with respect to the Mortgaged Property on or after the Petition Date; and (d) granting such further relief as this Court deems just and proper.

Dated: New York, New York
March 29, 2011

_____
JONATHAN H. NEWMAN, RECEIVER
Newman Ferrara LLP
1250 Broadway, 27th Floor
New York, New York 10001
Tel: 212.619.5400
Fax: 212.619.3090
jnewman@nfllp.com

6432805