**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FKF MADISON GROUP OWNER, LLC, *et al.*, | Case No. 10-11867 (KG) Jointly Administered |
| Debtors. | **Re: D.I. 435** Hearing Date: May 19, 2011 Objections Due: May 13, 2011 (by agreement) |

**LIMITED OBJECTION TO FINAL OMNIBUS FEE APPLICATION OF**
**STATE COURT-APPOINTED RECEIVER AND HIS PROFESSIONALS**

HFZ Capital Group LLC ("HFZ"), by and through its undersigned counsel, as and for its limited objection to the Final Omnibus Application of Jonathan E. Newman, Superseded State Court-Appointed Receiver, pursuant to Sections 543(c)(2) and 503(b) of the Bankruptcy Code, for compensation for services rendered and reimbursement of expenses of the Receiver and His Professionals for the period from October 1, 2010 through March 31, 2011 (the "Fee Application"),[1] respectfully states as follows.

1.      The Fee Application seeks immediate allowance and payment of more than $500,000 in fees and expenses (the "Present Fees") incurred by the Receiver under section 543(c) of the Bankruptcy Code during the period from October 1, 2010 through March 31, 2011. The Receiver and his professionals have already sought, and have been paid, in excess of $955,000 for work performed from April 15, 2010 through September 30, 2010. *See* Notice of Service of Approval of Fees and Expenses to be Paid to the New York State Court Receiver [D.I. 142]. The Present Fees constitute, if allowed as reasonable, administrative priority claims pursuant to section 503(b) of the Bankruptcy Code.

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed thereto in the Fee Application.

2.     The Bankruptcy Code does not, however, require the immediate payment of administrative expenses. To the contrary, the only requirement is that such expenses must be paid prior to consummation of a plan of reorganization and the debtor's emergence from bankruptcy.

3.     As the Court is aware, HFZ, together with SFI Belmont LLC, have agreed to provide postpetition financing to the Debtors in accordance with the Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Modifying the Automatic Stay, and (III) Scheduling Final Hearing [D.I. 369] entered in these cases. Presently, such financing is the only source for payment of the Present Fees.

4.     Given that the Debtors have not yet filed their plan of reorganization – their exclusivity period currently expires on May 31, 2011, consideration of the Fee Application is simply premature. Accordingly, HFZ submits that the Fee Application should be adjourned until such time as it is ripe for determination.[2]

5.     In the alternative, if the Court is inclined to award any of the Receiver's Present Fees at this time, HFZ submits that the Present Fees should be subject to the requirements of this Court's Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation of Fees and Reimbursement of Expenses for Professionals and Official Committee Members [D.I. 36] (the "Interim Compensation Order"). Specifically, the Receiver and its professionals should receive immediate payment of 80% of fees and 100% of expenses, with payment of the holdback subject to a final fee application at the end of these cases.

---

[2]   Nothing contained herein shall be deemed a waiver of HFZ's right to object to the Receiver's and his professionals' fees and expenses at such time on any grounds, including, without limitation, reasonableness, all of which rights are expressly reserved.

WHEREFORE, HFZ respectfully requests that the Court enter an order (i) adjourning the hearing on the Fee Application, (ii) in the alternative, directing that the fees and expenses of the Receiver and his professionals be subject to the requirements of the Interim Compensation Order; and (iii) granting such other relief as is just and proper.

Date:   May 13, 2011
        Wilmington, DE

SULLIVAN · HAZELTINE · ALLINSON LLC

*G.G. Allinson III*

Elihu E. Allinson, III (No. 3476)
901 North Market Street, Suite 1300
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195

and

Joseph M. Vann, Esq.
Robert A. Boghosian, Esq.
Andrew L. Buck, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Avenue, Suite 2400
New York, NY 10170
Tel: (212) 586-5800
Fax: (212) 586-5095

*Counsel for HFZ Capital Group LLC*