IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 10-11867 (KG) |
| FKF Madison Park Owners, LLC, | ) | (Jointly Administered) |
| et al.,[1] | ) | |
| | ) | Objections Due: June 7, 2011 @ 4:00 p.m. |
| Debtors. | ) | Hearing Date: June 14, 2011 @ 11:00 a.m. |

## MOTION OF 16 MADISON SQUARE HOUSING CORP. FOR RELIEF FROM THE AUTOMATIC STAY

16 Madison Square Housing Corp. (the "Movant"), by and through its undersigned counsel, hereby moves (the "Motion") this Honorable Court, pursuant to Section 362(d) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1, for an order lifting the automatic stay for the purpose of (i) permitting liquidation of the Movant's claims against debtor Slazer Enterprises Owner, LLC to be asserted in an action to be filed in New York state court (the "State Court Action"), and (ii) proceeding to collect on any judgment against any available insurance proceeds under any applicable insurance policy (the "Motion"). In support of its Motion, the Movant respectfully states the following:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue for this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Section 362(d) of the Bankruptcy Code, Fed. R. Bankr. P. 4001 and Local Rule 4001-1.

---

[1] The Debtors are as follows: FKF Madison Group Owner, LLC, JMJS 23rd Street Realty Owner, LLC, Madison Park Group Owner, LLC and Slazer Enterprises Owner, LLC.

## The Parties

2. The Movant is a corporate entity that operates the building located at 16 East 23rd Street, New York, NY 10010 (the "Movant Premises") and acts as the Co-Op Association for the Movant Premises. Margaret Gilpin is the president of the Co-Op Association.

3. Debtor Slazer Enterprises Owner, LLC ("Slazer" or the "Debtor") is the owner of a property two buildings from the Movant Premises located at 22 East 23rd Street, New York, NY 10010 (the "Debtor Premises"). Slazer's mailing address is 230 Congers Road, New York, NY 10920

4. On June 8, 2010 (the "Petition Date"), certain creditors filed involuntary petitions for relief under Chapter 7 the "Bankruptcy Code against Slazer and certain of its affiliates (collectively, the "Debtors"). On November 19, 2010, the Court entered orders for relief with respect to each of the Debtors and orders converting the Debtors' cases to cases under Chapter 11 of the Bankruptcy Code.

5. On information and belief, the Debtors continue to operate and manage their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. On December 16, 2010 the Court entered an order consolidating the Debtors' cases for administrative purposes (D.I. 165).

## Background

6. Prior to the Petition Date, while removing pre-existing buildings and constructing a new 60 story building on the Debtor Premises, the Debtor's contractors caused substantial damage to the Movant Premises. This damage included, but was not limited to, damage to a sky light, damage to the roof, damage to a parapet wall, damage to an air conditioning unit and damages to several doors (the "Damages"). Upon information and belief, the Debtor may have insurance policies that would cover the Damages.

7. By letter dated February 8, 2008 (the "February 8 Letter"), Ira Shapiro, the Debtor's Managing Partner, advised Ms. Gilpin that the Debtor was planning to proceed with certain repairs relating to the Damages. A copy of the February 8 Letter is attached hereto as Exhibit A. By letter dated December 15, 2008 (the "December 15 Letter"), counsel to the Debtor confirmed the Debtor's agreement to perform certain repairs relating to the Damages. A copy of the December 15 Letter is attached hereto as Exhibit B. In addition to the February 8 Letter and the December 15 Letter (collectively, the "Letters"), the Debtor and the Ms. Gilpin communicated extensively by email regarding the Damages. Samples of this email correspondence are attached hereto as Exhibit C.

8. As of the Petition Date, the Debtor had not conducted any repairs on the Movant Premises.

9. On March 28, 2011, April 11, 2011 and May 2, 2011, Preserv, Inc., a company specializing in building restoration, submitted estimates for repairing the Damages (collectively, the "Estimates"), which, together, estimate the total cost to repair the Damages to be $166,575.00.[2] Copies of the Estimates are attached hereto as Exhibit D. The Estimates do not include an estimated $2,000.00 needed to repair the air conditioning unit.

## Relief Requested

10. By this Motion, the Movant seeks relief from the automatic stay so that it may seek payment for the Damages from any applicable insurance policies of the Debtor, including filing and pursuing the State Court Action to judgment or other resolution, and satisfy any judgment or other resolution it may obtain against the Debtor in the first instance from the proceeds of such applicable insurance policies. The Movant will seek to satisfy any portion of

---

[2] The March 28, 2011 estimate, in the amount of $29,900.00 was for repairing the parapet wall. Previously, in August, 2009, Slazer received an estimate in the amount of $70,500.00 for the same work from Mastercraft Masonry I, Inc.

3

its claim not covered by insurance policies through the Debtors' claim resolution process in this Court.

## Basis for the Relief Requested

11. The Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay ... for cause....

11 U.S.C. § 362(d). The term "cause" is not defined in the Code, but rather, must be determined on a case-by-case basis. In the Matter of Rexene Products Co., 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citations, internal quotations omitted).

