# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FKF MADISON GROUP OWNER,<br>LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 10-11867 (KG)<br>Jointly Administered<br><br>**Hearing Date: May 19, 2011**<br>**Objections Due: May 13, 2011 (by agreement)** |

**OBJECTION TO FIRST MONTHLY APPLICATION OF PERKINS COIE LLP, AS ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM MARCH 2, 2011 THROUGH MARCH 31, 2011**

HFZ Capital Group LLC ("HFZ"), by and through its undersigned counsel, as and for its objection to the First Monthly Application of Perkins Coie LLP ("Perkins"), as Attorneys for the Official Committee of Unsecured Creditors (the "Committee"), for Compensation for Services Rendered and Reimbursement of Expenses for the Period From March 2, 2011 Through March 31, 2011 (the "Fee Application"),[1] respectfully states as follows.

## Background

1.  Payment of professional fees and expenses in these cases is governed by the Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for interim compensation of Fees and Reimbursement of Expenses for Professionals and Official Committee Members [D.I. 373] (the "Interim Compensation Order"). The Interim Compensation Order provides, among other things, that professionals retained in these cases are to receive interim payment of their requested fees of no more than 80% of the requested fee amount and 100% of the expenses not subject to objection. Interim Compensation Order ¶ 2(b).

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Fee Application.

{00112384.DOC; 1}2923153/1

2. The Fee Application seeks the allowance and immediate payment of the full amount of Perkins' fees in the amount of $116,085.15 and the reimbursement of expenses in the amount of $3,086.19 (such fees and expenses, collectively, the "Requested Fees") incurred during March, 2011 (the "March Fee Period"). The Fee Application requests authorization for the payment in full of the Requested Fees, without any holdback as required by the Interim Compensation Order.

3. As the Court is aware, HFZ and SFI Belmont, LLC have agreed to provide postpetition financing to the Debtors in accordance with the Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Modifying the Automatic Stay, and (III) Scheduling Final Hearing [D.I. 369] (the "Final DIP Order") entered in these cases. The portion of that financing provided by HFZ (the "Administrative DIP Loans") is to be used solely to fund the administrative expenses of the Debtors' chapter 11 cases, including professional fees and expenses incurred by professionals of the Committee in these cases. The Administrative DIP Loans are presently the sole source for payment of such expenses, including the Requested Fees as the Debtors have no cash other than the loans provided pursuant to the Final DIP Order.

4. As described in the Final DIP Order, the funds loaned by HFZ to the Debtors are to be used exclusively for funding the expenses set forth in the amounts specified in the budget annexed to the Final DIP Order (the "Approved Budget"). Final DIP Order ¶ 8. The Final DIP Order does not permit any variance from or amendment of the Approved Budget line items to be paid from the proceeds of the Administrative DIP Loan.

5. The Approved Budget specifies a monthly line item for the fees and expenses of Committee counsel of $75,000 for payments in March 2011 and $65,000 per month thereafter.

## Objection

6. The Requested Fees are also completely unreasonable, and Perkins expended many hours duplicating work performed by the Debtors' professionals. In particular, the vast majority of time billed by Perkins (approximately 187 of the 222 total hours billed) was attributable to two partners billing at a blended billing rate of roughly $565 an hour (after application of a voluntary 10% discount), and over two-thirds of the Requested Fees were incurred in connection with matters related to the postpetition financing.

7. Notwithstanding the foregoing, and without waiver of any of its rights to object to the Requested Fees at the interim or final fee applications on any grounds, including reasonableness of such fees, and in accordance with the Interim Compensation Order and the Approved Budget, HFZ will consent to the payment of the Requested Fees in an amount not to exceed the Committee fee line item for the month of March 2011 in the Approved Budget, less any amounts already authorized and paid to other Committee professionals and applied against that line item.

8. In any event, any amounts awarded in respect of the Fee Request must be subject to the requirements set forth in the Interim Compensation Order (the "Interim Compensation Order"). Specifically, at most Perkins is entitled to payment of 80% of any fees and 100% of expenses, with payment of the holdback subject to a final fee application at the end of these cases.

WHEREFORE, HFZ respectfully requests that the Court enter an order (i) limiting the allowance of the Requested Fees to the Committee counsel line item in the Approved Budget; (ii) directing that the payment of any amounts so approved be subject to the requirements of the Interim Compensation Order; and (iii) granting such other relief as is just and proper.

Date: May 26, 2011
Wilmington, DE

SULLIVAN · HAZELTINE · ALLINSON LLC

*/s/ E. Allinson III*
Elihu E. Allinson, III (No. 3476)
John G. Pope (No. 4448)
901 North Market Street, Suite 1300
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195

and

Joseph M. Vann, Esq.
Robert A. Boghosian, Esq.
Andrew L. Buck, Esq.
COHEN TAUBER SPIEVACK & WAGNER P.C.
420 Lexington Avenue, Suite 2400
Tel: (212) 586-5800
Fax: (212) 586-5095

*Counsel for HFZ Capital Group LLC*