IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FKF MADISON GROUP OWNER LLC, et al.[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 10-11867 (KG)<br>)<br>) Jointly Administered<br>)<br>)<br>) Hearing Date: July 1, 2011 at 10:00 a.m. (ET)<br>) (REQUESTED)<br>)<br>) Objection Deadline: July 1, 2011 at 10:00 a.m. (ET)<br>) (REQUESTED) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF SECOND ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 364(c) AND FED. R. BANKR. P. 2002, 4001 AND 9014 AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby move (the "Motion") the Court, pursuant to sections 105(a), 361, 362, and 364(c) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Del. Bankr. L. R. 4001-2 for the entry of an order (the "Second DIP Order"):[2] (i) extending and broadening the Debtors' authority to obtain post-petition financing pursuant to this Court's *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c) And Fed. R. Bankr. P. 2002, 4001 And 9014 Authorizing Debtors To Obtain Post-Petition Financing* (the "Final DIP Order") [D.I. 369]; and (ii) supplementing the Final DIP Order. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors, followed by the last four digits of their tax identification numbers, are as follows: FKF Madison Group Owner LLC (6399); JMJS 23rd Street Realty Owner LLC (6651); Madison Park Group Owner LLC (3701); and Slazer Enterprises Owner LLC (4339). The Debtors' mailing address is P.O. Box 49249, Charlotte, NC, 28277.

[2] Undefined capitalized terms used herein shall have the meanings ascribed to them in the Second DIP Order.

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested in this Motion are sections 105(a), 361, 362, and 364(c) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002, 4001, and 9014 and Local Rule 4001-2.

## BACKGROUND

3. The Debtors are owners as tenants in common of a condominium tower located at 23 East 22nd Street in New York City (the "Project"). Slazer Enterprises, LLC ("Slazer"), a non-Debtor entity, is the sole member of Debtor Slazer Enterprises Owner LLC and serves as the manager for all of the Debtors. Slazer, in turn, is controlled by Green Bridge Capital S.A. (35%), Special Situation S.A. (by proxy for Marc Jacobs) (32.5%), and Ira Shapiro (32.5%).

4. On June 8, 2010 (the "Involuntary Petition Date"), involuntary chapter 7 petitions were filed in this Court against each of the Debtors by Stephen Kraus, Mitchell Kraus, Barbara Kraus, and Kraus Hi-Tech Automation, Inc., thereby commencing the Debtors' involuntary chapter 7 cases (the "Chapter 7 Cases").

5. On November 19, 2010 (the "Conversion Date"), this Court entered Orders for relief in the Chapter 7 Cases and entered Orders converting the Chapter 7 Cases to cases under chapter 11 of the Bankruptcy Code [D.I. 119; Case No. 10-11868, D.I. 111; Case No. 10-11869, D.I. 112; and Case No. 10-11870, D.I. 117].

6. The Debtors are operating their business as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases. On January 20, 2011, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee") [D.I. 211].

A. **The Debtors' Post-Petition Financing**

7. On March 18, 2011, the Court entered the Final DIP Order, therein authorizing the Debtors to obtain post-petition financing from HFZ Capital Group LLC, or its designee ("HFZ"), and SFI Belmont LLC (as successor in interest to iStar Tara, LLC, "iStar") pursuant to the terms and conditions set forth in the DIP Loan Documents.

8. The Final DIP Order and the DIP Loan Documents provide that HFZ and iStar (together, including successors and assigns, the "DIP Lenders") will provide loans to the Debtors in an aggregate principal amount of up to $3,083,229 as further amended, the availability of which is limited pursuant to the Approved Budget. *See* Final DIP Order at ¶ 2. The Final DIP Order and the DIP Loan Documents further provide a Maturity Date of the first to occur of: (i) June 30, 2011; (ii) the effective date of a plan of reorganization in form and substance acceptable to the DIP Lenders; and (iii) the occurrence of a Termination Event. *See* Final DIP Order at ¶ 6. As of the date of the filing of this Motion, the DIP Lenders have together extended loans, and the Debtors have borrowed the sum of $2,770,217 under the DIP Loan Documents.

9. On or about June 17, 2011, counsel to iStar informed the Debtors that Amalgamated Bank, as Trustee of the Longview ULTRA Constriction Loan Investment Fund ("Amalgamated") had purchased iStar's interest in the Debtors' senior loans and related indebtedness.

10. Based on notices of claims transfers filed in these cases [D.I. 508 509], it appears that iStar's claims against the Debtors' have been transferred to Amalgamated and further transferred to an entity named One Madison FM, LLC ("OMF"). The Debtors have engaged in a dialogue with OMF regarding the continuation of post-petition financing by one or more of the DIP Lenders and certain other matters, including potential plan sponsorship by OMF. Given OMF's recent entry into these cases and the fact that the Debtors are evaluating the effect of OMF's entry into these cases, the Debtors seek only a modest extension of the existing post-petition financing as the Debtor continues discussions with OMF and HFZ or their respective affiliates.

