# EXHIBIT A

**Proposed Form of Order**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>FKF MADISON GROUP OWNER, *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 10-11867 (KG)<br><br>(Jointly Administered)<br><br>**Re: D.I. \_\_\_\_\_** |

## SECOND ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 364(c) AND FED. R. BANKR. P. 2002, 4001 AND 9014 AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING

FKF Madison Group Owner, LLC, JMJS 23rd Street Realty Owner, LLC, Madison Park Group Owner, LLC and Slazer Enterprises Owner, LLC (collectively, the "**Debtors**") having moved on June 30, 2011 (the "**Motion**"), for entry of an Order in the form annexed to the Motion as Exhibit A (the "**Second DIP Order**" ) (i) modifying and extending that certain *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c) and Fed. R. Bankr. P. 2002, 4001 and 9014 Authorizing Debtors to Obtain Post-Petition Financing* entered by this Court on or about March 18, 2011 (D.I. 369) (the "**Final DIP Order**") and (ii) authorizing the Debtors to, among other things, continue to incur DIP Loans[1] through July 31, 2011 (the "**New Maturity Date**") in accordance with the Final DIP Order, but subject to the terms of this Second DIP Order; and a hearing on the Motion having been held on July 1, 2011 at 10:00 a.m. (the "**Hearing**"); and based upon all of the pleadings filed with this Court, the evidence presented at the Interim and Final Hearings and at the Hearing and the entire record of these chapter 11 cases; and this Court having heard and resolved or overruled all objections to the relief requested in the Motion; and this Court having noted the appearances of all parties in interest; and it appearing that the relief

---

[1] Any capitalized term not otherwise defined in this Second DIP Order shall have as its meaning the definition ascribed to such term in the Final DIP Order.

requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; and after due deliberation and consideration, and sufficient cause appearing therefor:

**IT IS HEREBY FOUND THAT:**[2]

    A.    <u>Purpose and Necessity of Financing</u>. The Debtors require the financing described in the Motion to fund the necessary and critical ordinary course expenses of maintaining and preserving the Property and to fund the administrative expenses related to the prosecution of their chapter 11 cases (including professional fees and US Trustee fees). If the Debtors do not obtain authorization to extend the financing through the New Maturity Date and continue to borrow under the DIP Loan Documents for the period July 1, 2011 to and including the New Maturity Date (the "**July 2011 Period**") and the DIP Loans are not approved, the Debtors will suffer immediate and irreparable harm.

    B.    <u>Notice</u>. Sufficient and adequate notice of the Hearing and the entry of this Second DIP Order have been given in accordance with Bankruptcy Rule 4001, and no other or further notice need be given for entry of this Second DIP Order.

    C.    <u>Good Faith</u>. The DIP Loans and/or other financial accommodations made to the Debtors by the DIP Lenders pursuant to this Second DIP Order shall be deemed to have been extended by the DIP Lenders in good faith, as that term is used in Bankruptcy Code section 364(e), and the DIP Lenders shall be entitled to all protections afforded thereunder, including, without limitation, the full protection of Bankruptcy Code section 364(e) in the event that this Second DIP Order or any provision thereof is vacated, reversed or modified, on appeal or otherwise. The terms of this Second DIP Order are fair and reasonable and reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties.

---

[2]    Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, pursuant to Bankruptcy Rule 7052

D.  <u>Immediate Entry of DIP Order</u>. The Debtors have requested immediate entry of this Second DIP Order pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2). Under the circumstances, the Motion and this Second DIP Order shall be deemed sufficient under Local Bankruptcy Rule 4001-2. Based upon the foregoing findings, acknowledgements, and conclusions, and upon the record made before this Court at the Hearing and all prior hearings in respect of the DIP Loans and Final DIP Order, and good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1.  <u>Disposition</u>. The Motion is granted as set forth herein. Any objections to the Motion that have not previously been withdrawn or resolved are hereby overruled on their merits. This Second DIP Order shall be valid, binding on all parties-in-interest, and fully effective immediately upon entry notwithstanding the possible application of Bankruptcy Rules 6004(h), 7062, and 9014.

