|  |  |
|---|---|
| In re:<br><br>FKF MADISON GROUP OWNER,<br>LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-11867 (KG)<br><br>Jointly Administered |

**STATEMENT OF 23 EAST 22ND STREET (NY) LLC AND HFZ CAPITAL GROUP LLC**
**IN SUPPORT OF**
**DEBTORS' MOTION TO EXTEND THE EXCLUSIVE PERIODS**
**DURING WHICH ONLY THE DEBTORS MAY FILE A CHAPTER 11**
**PLAN AND SOLICIT ACCEPTANCES THEREOF**

23 East 22nd Street (NY), LLC ("23E22"), co-proponent of the Plan (as defined below)

and HFZ Capital Group, LLC ("HFZ;" 23E22 and HFZ, together, "23E22"), as and for their

Statement in Support of Debtors' Motion to Extend the Exclusive Periods During Which Only

the Debtors may File a Chapter 11 Plan and Solicit Acceptances Thereof [D.I. 477] (the

"Exclusivity Motion"),[2] by and through their undersigned counsel, respectfully represent as

follows:

### Preliminary Statement

1.      Barely six months ago, these chapter 11 cases and the future of these Debtors

were in some doubt due to persistent litigation over the right to control the Debtors' affairs.

---

[1]      The Debtors, followed by the last four digits of their tax identification numbers, are as follows:  FKF Madison Group Owner LLC (6399); JMJS 23rd Street Realty Owner LLC (6651); Madison Park Group Owner LLC (3701); and Slazer Enterprises Owner LLC (4339).  The Debtors' mailing address is P.O. Box 49249, Charlotte, NC, 28277.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed thereto in the Exclusivity Motion.

2.      As of today, however, those control issues have been resolved, and guided by experienced restructuring bankruptcy counsel and a capable restructuring business professional selected and serving as the Debtors' officer, the Debtors have thus far obtained financing to support their operational and administrative funding needs in these Chapter 11 cases and developed and filed a plan of reorganization.

3.      Significantly, Debtors elected to proceed down a negotiated and consensual path with its major creditors that included solicitations of bids for a plan and an auction held at the offices of iStar's counsel to select the highest and best bid from a number of interested parties. SFI Belmont LLC (as successor in interest to iStar Tara LLC, "iStar"), then the Debtors' largest secured creditor, was deeply involved in the auction and development of the Plan.

4.      iStar, however, thereafter assigned its claims to Amalgamated Bank ("Amalgamated"), a junior participant to iStar in the pre-petition loans to the Debtors. Upon giving notice of exercise of a purchase right of iStar's position, Amalgamated filed a pleading with this Court indicating its opposition to the plan that iStar was supporting.[3] Thereafter, One Madison FM, LLC ("OMF"), the ultimate assignee of the iStar Claims, filed an objection to any extension of the Debtors' exclusive right to propose and solicit the plan.[4]

5.      Notwithstanding this change of heart by the Debtors' secured lender, however, this Court should grant Debtors' motion and extend exclusivity, for the standard by which Debtors' motion should be considered is not whether a secured creditor has expressed an

---

[3]      At all times, iStar represented to the Debtors and HFZ that iStar had the full right to make decisions in respect of the auction that was conducted and the Plan and to bind its participant to those decisions, subject to certain consulting obligations. Significantly, however, Amalgamated, the participant, had no privity with the Debtors. Prior to closing on its purchase of iStar's position, Amalgamated filed a preliminary objection to the Exclusivity Motion [D.I. 495] (the "Amalgamated Objection") on the grounds that Amalgamated did not support the transactions supported by iStar.

[4]      OMF filed its objection to the Exclusivity Motion on July 7, 2011 [D.I. 548] (the "OMF Objection" and, together with the Amalgamated Objection, the "Objections"). OMF argues, in part, that the process has not been "open" to this point – an assertion 23E22 strongly disputes.

indication that it will vote against a Plan, but whether the Debtors have demonstrated the extension of exclusivity sought will move these cases forward, which the Debtors have amply demonstrated.

6.  Given how far these cases have progressed since their inception, together with the fact that the Debtors already have a plan on file, supports continuing the Debtors' exclusivity so the Debtors can materially advance these cases going forward, as they have demonstrated the ability to do up to this point.

7.  Accordingly, 23E22 respectfully supports and joins the Debtors in seeking entry of an order extending exclusivity as requested in the Exclusivity Motion.

## Argument

8.  As OMF itself acknowledges, the Court's determination whether or not to grant a request to extend exclusivity turns on primarily whether or not the requested extension will materially advance the case. *See In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 590 (Bankr. S.D.N.Y. 2006). Given that the Plan is actually on file, with a Disclosure Statement hearing scheduled two weeks hence, the Debtors have more than adequately met that standard here.

