# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FKF MADISON GROUP OWNER LLC, *et al.*[1] | ) Case No. 10- 11867 (KG) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Hearing Date: July 28, 2011 at 11:00 a.m. (ET)** |
| | ) |
| | ) **Objection Deadline: July 21, 2011 at 4:30 p.m. (ET)** |
| | ) |

## MOTION OF THE DEBTORS FOR THE ENTRY OF AN ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT CHAPTER 11 PLAN OF REORGANIZATION, (III) ESTABLISHING VOTING RECORD DATE, (IV) SCHEDULING A HEARING ON CONFIRMATION OF CHAPTER 11 PLAN OF REORGANIZATION, (V) APPROVING THE FORM OF BALLOTS AND SOLICITATION MATERIALS, (VI) APPROVING RELATED NOTICE PROCEDURES, (VII) AUTHORIZING THE DEBTORS TO ACT AS THEIR OWN BALLOTING AGENT, (VIII) APPROVING CURE PROCEDURES AND (IX) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel, hereby move (the "Motion"), pursuant to section 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules 2002(b), 3016, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for the entry of an order: (i) approving the Disclosure Statement (as defined below), (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan (as defined below), (iii) establishing voting record date, (iv) scheduling a hearing on confirmation of

---

[1]     The Debtors, followed by the last four digits of their tax identification numbers, are as follows:  FKF Madison Group Owner LLC (6399); JMJS 23rd Street Realty Owner LLC (6651); Madison Park Group Owner LLC (3701); and Slazer Enterprises Owner LLC (4339).  The Debtors' mailing address is P.O. Box 49249, Charlotte, NC, 28277.

the Plan, (v) approving the form of ballots and solicitation materials, (vi) approving related notice procedures, (vii) authorizing the Debtors to act as their own balloting agent, (viii) approving cure procedures, and (ix) granting related relief. In support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory bases for the relief requested herein are sections 105(a), 1125, 1126, and 1128 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002(b), 3016(b), 3017, 3018, and 3020, and Local Rule 3017-1.

## BACKGROUND

3.      On June 8, 2010 (the "Involuntary Petition Date"), involuntary chapter 7 petitions were filed in this Court against each of the Debtors by Stephen Kraus, Mitchell Kraus, Barbara Kraus, and Kraus Hi-Tech Automation, Inc., thereby commencing the Debtors' involuntary chapter 7 cases (the "Chapter 7 Cases").

4.      On November 19, 2010 (the "Conversion Date"), this Court entered Orders for relief in the Chapter 7 Cases and entered Orders converting the Chapter 7 Cases to cases under chapter 11 of the Bankruptcy Code [D.I. 119; Case No. 10-11868, D.I. 111; Case No. 10-11869, D.I. 112; and Case No. 10-11870, D.I. 117].

5.      Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their business and managing their affairs as debtors in possession. As of the date hereof, no trustee or examiner has been appointed in these chapter 11 cases.

6.　　　　On January 20, 2011, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors in these cases (the "Committee").

7.　　　　On March 3, 2011, the Court entered the *Order (I) Establishing Bar Dates for Filing Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices and Mailing and Publication Procedures, and (III) Providing Certain Supplemental Relief* [D.I. 328] (the "Bar Date Order"),[2] which, inter alia, established the date that was thirty (30) days after service of the Bar Date Notice Packages as the Bar Date for filing pre-Conversion Claims and requests for payment of certain Administrative Expenses that accrued prior to March 2, 2011. The Debtors served the Bar Date Notice Packages on March 11, 2011 [See D.I. 356]. Accordingly, the Bar Date for filing pre-Conversion Claims and requests for payment of Administrative Expenses that accrued prior to March 2, 2011 was April 11, 2011 (the "General Bar Date").[3]

8.　　　　Subsequently, on May 26, 2011, the Debtors served a supplemental bar date notice (the "Supplemental Bar Date Notice") on certain creditors that were either listed on the Debtors' amended schedules of assets and liabilities or believed to be holders of condominium units at the Debtors' real property [See D.I. 471]. As a result, June 17, 2011 (the "Supplemental Bar Date") was set as a supplemental bar date for entities listed on Exhibits A and B to the Supplemental Bar Date Notice to file pre-Conversion Claims and requests for payment of certain Administrative Expenses that accrued prior to March 2, 2011.