12. The three factors courts consider when balancing the competing interests of debtor and movant to determine whether cause exists to modify the automatic stay are (1) the prejudice that would be suffered should the stay be lifted, (2) the balance of hardships facing the parties, and (3) the probable success on the merits if the stay is lifted. In re Continental Airlines, 152 B.R. 420, 424 (D. Del. 1993).

13. Here, the facts weigh in Movant's favor on each of these three prongs. As evidenced by the February 8 Letter and the December 15 Letter, the Debtor was aware of its liability for the Damages and had agreed to make repairs. Further, to the extent the Court allows the filing of the Movant's Proof of Claim, the Debtor will not suffer prejudice should the stay be lifted because the Movant's claims will have to be liquidated at some point before the Movant can receive any distribution in this bankruptcy proceeding.

14. Moreover, on information and belief, insurance was in place during the relevant time period and available to cover Movant's claims. To the extent that the Debtor's liability to the Movant is covered by insurance policies, any recovery by the Movant will not affect the

4

Debtors' estates. In re 15375 Memorial Corp., 382 B.R. 652, 687 (Bankr. D. Del. 2008), *on reconsideration,* 386 B.R. 548 (Bankr. D. Del. 2008), *rev'd on other grounds*, 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate") (quoting In re Edgeworth, 993 F.2d 51). To the extent that the Movant's claims are not covered by the Debtor's insurance, the Movant only seeks to liquidate, and will not seek to collect, its claims against the Debtor via the State Court Action. In re Tricare Rehabilitation Systems, Inc., 181 B.R. 569, 578 (Bankr. N.D. Ala. 1994) (lifting the stay to liquidate, as opposed to collect); In re Metzner, 167 B.R. 414, 416 (E.D. La. 1994) (same).

15. Second, the Movant will face substantial hardship if the stay is not lifted. The Movant is located in New York. The conduct that is the subject of the State Court Action occurred in New York and is governed by New York law. The relevant documents, witnesses, and physical artifacts are located in New York. If the Movant is forced to litigate its claims in Delaware, it would incur the increased expense of bringing its attorneys, witnesses, and physical evidence to Delaware. See In re The Conference of African Union First Colored Methodist Protestant Church, 184 B.R. 207, 218 (Bankr. D. Del. 1995) ("[T]he existence of a more appropriate forum than the bankruptcy court is "cause" for relief under Code § 362(d)(1)."); In the Matter of Baker, 75 B.R. 120, 121 (Bankr. D. Del. 1987) (granting relief from stay to permit Family Court to determine issues with which it had expertise). In addition, if the automatic stay is not lifted, the Movant may not be able to collect against applicable insurance proceeds

16. By contrast, the Debtors will not suffer any meaningful hardship if the State Court Action is allowed to be filed and proceed. A primary purpose of the automatic stay is to give debtors a breathing spell in which to focus on their reorganization without the distraction of having to defend litigation at the same time. In this case, the Debtors have had over six months

5

since the entry of an order for relief. Further, the State Court Action is garden variety damages claim that does not present complicated factual or legal issues and will not substantially distract the Debtors from the bankruptcy process.

17. Third, the final prong of the analysis is satisfied by "even a slight probability of success on the merits ... in an appropriate case." In re Continental Airlines, 152 B.R. at 425. This prong also weighs in the Movant's because the Debtor has already acknowledged its liability and, in fact, had previously agreed to repair the Damages. See In re Fernstrom Storage and Van Co., 938 F.2d 731, 736 (7th Cir. 1991) (the court lifted the automatic stay where underlying action was not frivolous).

18. On these facts, cause exists to lift the automatic stay. Cf. In re Drexel Burnham Lambert Group, Inc., 113 B.R. 830, 838 n.8 (Bankr. S.D.N.Y. 1990) ("cause" utilized to permit litigation in another forum to liquidate personal injury claim); In the Matter of Rexene Products, Inc., 141 B.R. at 576 (legislative history indicates "cause" may be established by single factor including to permit action to proceed in another tribunal).

//

//

## Conclusion

WHEREFORE, the Movant respectfully requests the entry of an Order, substantially similar to the proposed form of order attached hereto as Exhibit E, modifying the automatic stay to allow it to (i) file and prosecute the State Court Action to judgment or other resolution, (ii) to liquidate its claim against the Debtor, (iv) to seek satisfaction of any judgment obtained against the Debtor in the first instance from the proceeds of any insurance coverage available to the Debtor that may be applicable to the Movant's claims., and (v) to obtain such other and further relief as this Court deems just and proper.

Dated: May 24, 2011
Wilmington, Delaware

        SULLIVAN • HAZELTINE • ALLINSON LLC

        */s/ William A. Hazeltine*
        William A. Hazeltine (No. 3294)
        4 East 8th Street, Suite 400
        Wilmington, DE 19801
        Tel: (302) 428-8191
        Fax: (302) 428-8195

        *Attorneys for 16 Madison Square Housing Corp.*