### B. The Amendments to the Final DIP Order[3]

11. The Debtors require additional post-petition financing and an amended Maturity Date to allow the Debtors to administer their cases and preserve their property. To that end, the Debtors and HFZ have negotiated a short extension and increase in the existing DIP facility. This extension and increase is intended to bridge the Debtors' activities for the month of July 2011. The additional budget for July increases the amounts that may be borrowed up to $4,165,012.

### RELIEF REQUESTED

12. By this Motion, the Debtors seek the entry of an order pursuant to sections 105(a), 361, 362, and 364(c) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002, 4001, and 9014 and Local Rule 4001-2: (i) extending and broadening the Debtors' authority to obtain post-petition financing pursuant to the Final DIP Order; and (ii) supplementing the Final DIP Order.

---

[3] The description of the material terms of the provisions of the Second DIP Order set forth herein are for summary purposes only and the terms of the DIP Loan Documents, DIP Orders, and Second DIP Order shall control in all circumstances.

## BASIS FOR RELIEF REQUESTED

13. The Debtors have financed these cases, initially through certain protective advances made by iStar, and thereafter by financing provided by the DIP Lenders under the DIP Loan Documents. In the last several months, the Debtors have spent considerable time stabilizing these cases, bringing the Debtors into compliance with the various reporting requirements of the Bankruptcy Code, and negotiating with many of the Debtors' creditors on a multitude of issues. In addition to these activities, the Debtors had discussions with numerous potential plan sponsors and, through an auction process, selected an affiliate of HFZ as the plan sponsor offering the highest and best proposal to maximize the value of the Debtors' estates. Thereafter, the Debtors filed the Plan.

14. With the entry of OMF into these cases, as a successor-in-interest to iStar, he Debtors have engaged in discussions with OMF with respect to a number of issues, including OMF's willingness to sponsor a plan that OMF asserts is better than the Plan. The Debtors intend to continue those discussions during the July 2011 Period.

15. The Second DIP Order allows the Debtors to continue to manage the Project and administer these chapter 11 cases, including, without limitation, continuing to engage in discussions with appropriate parties regarding further post petition financing, plans of reorganization and other matters by, *inter alia*, increasing the maximum borrowing under the DIP Loan Documents and extending the Maturity Date. Other than as expressly modified by the Second DIP Order, the terms and conditions of the DIP Orders remain in full force and effect.

16. The Debtors negotiated the terms of the Second DIP Order at arms-length and in good faith and have determined in an exercise of their business judgment that approval of the Second DIP Order is vital to the success of the Debtors' reorganization efforts.

17. Bankruptcy courts consistently defer to a debtor's business judgment on most business decisions, including the decision to borrow money, unless such decision is arbitrary and capricious. *See In re Trans World Airlines, Inc.*, 163 B.R. 964, 974 (Bankr. D. Del. 1994) (noting that an interim loan, receivables facility and asset-based facility were approved because they "reflect[ed] sound and prudent business judgment...[were] reasonable under the circumstances and in the best interest of [the debtor] and its creditors"); *Group of Inst. Investors v. Chicago, Mil., St. P. & Pac. Ry.*, 318 U.S. 523, 550 (1943) (holding that decisions regarding assumption or rejection of leases are left to business judgment of the debtor); *In re Simasko Prod. Co.*, 47 B.R. 444, 449 (D. Colo. 1985) ("[b]usiness judgments should be left to the board room and not to this Court.").

18. As detailed above, the Debtors have used their reasonable business judgment in negotiating the Second DIP Order and determining that entry into the Second DIP Order is in the best interests of the Debtors' estates.

19. HFZ has informed the Debtors that it is willing to extend the additional credit contemplated in the Second DIP Order only under the specific conditions and requirements set forth therein. In addition, the Second Order provides opportunity for OMF to continue as Operations DIP Lender, a role that iStar, its predecessor-in-interest had previously filled. Without the approval of the provisions of the Second DIP Order, the Debtors will be left without sufficient funding for their operations.

20. The Second DIP Order provides the Debtors' best presently available option for obtaining the working capital they need to continue their regular operations and finance these cases. For these reasons, the Court should enter the Second DIP Order and amend the Final DIP Order as necessary.

## NOTICE

21. Notice of this Motion has been provided to (a) the U.S. Trustee; (b) counsel for the Committee; (c) counsel for the Debtors' post-petition lenders; (d) counsel to OMF; and (e) those parties who have requested notice in these cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

22. No previous motion for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request the entry of an Order, in substantially the form attached hereto as **Exhibit A**: (i) authorizing the Debtors to obtain financing pursuant to the Second DIP Order; (ii) amending the Final DIP Order; and (iii) granting such other and further relief as is necessary and proper.

Dated: June 30, 2011  
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____  
Derek C. Abbott (Bar No. 3376)  
Erin R. Fay (Bar No. 5268)  
1201 North Market Street  
P.O. Box 1347  
Wilmington, DE 19899-1347  
Telephone: (302) 658-9200  
Facsimile: (302) 658-3989  
*Counsel to Debtors and Debtors in Possession*

4283820.2