2.  <u>Final DIP Order</u>. Except as otherwise expressly modified in this Second DIP Order, the Final DIP Order shall remain in full force and effect, including, without limitation, with respect to the DIP Loans, whether incurred prior to or during the July 2011 Period.

3.  <u>Authorization</u>. The Debtors are hereby authorized immediately to obtain DIP Loans from the DIP Lenders, pursuant to the terms of the Final DIP Order and this Second DIP Order, in the aggregate principal amount of up to $4,165,012 in accordance with the budget attached hereto as Exhibit A, which budget is hereby approved and ratified and shall be in immediate full force and effect as of the date hereof, as the Approved Budget. All obligations of the Debtors in respect of DIP Loans extended during the July 2011 Period are deemed to be and, shall constitute, obligations under the DIP Loan Documents and shall be in all respects subject to the terms of the Final DIP Order and this Second DIP Order.

4. _Amendments, Consents, Waivers and Modifications_. The Debtors, after consultation with the Committee, and the consent of each DIP Lender with respect to its respective portion of the DIP Loans that it is funding may enter into (a) any amendments, consents, waivers or modifications to the DIP Loan Documents or the Approved Budget that do not increase the total amount of the Approved Budget (the "**Non-Material Modifications**") and (b) any amendments, consents, waivers or modifications to the DIP Loan Documents that increase the total amount of the Approved Budget in respect of the DIP Loans funded by such DIP Lender or extend the term thereof (the "**Material Modifications**") without the need for further notice and hearing or any order of this Court; including amendments and extensions to the Approved Budget, _provided, however_, that the Debtors shall provide the Committee, the Administrative DIP Lender, the Operations DIP Lender and the U.S. Trustee with three days written notice of any Material Modification to the DIP Loan Documents.

5. _Maturity Date_. The Maturity Date is hereby extended through and including the New Maturity Date, and any reference in decretal paragraph 6 of the Final DIP Order and/or the DIP Loan Documents to June 30, 2011 shall be deemed to refer to the New Maturity Date.

6. _Loan Advances, Budget and Reporting_. (a) Proceeds from Loan Advances funded by the Administrative DIP Lender shall be used exclusively for funding the expenses (collectively, the "**Approved Administrative Expenses**") that are set forth in amount on the budget (the "**Approved Budget**") annexed hereto as **Exhibit A** under the heading Petitioner Related Expenses. Proceeds from Loan Advances funded by the Operations DIP Lender shall be used exclusively for funding the expenses (collectively, the "**Approved Operation Expenses**") that are set forth in amount on the Approved Budget under the heading Property Operating Expenses. In the event one of the DIP Lenders fails to fund its portion of the DIP Loans (in

either case, the "**Non-Funding DIP Lender**"), the remaining DIP Lender (the "**Funding DIP Lender**"), in its sole and absolute discretion, may continue to fund any portion of DIP Loans that the Non-Funding DIP Lender has failed to fund, which funding shall be entitled to the same rights, priorities and liens as the Funding DIP Lender has in respect of its DIP Loans under the Final DIP Order and this Second DIP Order ("**Continued Funding**"); provided, however, that notwithstanding Paragraph 8(c) of the Final DIP Order and anything to the contrary contained herein, but subject to all notice and reporting provisions herein or in the Final DIP Order, the Funding DIP Lender shall thereafter have sole and absolute discretion to approve and/or reject any Updated Budgets. The Debtors will be permitted variances of up to 10% for each line item on the Approved Budget forming a part of the Approved Operations Expenses, but shall not be permitted any variances with respect to Approved Administrative Expenses. The Debtors shall be permitted to carry forward from a prior month any unused portion of the Loan Advances attributable to a particular line item solely in respect of the Approved Operation Expenses (including amounts previously carried forward), but not in respect of the Approved Administrative Expenses, to pay the same line item of Approved Operations Expenses during any succeeding month. All amounts budgeted for estate retained professionals and the Debtors' President appearing in the Approved Budget are presented on an accrual basis and notwithstanding anything to the contrary in this Second DIP Order or the Final DIP Order, any fees and expenses accrued during the respective periods up to the amounts included in the Approved Budget may be paid, and, subject to Paragraph 6(c) hereof, shall be funded timely by the Administrative DIP Lender, when authorized by the Court in accordance with applicable law, rules, and order of the Court, including, without limitation the *Administrative Order Pursuant To 11 U.S.C. §§ 105(A) And 331, Fed. R. Bankr. P. 2016 And Del. Bankr. L.R. 2016-2 Establishing*