9.  The Debtors have worked tirelessly over the last several months to bring order to these once chaotic cases. The Plan, which, at the time of filing, the Debtors determined, in accordance with their business judgment, was the best option available, is the culmination of those efforts. Extending exclusivity would permit the Debtors to see the confirmation process mandated by the Bankruptcy Code to its logical conclusion, with all the protections embedded therein to all creditors, namely the right to vote on the Plan and the requirement for the Debtors to demonstrate at the confirmation hearing that the Bankruptcy Code's standards for confirmation have been met. Extending exclusivity would also permit the Debtors to retain their

business judgment to consider any and all proposed amendments to the Plan that has been filed, whether proposed by the Debtors or other creditors or parties-in-interest.

10.     OMF is attempting to mandate and dictate the terms of a different plan, and is obviously frustrated that the Debtors did not immediately accept OMF's dictated terms for a different plan. Significantly, however, extending exclusivity does not prevent OMF from continuing to discuss and negotiate with the Debtors, but merely protects the Debtors' exclusivity while the Debtors continue to negotiate and discuss the Plan, any amendments thereto or other plans with __all__ the creditors and constituencies in these Chapter 11 cases. That is the type of even-handed negotiations and discussions that exclusivity is intended to protect. Far from advancing these cases, therefore, terminating exclusivity would be a setback of substantial proportions.

11.     Moreover, to the extent that the Objections complain about the so-called "private" nature of the open auction process in which both the Debtors and iStar actively engaged, at their core, the Objections are objections to confirmation. Specifically, the OMF Objection focuses on OMF's disapproval of the Plan and the purportedly superior plan that OMF would propose if exclusivity is terminated.[5] As such, the Objections should be overruled out of hand. *See In re Visteon Corp.*, Chapter 11 Case No. (Bankr. D. Del. July 15, 2010) (declining to consider confirmability of plan as a factor in deciding whether to extend exclusivity); *Adelphia*, 352 B.R. at 588 (the merits of the plan should be examined at confirmation, not in connection with determining whether to extend exclusivity).

---

[5]     Although OMF states that it has given the Debtors a "binding" commitment with respect to its proposed plan, the OMF Objection does not include a copy of that commitment as an exhibit.

WHEREFORE, 23E22 respectfully requests that the Court enter an order (i) granting the relief requested in the Exclusivity Motion, (ii) overruling the Objections and (iii) granting such other and further relief as is just and proper.

Dated: July 11, 2011
Wilmington, Delaware

_P.G. Allinson III_

Elihu E. Allinson, III, Esq. (3476)
SULLIVAN · HAZELTINE · ALLINSON LLC
901 North Market Street, Suite 1300
Wilmington, DE 19801
Telephone: (302) 428-8191
Facsimile (302) 428-8195

-and-

COHEN TAUBER SPIEVACK & WAGNER P.C.
Joseph M. Vann
Andrew L. Buck
420 Lexington Avenue, Suite 2400
Telephone: (212) 586-5800
Facsimile: (212) 586-5095

*Counsel for 23 East 22nd Street (NY), LLC and HFZ Capital Group LLC*

## CERTIFICATE OF SERVICE

I, Elihu E. Allinson, III, do hereby certify I am not less than 18 years of age and that on this 1th day of July 2011, I caused copies of the within *Statement of 23 East 22nd Street (NY) LLC and HFZ Capital Group LLC in Support of Debtors' Motion to Extend the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan And Solicit Acceptances Thereof* to be served upon the parties listed below via First Class U.S. Mail.

Derek C. Abbott, Esq.
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street, 18th Floor
Wilmington, DE  19801

Christopher A. Ward, Esq.
Polsinelli Shughart PC
222 Delaware Avenue, Suite 1101
Wilmington, DE  19801

Jeffrey C. Wisler, Esq.
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19801

Jane Leamy, Esq.
Office of the United States Trustee
Caleb Boggs Federal Building
844 King Street, Room 2207
Wilmington, DE  19801

Jonathan H. Newman
Newman Ferrara LLP
1250 Broadway, 27th Floor
New York, NY  10001

Schuyler G. Carroll, Esq.
Perkins Coie LLP
30 Rockefeller Plaza
New York, NY  10112

Jeff J. Friedman, Esq.
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY  10022-2585

Leonard M. Parkins, Esq.
Trevor R. Hoffmann, Esq.
Jonathan Hook, Esq.
Haynes & Boone LLP
30 Rockefeller Plaza, 26th Floor
New York, NY 10112


July 11, 2011
Date

*/s/ E.E. Allinson III*
Elihu E. Allinson, III