---

[2] Undefined capitalized terms used in this paragraph shall have the meanings given to them in the Bar Date Order.
[3] The bar date applicable to governmental units (as defined in section 101(27) of the Bankruptcy Code) is May 18, 2011 at 4:00 p.m. (ET)

**RELIEF REQUESTED**

         9.      The Debtors submit this Motion in connection with their proposed disclosure statement, dated June 15, 2011 (as the same may be amended or modified, the "Disclosure Statement") relating to the *Debtors' Joint Consolidated Plan of Reorganization for FKF Madison Group Owner LLC and Its Affiliated Debtors Proposed by FKF Madison Group Owner LLC and Its Affiliated Debtors*, dated and filed June 15, 2011 (as may be amended or modified, the "Plan").[4] As set forth herein, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Disclosure Statement Order"), granting the following relief:

    i.    Approving the Disclosure Statement as containing "adequate information" as such term is used in section 1125 of the Bankruptcy Code with respect to the Plan and authorizing the Debtors to solicit acceptances or rejections of the Plan from the parties entitled to vote thereon in the manner set forth in this Motion;

    ii.    Establishing procedures for solicitation and tabulation of votes to accept or reject the Plan;

    iii.    Setting a record date for determining the creditors and interest holders who may vote on the Plan;

    iv.    Scheduling a hearing (the "Confirmation Hearing") to consider Plan confirmation pursuant to section 1129 of the Bankruptcy Code and approving the form and manner of notice related thereto;

    v.    Fixing the time and manner for filing objections to Plan confirmation;

    vi.    Authorizing the Debtors (through their professionals) to act as their own balloting agent with authority to mail and tabulate ballots for purposes of voting on the Plan;

    vii.    Approving the cure procedures described in the Disclosure Statement and Plan; and

    viii.    Granting such other and further relief as the Court may deem just and proper.

---

[4]    Capitalized terms not defined herein are defined in the Plan.

10. Consistent with the foregoing, and as described in more detail below, the Debtors propose the following key dates in connection with solicitation and approval of the Plan:

| Proposed Plan Confirmation Timetable | |
| --- | --- |
| Disclosure Statement Approval Hearing | July 28, 2011 at 11:00 a.m. (ET) |
| Record Date for Voting | July 28, 2011 |
| Commencement of Solicitation / Mailing of Confirmation Hearing Notice | August 4, 2011 |
| Deadline to file Rule 3018 Motion | August 29, 2011 |
| Confirmation Objection Deadline | September 8, 2011 |
| Cure and Contract Objection Deadline | September 5, 2011 (or 7 days after any amendment to the Assumption Schedule) |
| Voting Deadline | September 8, 2011 |
| Confirmation Hearing | September 15, 2011 |

## BASIS FOR RELIEF

### ADEQUACY OF DISCLOSURE STATEMENT

11. Section 1125 of the Bankruptcy Code requires that a disclosure statement be approved by the court as containing "adequate information" prior to a debtor's solicitation of acceptances or rejections of a reorganization plan. 11 U.S.C. § 1125(b). "Adequate information" is defined in the Bankruptcy Code as:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant case to make an informed judgment about the plan,

> but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a). A debtor's disclosure statement therefore must, as a whole, provide information that is reasonably practicable to permit an informed judgment by impaired creditors entitled to vote on the plan. See Krysta Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp., 337 F.3d 314, 322 (3d Cir. 2003). The bottom-line requirement of a disclosure statement is that it "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." In re Ferretti, 128 B.R. 16, 19 (Bankr. D.N.M. 1991).

12.     In evaluating whether a disclosure statement provides "adequate information," courts adhere to section 1125's instruction that making this determination is a flexible exercise based on the facts and circumstances of each case and is within the broad discretion of the Court. See 11 U.S.C. § 1125(a)(1) ("[A]dequate information means information of a kind, and in sufficient detail, as far as is reasonably practicable *in light of the nature and history of the debtor and the condition of the debtor's books and records . . . .*"(emphasis added)); see also Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 417 (3d Cir. 1988) (stating that "[f]rom the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case"); First Am. Bank of N.Y. v. Century Glove, Inc., 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); S. Rep. No. 95-989, at 121 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5907 ("[T]he information required will necessarily be governed by the circumstances of the case.").

13.     Courts in the Third Circuit and elsewhere acknowledge that determining what constitutes "adequate information" for the purpose of section 1125 lies within the Court's sound discretion.  See, e.g., In re River Village Assocs., 181 B.R. 795, 804 (E.D. Pa. 1995); see also Texas Extrusion Corp v. Lockheed Corp. (In re Texas Extrusion Corp.), 844 F.2d 1142, 1157 (5th Cir. 1988).

14.     In accordance with these precepts, the Disclosure Statement provides a review of the Debtors' assets and liabilities, the circumstances leading to the commencement of these chapter 11 cases, and a summary of the Plan.

15.     Specifically, the Debtors' Disclosure Statement contains the pertinent information necessary for holders of eligible claims to make an informed decision about whether to vote to accept or reject the Plan, including, among other things, information regarding:

- the Plan, including a summary of the classification and treatment of all classes of creditors and equity interests;

- the history of the Debtors, including certain events leading to the commencement of these chapter 11 cases;

- the operation of the Debtors' business and significant events occurring during these chapter 11 cases;

- the Debtors' prepetition capital structure and indebtedness;

- the procedures for asserting certain claims against the Debtors' estates;

- certain risk factors that may affect the Plan;

- the provisions governing distributions under the Plan; and

- the means for implementation of the Plan.