*Procedures For Interim Compensation Of Fees And Reimbursement Of Expenses Of Professionals And Official Committee Members* (D.I. 373) and the *Order Pursuant to 11 U.S.C. §§ 105(a) and 363(b) Authorizing and Approving Retention and Employment of John Fioretti as the Debtors' Sole Officer Nunc Pro Tunc to February 8, 2011* (D.I. 370). For the avoidance of doubt, the Administrative DIP Lender shall, subject to Paragraph 6(c) hereof, timely fund all such fees and expenses to the extent allowed or otherwise authorized by the Court but expressly limited to the amounts set forth in the Approved Budget regardless of when such allowance or authorization occurs.

(b) No later than the fifth (5th) business day of every month commencing April 7, 2011, the Debtors shall deliver to the DIP Lenders: (i) a variance report detailing: (x) the cash expenditures for the prior month and a comparison to the Approved Budget for that month; (y) the cumulative cash expenditures for all of the prior months of DIP Loans as compared to the Approved Budget for such months; and (z) a narrative explanation of the variances between the actual monthly expenditures and the budgeted monthly expenditures; and (ii) an updated monthly cash flow forecast for the then remaining period of the Approved Budget (the "**Updated Budget**"), consistent with the Approved Budget (collectively, the "**Monthly Budget Reports**"). The Monthly Budget Reports shall be subject to review and approval by the DIP Lenders upon five (5) business days notice. Upon the written approval of the DIP Lenders (which approval may be given by email) or the failure of the DIP Lenders to object within five (5) business days (which shall be deemed approval), but without the need for any further Bankruptcy Court approval, the Updated Budget shall be deemed the Approved Budget; provided, however, that the line item for Creditor's Committee Fee shall not be reduced without consent of the Committee or further Court order. In the event the DIP Lenders object to any Updated Budget

(which objection may be made by email and may be made for any reason or no reason), then the most recently approved Approved Budget shall control. For the avoidance of doubt, no Updated Budget shall be effective unless the DIP Lenders have either consented in writing to such Updated Budget or failed to object to such Updated Budget within five (5) Business Days after provision of such Updated Budget.

(c) Payments on account of expenses and fees accrued pursuant to the Approved Budget and/or Updated Budget shall be made no later than five (5) business days after the Debtors submit a draw request to the DIP Lenders that is consistent with this Second DIP Order, the Approved Budget and/or Updated Budget.

7. <u>Subsequent Reversal or Modification</u>. This Second DIP Order is entered pursuant to Bankruptcy Code section 364, and Bankruptcy Rules 4001(b) and (c), granting the DIP Lenders all protections afforded by Bankruptcy Code section 364(e). If any or all of the provisions of this Second DIP Order are hereafter reversed, modified, vacated or stayed, that action will not affect (i) the validity of any obligation, indebtedness or liability incurred hereunder by the Debtors to the DIP Lenders, solely to the extent of funds that were actually advanced to the Debtors hereunder, prior to the date of receipt by the DIP Lenders of written notice of the effective date of such action or (ii) the validity and enforceability of any lien or priority authorized or created under this Second DIP Order. Notwithstanding any such reversal, stay, modification or vacatur, any post-petition indebtedness, obligation or liability incurred by the Debtors to the DIP Lenders prior to written notice to the DIP Lenders of the effective date of such action, shall be governed in all respects by the original provisions of this Second DIP Order, and the DIP Lenders shall be entitled to all the rights, remedies, privileges, and benefits granted herein with respect to all such indebtedness, obligations or liability.