16.     The Debtors respectfully submit that the Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code.  To the extent necessary, the Debtors will demonstrate at the hearing on approval of the Disclosure Statement that the Disclosure

Statement addresses the information set forth above in a manner that provides those entities entitled to vote on the Plan with adequate information within the meaning of section 1125.

## SOLICITATION PROCEDURES

I. **Procedures for Solicitation and Tabulation of Votes**

    A. **Approval of Forms of Ballots**

        17.      In accordance with Bankruptcy Rules 3017(d) and 3018(c), the Debtors propose to mail to the holders of claims (the "Claimholders") entitled to vote on the Plan one or more form ballots substantially in the forms attached collectively as **Exhibit 1** to the proposed form of order and incorporated herein by reference (collectively, the "Ballots"), and the voting instructions attached as **Exhibit 2** to the proposed form of order (the "Voting Instructions"). The Ballots are substantially similar to Official Form No. 14, but have been modified to be consistent with the specific provisions of the Plan. The Ballots shall be delivered with the Voting Instructions for completion. The Debtors propose that the appropriate form of Ballot be distributed to the Claimholders in the following classes entitled to vote to accept or reject the Plan (the "Voting Classes"):

| | | |
|---|---|---|
| *Ballot No. 1* | *Class 2 Ballot* | *Secured Mechanic's Lien Claims* |
| *Ballot No. 2* | *Class 5 Ballot* | *General Unsecured Claims* |

        18.      The foregoing Voting Classes are the only classes that will receive Ballots because they are the only classes of claims or interests that will be entitled to vote under the Plan. The remaining classes of claims and interests set forth below (the "Non-Voting Classes," and together with the Voting Classes, the "Classes") are not entitled to vote on the Plan because they have been conclusively presumed to have either accepted the Plan in accordance

with section 1126(f) or rejected the Plan in accordance with section 1126(g) of the Bankruptcy Code, as indicated:

| Class 1 | Allowed iStar Secured Claim | Deemed Accepting – Unimpaired |
| Class 3 | Other Secured Claims | Deemed Accepting – Unimpaired |
| Class 4 | Other Priority Claims | Deemed Accepting – Unimpaired |
| Class 6 | Equity Interests | Deemed Rejecting – Will not receive or retain any property under the Plan |

19.      In accordance with Bankruptcy Rule 3017(d), the Debtors propose that the Non-Voting Classes of claims and interests <u>not</u> entitled to vote on the Plan receive a notice to that effect, substantially in the form attached to the proposed form of order as **Exhibit 3** and incorporated herein by reference (the "<u>Non-Voting Notice</u>"), and not receive a Solicitation Package (as defined herein). Nevertheless, a copy of the Plan and Disclosure Statement will be made available to holders of claims and interests in the Non-Voting Classes upon written request to the Debtors' counsel.

20.      The Debtors respectfully submit that the proposed Ballots are appropriately tailored to the Plan and comply with Bankruptcy Rules 3017 and 3018. Accordingly, by this Motion, the Debtors request that the Court approve the proposed Ballots, attached to the proposed form of order as **Exhibit 1**.

**B.      <u>Voting Deadline for the Receipt of Ballots</u>**

21.      Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan." The Debtors anticipate commencing the Plan solicitation period by mailing the Ballots and other approved solicitation materials to the Voting Classes no later

than six (6) business days after the entry of an order approving the Disclosure Statement. Based on this schedule, the Debtors propose that all Ballots being cast must be properly executed, completed and delivered, by either mail, overnight courier, or personal delivery, to the Debtors, so that the Ballots are <u>actually received</u> no later than 5:00 p.m., prevailing Eastern time, on September 8, 2011 (the "<u>Voting Deadline</u>") at the following address:

**If by First Class Mail:**

Morris, Nichols, Arsht & Tunnell LLP
Attn. FKF Madison Balloting
P.O. Box 1347
Wilmington, Delaware 19899-1347

**If by Overnight Mail or Hand Delivery:**

Morris, Nichols, Arsht & Tunnell LLP
Attn. FKF Madison Balloting
1201 N. Market Street
18th Floor
Wilmington, Delaware 19801

22.     This date will give Claimholders sufficient time to review the solicitation materials and vote, and provides the Debtors with enough time to tabulate the Ballots and prepare for issues that may be raised by the voted Ballots prior to the Confirmation Hearing. Ballots received by facsimile or electronic mail will not be accepted or counted.