8. <u>Restriction on Use of DIP Lenders' Funds</u>. No proceeds from the DIP Loans of either of the DIP Lenders may be used to pay any claims for services rendered by any of the professionals retained by the Debtors (or any successor trustee or other estate representative in these chapter 11 cases or any Successor Case), any creditor or party in interest, any committee or any other party to request authorization to obtain post-petition loans or other financial accommodations pursuant to Bankruptcy Code section 364, or otherwise, other than from such DIP Lender.

9. <u>Priority of Terms</u>. To the extent of any conflict between or among (a) the express terms or provisions of any of the DIP Loan Documents, the Motion, any other order of this Court (including the Final DIP Order), or any other agreements, on the one hand, and (b) the terms and provisions of this Second DIP Order, on the other hand, the terms and provisions of this Second DIP Order shall govern.

10. <u>Entry of DIP Order; Effect</u>. This Second DIP Order shall take effect immediately upon execution hereof, notwithstanding the possible application of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, and the Clerk of this Court is hereby directed to enter this Second DIP Order on this Court's docket in these chapter 11 cases.

11. <u>Retention of Jurisdiction</u>. This Court shall retain exclusive jurisdiction over all matters pertaining to the implementation, interpretation and enforcement of this Second DIP Order, the Final DIP Order and/or the DIP Loan Documents.

12. <u>Binding Effect of Second DIP Order</u>. The terms of this Second DIP Order shall be binding on any trustee appointed under chapter 7 or chapter 11 of the Bankruptcy Code.

Dated: Wilmington, Delaware
_____, 2011

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

4351291.1

# EXHIBIT A

## (APPROVED BUDGET)

**One Madison**
**D.I.P. Financing**
**Updated: June 29, 2011**

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| **PROPERTY OPERATING EXPENSES** | Feb-11 | 3/3/2011 | 3/17/2011 | Apr-11 | May-11 | Jun-11 | Jul-11 |
| Administrative Expenses | | 5,000 | | 5,725 | 5,000 | 5,185 | 5,110 |
| Operating Expenses | | 2,458 | | 17,711 | 7,853 | 11,520 | 19,900 |
| Payroll Expenses | | 55,726 | | 50,673 | 42,027 | 58,500 | 49,350 |
| Repairs & Maintenance | | 3,130 | | 11,468 | 7,648 | 8,875 | 9,899 |
| Condo Association Tax | | | | - | - | - | 750 |
| Utilities Expenses | | 37,262 | | 59,522 | 24,225 | 50,300 | 46,100 |
| Condo Association Accountant | | - | | - | 7,000 | - | - |
| Real Estate Taxes | | 260,813 | | 183,691 | - | - | 349,711 |
| Construction Management Related Expenses | | 125,633 | | 22,606 | 33,813 | 50,000 | 36,200 |
| Con Ed Deposit and Unmetered Electric Invoice | | - | | 20,265 | - | - | - |
| Relocation of flue/Flamingo settlement | | - | | - | - | - | - |
| Insurance | | - | | 104 | - | - | - |
| Receiver and his professionals | | - | | - | 517,404 | - | - |
| Contingency | | 3,093 | | 109 | 150 | 10,000 | - |
| **Total Property Operating Expenses** | - | 493,115 | - | 371,874 | 645,120 | 194,380 | 517,020 |
| | | | | | | | |
| **Cumulative Property Level Expenses** | - | 493,115 | 493,115 | 864,989 | 1,510,109 | 1,704,489 | 2,221,509 |