## C.     Procedures for Tabulating Votes

23.     Section 1126(c) of the Bankruptcy Code provides that a class of claims has accepted a plan if such plan has been accepted by creditors that hold at least two-thirds in dollar amount and more than one-half in number of the allowed claims in that class that have actually cast ballots for acceptance or rejection of the plan. <u>See</u> 11 U.S.C. § 1126(c). At this stage of these chapter 11 cases, the claims reconciliation process has yet to occur; however, it is not in the best interests of the Debtors' estates to defer confirmation of the Plan until such process is complete. Accordingly, solely for the purpose of voting on the Plan—and not for the purpose of allowance of, or distributions on account of, any claims; and without prejudice to the Debtors' rights in any other context—the Debtors propose that each claim within a Voting Class

entitled to vote to accept or reject the Plan be temporarily allowed, in accordance with the following rules (the "Tabulation Rules"):

a)   Unless otherwise provided in these Tabulation Rules, a claim will be deemed temporarily allowed for voting purposes only in an amount equal to: (i) the amount of such claim as set forth in the Debtors' Schedules of Assets and Liabilities (including all amendments thereto, the "Schedules"); or (ii) if a proof of claim has been timely filed in respect of such claim, the amount set forth in such proof of claim.

b)   Because the proposed Plan provides for consolidation of the Debtors' estates for distribution purposes, duplicative claims against two or more of the Debtors listed in the Schedules or in timely-filed proofs of claim will be deemed temporarily allowed for voting purposes only in an amount equal to one such claim and *not* in an amount equal to the aggregate of such claims.

c)   If a claim is listed on the Schedules but is listed as contingent, unliquidated or disputed, either in whole as in part, or if no claim amount is specified, such Claim shall be disallowed for voting purposes; provided, however, that any undisputed portion, if any, of such claim will be deemed temporarily allowed for voting purposes, subject to the other Tabulation Rules.

d)   If a claim, for which a proof of claim has been timely filed, has not been disallowed and is not subject to a pending objection, is marked or otherwise referenced on its face as contingent, unliquidated or disputed, either in whole or in part, or if no claim amount is specified on such proof of claim, such claim shall be temporarily allowed solely for voting purposes in the amount of $1.00, irrespective of how such Claim may or may not be set forth on the Schedules; provided, however, that any undisputed portion, if any, of such claim will be deemed temporarily allowed for voting purposes, subject to the other Tabulation Rules.

e)   If a claim is deemed allowed under the Plan, such claim will be temporarily allowed for voting purposes in the amount set forth therein.

f)   If a claim has been allowed pursuant to a stipulation approved by the Court, such claim will be deemed allowed for voting purposes in the amount set forth in such stipulation.

g)   If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim will be temporarily allowed for voting purposes in the amount so estimated or allowed by the Court.

h)   If on or before the Voting Deadline the Debtors have filed and served an objection to or motion to disallow or reclassify a claim, or to allow or estimate the claim in an amount different from the amount asserted in the claim, then such claim will

be temporarily allowed, disallowed or reclassified for voting purposes as if the relief requested in the objection or motion were granted.

i) If a holder of a claim identifies a claim amount in its Ballot that is less than the amount otherwise calculated in accordance with the Tabulation Rules, the claim will be temporarily allowed for voting purposes in the lesser amount identified on such Ballot.

j) Creditors will not be entitled to vote claims to the extent such claims have been superseded by other claims filed by or on behalf of such creditors.

k) A party shall not be entitled to a vote on the Plan based upon a guarantee or other theory of payment. Only one vote per claim shall be allowed.

24. The foregoing Tabulation Rules are subject to further order of the Court to the extent that a party moves for temporary allowance of its claims or interests in an amount different from the amount that otherwise would apply to such claim or interest under the Tabulation Rules.

25. The Debtors also propose the following additional procedures be utilized in tabulating the Ballots (the "Tabulation Procedures"):

a) Except to the extent the Debtors otherwise determine, in accordance with these Tabulation Procedures, or as permitted by the Court, any Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the Debtors' request for confirmation of the Plan.

b) Any Ballot which is otherwise properly completed, executed, and timely returned that does not indicate an acceptance or rejection of the Plan will not be accepted or counted by the Debtors in connection with the Debtors' request for confirmation of the Plan.

c) Any Ballot that is returned indicating acceptance or rejection of the Plan, but which is unsigned will not be accepted or counted by the Debtors in connection with the Debtors' request for confirmation of the Plan.

d) Whenever a Claimholder casts more than one properly executed Ballot voting the same claim or interest prior to the Voting Deadline, only the last Ballot timely received will be deemed to reflect the voter's intent and will thus supersede any prior Ballots.

e) If a Claimholder casts duplicative Ballots which are voted inconsistently and are received simultaneously by the Debtors, those Ballots will not be accepted or

counted by the Debtors in connection with the Debtors' request for confirmation of the Plan.

f)   Each Claimholder shall be deemed to have voted the full amount of its claim or interest as set forth on the Ballot.

g)   Claimholders shall not split their vote within a claim; thus, each Claimholder shall vote its entire claim within a particular class either to accept or reject the Plan.

h)   Ballots partially rejecting and partially accepting the Plan will not be accepted or counted by the Debtors in connection with the Debtors' request for confirmation of the Plan.