### Notes
February through May represents actual expenses paid by Debtors as reported by the Senior Bankruptcy Monthly Reports
June Budget represents the budgeted amount per prior DIP Funding Order (Dkt No. 369)
July Budget represents the New Condo Association Budget (where applicable)
Construction Management Related Expenses are to be paid in arrears - July budget amount is for costs associated with past invoices related to May and June
   work for Bovis and renewing permits respectively

| | | | | | | BUDGET | |
|---|---|---|---|---|---|---|---|
| | | | | | | accrual | accrual |
| | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| **PETITIONER RELATED EXPENSES** | Feb-11 | 3/3/2011 | 3/17/2011 | Apr-11 | May-11 | Jun-11 | Jul-11 |
| 421-a Legal- Seiden | | | | 4,430 | 3,200 | - | 5,000 |
| Condo Attorney for Offering Plan | | | | - | | - | - |
| *Creditor's Committee Fee* | | | *75,000* | *65,000* | *65,000* | *65,000* | *65,000* |
| Senior Bankruptcy Officer | 39,775 | | 55,680 | 48,775 | 39,327 | 45,000 | 60,000 |
| Debtors' Counsel | 113,287 | | 181,906 | 105,504 | 156,909 | 200,000 | 400,000 |
| Debtors' Accountant | | | 5,350 | 5,000 | 5,000 | 5,000 | - |
| US Trustee Fee | | | 2,600 | - | 7,475 | - | 7,475 |
| Senior Bankruptcy Officer's Insurance Policy | | | 4,829 | - | - | - | - |
| Cost of Publication for Bar Date Notice | | | 4,027 | - | - | 4,000 | - |
| IJS Management | | | - | - | 29,250 | 25,000 | 25,000 |
| Independent Managers for Four Debtors | | | - | - | - | - | 19,704 |
| **Total Petitioner Related Expenses** | 153,062 | - | 329,392 | 228,709 | 306,161 | 344,000 | 582,179 |
| | | | | | | | |
| **Cumulative Petitioner Related Expenses** | 153,062 | 153,062 | 482,454 | 711,163 | 1,017,323 | 1,361,323 | 1,943,502 |

421-a Legal-Seiden represents actual expenses incurred (May Charge will appear in next funding request during the 1st week of July); July budget is projected accrual
Condo Attorney for Offering Plan - no costs have been incurred; no costs projected through July
Creditor Committee Fee reflected February-June are as originally projected in Final DIP Order budget. Invoices from Perkins Coie for time April going forward have not been received.
   Actual payments made through 6/28 are $140,000. $5,803 payment to Polsinelli (interim fee order) has been paid.
Senior Bankruptcy fees from Feb through May show actual costs incurred in the month (but not necessarily funded). Funding has been made through May;
   June to be paid 1st week of July. June and July are budgets of accruals
Debtors' Counsel fees from Feb through May show actual time charges and expenses incurred in the month (but not necessarily funded). May fees to be paid (80%) 1st week of July;
   June and July are budgets of accruals
Debtors' Accountant shows actual costs incurred and paid through May - June and July are budgets of accruals
US Trustee Fee shows actual costs incurred and paid through May - June and July are budgets of accruals
Cost of Publication for Bar Date Notice shows actual costs incurred and paid through May - June and July are budgets of accruals
Senior Bankruptcy Officer's Insurance Policy shows actual costs incurred and paid through May - June and July are budgets of accruals
IJS Management fees from Feb through May show actual costs incurred in the month (but not necessarily funded). Funding has been made through May;
   June to be paid 1st week of July. June and July are budgets of accruals
Independent Managers for Four Debtors shows actual costs incurred and paid through May - June and July are budgets of accruals

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **TOTAL DIP FINANCING-BY MONTH** | 153,062 | 493,115 | 329,392 | 600,583 | 951,281 | 538,380 | 1,099,199 |
| **ACCUMULATED TOTAL** | 153,062 | 646,177 | 975,569 | 1,576,152 | 2,527,432 | 3,065,812 | 4,165,012 |