i)   The method of delivery of Ballots to the Debtors is at the risk of each Claimholder, and such delivery will be deemed made only when the original Ballot is actually received by the Debtors.

j)   The Debtors expressly reserve the right to amend the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code and agreement of the Plan Sponsor). If the Debtors make material changes in the terms of the Plan, the Debtors will disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Court.

k)   If a Ballot is signed by a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or other person acting in a fiduciary or representative capacity on behalf of a Claimholder, such person shall be required to indicate such capacity when signing and, at the Debtors' discretion, must submit proper evidence satisfactory to the Debtors to so act on behalf of the Claimholder.

l)   The Debtors, in their sole discretion, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may, in their sole discretion, reject such Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan.

m)   In the event a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise.

n)   Any Claimholder who has delivered a valid Ballot voting on the Plan may withdraw such vote prior to the Voting Deadline with the consent of the Debtors and in accordance with Bankruptcy Rule 3018(a).

o)     Subject to any contrary order of the Court, Ballots not proper in form will not be accepted or counted by the Debtors in connection with the Debtors' request for confirmation of the Plan.

p)     Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Court) determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

q)     Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have theretofore not been cured or waived) will not be counted.

r)     Subject to any contrary order of the Court, the Debtors reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot unless otherwise directed by the Court.

s)     Any Ballot received by telecopier, facsimile, e-mail, or other electronic communication shall not be counted.

t)     For purposes of determining whether the numerosity and amount requirements of section 1126(c) of the Bankruptcy Code have been satisfied, the Debtors will tabulate only those Ballots received prior to the Voting Deadline.

26.     Upon completion of balloting, the Debtors will certify the amount and number of allowed claims of each Voting Class accepting or rejecting the Plan and the amount of allowed interests of each Voting Class accepting or rejecting the plan. The Debtors will file such certifications with the Court prior to the Confirmation Hearing.

27.     The Debtors respectfully submit that the Tabulation Rules and Tabulation Procedures will establish a fair and equitable voting process, particularly given the right of parties to seek temporary allowance of their claims on some other basis, as described in greater detail below. Therefore, the Debtors seek this Court's approval of such proposed rules.

### D. Procedures for Temporary Allowance of Claims

28.    The Debtors propose that any holder of a claim that seeks to challenge the temporary allowance of its claim for voting purposes based on the Tabulation Rules and Tabulation Procedures be required to file a motion pursuant to Bankruptcy Rule 3018(a)[5] for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") on or before August 29, 2011, pursuant to Local Rule 9006-1(c)(i). The Debtors and other parties in interest will then have until September 8, 2011 to file and serve any responses to Rule 3018 Motions. The hearing on any such Rule 3018 Motions shall be held at the same time as the Confirmation Hearing. In accordance with Bankruptcy Rule 3018, the Debtors further propose that any Ballot submitted by a Claimholder that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Rules and other applicable provisions contained herein unless and until the underlying claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

## II. Confirmation Hearing, Record Date, and Solicitation Packages

### A. The Confirmation Hearing and Notice Thereof

29.    Bankruptcy Rule 3017(c) provides that, on or before the approval of the Disclosure Statement, the Court "may fix the date for the hearing on confirmation." In accordance with this provision, the Debtors request that the Confirmation Hearing be set for September 15, 2011 at 2:30p.m., prevailing Eastern Time.

30.    In the interests of orderly procedure, the Debtors further request that objections to confirmation of the Plan, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with

---

[3]    Bankruptcy Rule 3018(a) provides, in relevant part, that the "court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purposes of accepting or rejecting a plan."

particularity the basis and nature of any objections to confirmation of the Plan; and (d) be filed with the Court on or before September 8, 2011 at 4:00 p.m., prevailing Eastern time (the "Confirmation Objection Deadline"); and (e) be served on the following parties so as to be actually received by the Confirmation Objection Deadline: (i) the Debtors: One Madison Park Condominium, P.O. Box 49249, Charlotte, NC, 28277; (ii) counsel to the Debtors: Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899-1347 (att'n: Derek C. Abbott, Esq.); (iii) counsel to the Committee: Perkins Coie LLP, 30 Rockefeller Plaza, New York, New York, 10112 (att'n: Schuyler G. Carroll, Esq.) and Polsinelli Shughart PC, 222 Delaware Ave., Suite 1101, Wilmington, DE 19801 (att'n: Christopher A. Ward, Esq.); (iv) counsel to One Madison FM, LLC, Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th Floor, New York, New York, 10112 (att'n: Lenard Parkins, Esq.) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (att'n: Russell C. Silberglied, Esq,.); (v) counsel to HFZ Capital LLC, Cohen Tauber Spievack & Wagner, P.C., 420 Lexington Avenue, Suite 2400, New York, New York 10170 (att'n: Joseph M. Vann, Esq.); and (vi) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (att'n: Jane Leamy, Esq.) (collectively, the "Objection Notice Parties"). The Debtors reserve the right to file a consolidated reply to any such objection.

31.     Bankruptcy Rule 2002(b) requires that the Debtors provide notice to all creditors and parties in interest at least 28 days before the deadline for filing objections to confirmation of the Plan and the Confirmation Hearing. Bankruptcy Rule 2002(d) requires that equity security holders be given notice of these matters in the manner and form directed by the Court. In accordance with these provisions, the Debtors propose to serve a copy of the notice

substantially in the form attached to the proposed form of order as **Exhibit 4** (the "Confirmation Hearing Notice") on: (a) all parties set forth on the creditors matrix maintained by the Debtors and supplied to the Clerk of the Bankruptcy Court; (b) all members of the Voting Classes; (c) the Internal Revenue Service; (d) the United States Attorney for the District of Delaware; (e) the United States Trustee; and (f) all parties who have filed a request for notice under Bankruptcy Rule 2002(i). The Confirmation Hearing Notice sets forth the Confirmation Objection Deadline and the time, date, and place of the Confirmation Hearing, as well as information on where to obtain copies of the Plan, Disclosure Statement, and related materials.

32.     In addition to mailing the Confirmation Hearing Notice, the Debtors propose to publish a shortened version of the Confirmation Hearing Notice at least once no later than twenty-one (21) days before the Confirmation Objection Deadline in the *New York Post*.

### B.     The Record Date

33.     Bankruptcy Rule 3017(d) provides that the Court may set a record date for determining which creditors and equity security holders are entitled to receive solicitation materials, including ballots for voting on a plan of reorganization. See Fed. R. Bankr. P. 3017(d). This date is typically the date the order approving a disclosure statement is entered, but may be any other date established for cause, after notice and a hearing.

34.     The Debtors requests that the Court establish the date of the entry of the order approving the Disclosure Statement as the record date (the "Record Date") for purposes of determining which holders of claims are entitled to receive Solicitation Packages and, as applicable, vote on the Plan. The requested Record Date is after the General Bar Date and the Supplemental Bar Date, which will ensure that the Debtors are able to solicit the votes of all creditors who timely file proofs of claim in these cases. Further, Claimholders shall have the right to seek relief from the Record Date pursuant to a timely filed Rule 3018 Motion.

35.     With respect to any transferred claim, the Debtors propose that the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred claim only if: (a) all actions necessary to effect the transfer of payment and interest of the claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date (including without limitation, the passage of any applicable objection period); or (b) the transferee files, no later than the Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

## C.     The Solicitation Packages

36.     Bankruptcy Rule 3017(d) identifies the materials that must be provided to the Claimholders for purposes of soliciting votes and providing adequate notice of the hearing on confirmation of a plan:

> Upon approval of a disclosure statement,–except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders–the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> > (1)     the plan or a court-approved summary of the plan;
> >
> > (2)     the disclosure statement approved by the court;
> >
> > (3)     notice of the time within which acceptances and rejections of the plan may be filed; and
> >
> > (4)     any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with [Bankruptcy] Rule 2002(b),

and a form of ballot conforming to the appropriate Official Form
shall be mailed to creditors and equity security holders entitled to
vote on the plan.

Fed. R. Bankr. P. 3017(d).

37.     In accordance with Bankruptcy Rule 3017(d), the Debtors propose that,

after entry of the order approving the Disclosure Statement, the following materials be mailed by

the Balloting Agent to all Claimholders in the Voting Classes (the "Solicitation Package"):

a)     the Confirmation Hearing Notice;

b)     the Disclosure Statement (together with exhibits thereto, including the Plan, that
have been filed with the Court as of the date of mailing);

c)     any applicable letters from the Debtors and any other parties in interest
recommending that the Claimholders vote to accept the Plan, which letters shall
be filed with the Court prior to the hearing on approval of the Disclosure
Statement;

d)     an appropriate form of Ballot(s), and a Ballot return envelope; and

e)     a copy of the Disclosure Statement Order of the Bankruptcy Court approving the
Disclosure Statement.

38.     Consistent with sections 1126(f) and 1126(g) of the Bankruptcy Code

and Bankruptcy Rule 3017(d), no Solicitation Packages need to be mailed to holders of claims

and interests in Classes that are conclusively deemed to accept or reject the Plan, i.e., the Non-

Voting Classes.  However, as previously noted, in accordance with Bankruptcy Rule 3017(d), the

Debtors propose that members of the Non-Voting Classes shall receive the Non-Voting Notice,

substantially in the form of **Exhibit 3** to the proposed form of order.

39.     The Debtors will mail the Solicitation Packages no later than six (6)

business days after the entry of an order approving the Disclosure Statement to: (a) the holders of

Claims in the Voting Classes, as applicable; (b) all parties that have filed requests for notice in

the chapter 11 cases on or before the Record Date; and (c) the United States Trustee for the District of Delaware.

40.     The Debtors submit that the foregoing procedures for providing notice of the Confirmation Hearing, the Confirmation Objection Deadline, and related matters fully comply with Bankruptcy Rules 2002 and 3017 and the time limits set forth therein, and are both fair to holders of claims and interests and other parties in interest and calculated to result in votes and objections that will be known in sufficient time to permit an organized and efficient Confirmation Hearing. Accordingly, the Debtors respectfully request that the Court approve such notice procedures as appropriate under the circumstances and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

41.     Notwithstanding the foregoing notice requirements, the Debtors seek a waiver from the service requirements with respect to the Confirmation Hearing Notice and Solicitation Package for parties on whom the Disclosure Statement Hearing Notice was served but returned as undeliverable and for whom the Debtors could not locate a current address after reasonable diligence.

42.     Finally, the Debtors request authority to provide portions of the Solicitation Package, including, but not limited to, the Disclosure Statement, Disclosure Statement Order, and Plan, on compact disc ("CD"), provided, however, that the Debtors shall mail paper copies of such materials to any party upon reasonable written request by such party.

**D.     Cure Procedures**

43.     The Plan contemplates the assumption of all executory contracts and unexpired leases indentified on Schedule 6.1 of the Plan which will be included in the Plan Supplement to be filed prior to confirmation. The Debtors have formulated and request approval of the following procedures for determining cure amounts through the Confirmation Date of the

Plan (including amounts of compensation for actual pecuniary loss, the "Cure Amounts") and the

deadline for objections to the assumption and/or assignment of contracts and/or leases to be

assumed and/or assigned in connection with the Plan (collectively, the "Cure Procedures"):

i.   No later than the deadline set forth in the Plan for the filing of the Plan Supplement, the Debtor shall prepare, file with the Court, and distribute to non-Debtor parties to any executory contracts and unexpired non-residential real property leases anticipated to be assumed pursuant to the Plan (as may be supplemented, the "Anticipated Assumed Contracts and Leases") a notice (a "Notice of Assignment") listing (i) the Anticipated Assumed Contracts and Leases, and (ii) the Cure Amounts, if any.

ii.  The non-Debtor parties to the Anticipated Assumed Contracts and Leases shall have until **the date that is ten (10) days before the initial Confirmation Hearing**, which deadline may be extended in the sole discretion of the Debtors, to object (a "Contract Objection") to (i) the Cure Amounts listed by the Debtors and to propose alternative cure amounts, and/or (ii) the proposed assumption and assignment of the Anticipated Assumed Contracts and Leases pursuant to the Plan.

iii. If an executory contract of unexpired non-residential real property lease is the subject of an supplemental Notice of Assignment, the non-Debtors party to such contract or lease shall have until **the later of seven (7) days after the date of such supplemental Notice of Assignment, or the date that is ten (10) days before the Confirmation Hearing Date (the "Cure and Contract Objection Deadline")** to file a Contract Objection to the (i) the Cure Amounts listed by the Debtors and to propose alternative cure amounts, and/or (ii) the proposed assumption and assignment of Anticipated Assumed Contracts and Leases pursuant to the Plan.

iv.  Any party objecting to the Cure Amounts, whether or not such party previously has filed a proof of claim with respect to amounts due under the applicable agreement, or objecting to the potential assumption and assignment of Anticipated Assumed Contracts and Leases, shall be required to file and serve a Contract Objection, in writing, setting forth with specificity any and all cure obligations that the objecting party asserts must be cured or satisfied in respect of the Anticipated Assumed Contracts and Leases and/or any and all objections to the potential assumption and assignment of such agreements, together with all documentation supporting such cure claim or objection, upon the Objection Notice Parties so that the Contract Objection is received no later **than 4:00 p.m. (prevailing Eastern time) on the applicable Cure and Contract Objection Deadline.** If a Contract Objection is timely filed, the Bankruptcy Court shall hear any such Contract Objection and determine the amount of any disputed Cure Amount or objection to assumption and assignment not settled by the parties at the Confirmation Hearing or such later date as the Court may deem appropriate.

v.    In the event that no Contract Objection is timely filed, the applicable party shall be deemed to have consented to the Cure Amount proposed by the Debtors and shall be forever enjoined and barred from seeking any additional amount on account of the Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtors, their estates, any reorganized debtor (the "Reorganized Debtor"), or any purchaser or transferee of the Debtors or Reorganized Debtor's properties on account of the assumption and assignment of such executory contract or unexpired non-residential real property lease and shall be deemed to have consented to the proposed assignment and assumption. In addition, if no timely Contract Objection is filed, the Reorganized Debtor shall enjoy all of the rights and benefits under all Anticipated Assumed Contracts and Leases, without the necessity of obtaining any party's written consent to the Debtors' assumption and assignment of such rights and benefits, and each such party shall be deemed to have waived any right to object to, consent to, condition, or otherwise restrict any such assumption and assignment.

vi.    If an objection to assumption and assignment of an Anticipated Assumed Contract and Lease is timely filed and (i) a final order is entered determining that the contract or lease cannot be assumed and assigned; or (ii) the Debtors give notice that they no longer seek to assume and assign such contract or lease, then the contract or lease shall be deemed removed from the Notice of Assignment and Schedule 6.1 of the Plan and shall be deemed to have been included on Schedule 6.5 of the Plan and rejected in accordance with the terms of the Plan.

44.    The Plan further contemplates that as of the Effective Date, the following executory contracts and unexpired leases shall be rejected to the extent, if any, that they constitute executory contracts or unexpired leases of the Debtors, including any remaining obligations of the Debtors under any executory contract or unexpired lease assigned by the Debtors prior to the commencement of the Chapter 11 Cases, respectively: (a) each executory contract or unexpired lease of the Debtors that: (i) has not been previously assumed, assumed and assigned, or rejected by Final Order; (ii) is not the subject of a motion pending on the Effective Date to assume or to assume and assign or (iii) is not being assumed pursuant to Section 6.1 of the Plan; (b) each contract or lease of the Debtors that has expired by its own terms before the Confirmation Date; (c) any purchase orders executed or issued by the Debtors before the commencement of the Chapter 11 Cases, which have not been previously performed,

assumed and assigned, or terminated; (d) any contract providing for support, guaranty, contribution, indemnity, and similar obligations unless specifically assumed; and (e) the executory contracts and unexpired leases listed on Schedule 6.5, which will be filed with the Plan Supplement and may be amended through the date that is ten (10) days prior to the Confirmation Hearing, on notice filed by the Debtors and served on the parties affected by such amendments

   45.  The listing of a contract or lease by category above, or on Schedule 6.5 to the Plan, shall not constitute an admission by any party that such contract or lease is an executory contract or unexpired lease, or that the Debtors or their Estates have any liability thereunder, nor shall such listing, the absence of an objection thereto, or the Confirmation Order constitute a finding or determination that any such contract or lease is an executory contract or unexpired lease.

   46.  Any party in interest wishing to object to the rejection of an executory contract or unexpired lease shall file and serve its objection on the Objection Notice Parties by the same deadline and in the same manner established for filing objections to Confirmation, unless the rejection is the subject of an amendment to Schedule 6.5, in which case the deadline is the date that is the earlier of (i) twenty (20) days after the date of such amendment; or (ii) the day that is five (5) days before the Confirmation Hearing. Failure to file and serve any such objection by the applicable deadline shall constitute consent to the rejection.

**NO PRIOR REQUEST**

   47.  No prior request for the relief sought herein has been made by the Debtors to this or any other Court.

# NOTICE

48.     Copies of this Motion have been served upon the following parties: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Debtors' postpetition lenders; and (iv) all parties filing requests for notice pursuant to Bankruptcy Rule 2002(i) in these chapter 11 cases (collectively, the "General Service Parties").

49.     In addition to serving the Motion on the foregoing parties, pursuant to Bankruptcy Rule 2002(b) and (d), the Debtors served a notice of the hearing to approve the Disclosure Statement (the "Disclosure Statement Notice") in connection with the filing of the Disclosure Statement on (a) all persons or entities that have filed proofs of claim and/or requests for payment of administrative claims; (b) all persons or entities listed in the Schedules as holding liquidated, non-contingent, and undisputed claims against the Debtors or being a party to an executory contract or unexpired lease; (c) any other known holders of claims against or Interests in the Debtors; (d) any known holders of equity or equity interests in the Debtors; and (e) the General Service Parties (collectively, the "Special Service Parties"). At the same time as serving the Disclosure Statement Notice on the Special Service Parties, the Debtors served the General Service Parties with the Plan and Disclosure Statement.

50.     The Debtors will provide copies of the Disclosure Statement and the Plan to any additional party in interest that makes a request for those documents in the manner specified in the Disclosure Statement Notice and Bankruptcy Rule 3017(a).

51.     The Debtors submit that the foregoing procedures provide adequate notice of the Disclosure Statement Hearing to all parties in interest under the circumstances and, accordingly, request that the Court approve such notice as appropriate and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## CONCLUSION

WHEREFORE, the Debtors respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**: (i) approving the Disclosure Statement (as defined below), (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan (as defined below), (iii) establishing voting record date, (iv) scheduling a hearing on confirmation of the Plan, (v) approving the form of ballots and solicitation materials, (vi) approving related notice procedures, (vii) authorizing the Debtors to act as their own balloting agent, (viii) approving cure procedures, and (ix) granting such other and further relief that the Court deems just and proper.

Dated:  July 11, 2011
       Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

_____
Derek C. Abbott (No. 3583)
Erin R. Fay (No. 5268)
1201 N. Market Street
18th Floor
Wilmington, DE 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-9400

*Counsel to the Debtors and Debtors in Possession*

4161306.3