IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FKF MADISON GROUP OWNER, LLC, et al.[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 10- 11867 (KG)<br>)<br>)<br>) Jointly Administered<br>)<br>) **Hearing Date: October 20, 2011 at 10:00 a.m. (ET)**<br>) **(REQUESTED)**<br>)<br>) **Objection Deadline: October 18, 2011 at 4 p.m. (ET)**<br>**(REQUESTED)** |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AUTHORIZING AND APPROVING THE CONTINUED RETENTION AND EMPLOYMENT OF IJS MANAGEMENT LLC AS THE DEBTORS' CONSULTANT *NUNC PRO TUNC* TO SEPTEMBER 1, 2011

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby move (the "Motion") for entry of an order, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing and approving the continued employment and retention of IJS Management LLC ("IJS") to provide consulting services to the Debtors *nunc pro tunc* to September 1, 2011. In support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of these proceedings and the Motion in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors, followed by the last four digits of their tax identification numbers, are as follows: FKF Madison Group Owner LLC (6399); JMJS 23rd Street Realty Owner LLC (6651); Madison Park Group Owner LLC (3701); and Slazer Enterprises Owner LLC (4339). The Debtors' mailing address is P.O. Box 49249, Charlotte, NC, 28277.

2. The statutory bases for the relief requested herein are sections 105(a) and 363(b) of the Bankruptcy Code.

**BACKGROUND**

3. On June 8, 2010, involuntary chapter 7 petitions were filed in this Court against each of the Debtors by certain petitioning creditors, thereby commencing the Debtors' involuntary chapter 7 cases (the "Chapter 7 Cases").

4. On November 19, 2010 (the "Conversion Date"), this Court entered Orders for relief in the Chapter 7 Cases and entered Orders converting the Chapter 7 Cases to cases under chapter 11 of the Bankruptcy Code [Case No. 10-11867, D.I. 119; Case No. 10-11868, D.I. 111; Case No. 10-11869, D.I. 112; and Case No. 10-11870, D.I. 117].

5. The Debtors are operating their respective businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

6. On January 20, 2011, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee") [D.I. 211].

7. Slazer Enterprises, LLC ("Slazer"), a non-Debtor entity, is the sole member of Debtor Slazer Enterprises Owner LLC and serves as the manager for all of the Debtors. Slazer, in turn, is presently controlled by Green Bridge Capital S.A. (35%) ("GB"), Special Situation S.A. (by proxy for Marc Jacobs) (32.5%) ("SS" and together with GB, the "Controlling Members"), and Ira Shapiro (32.5%) ("Shapiro").

A. **The Debtors' Retention of IJS**

8. On May 24, 2011, the Debtors filed a motion (the "IJS Retention Motion") to retain IJS as the Debtors' consultant pursuant to a consulting agreement. Although no party

objected to the IJS Retention Motion, the Committee requested that the Debtors make certain changes to the form of consulting agreement attached to the IJS Retention Motion. Such changes included limiting the term of the agreement to through August 31, 2011, and providing that the agreement could be extended by agreement between the Debtors and the Committee or by order of this Court. The Debtors agreed to certain changes and filed a revised form of the consulting agreement (the "<u>Consulting Agreement</u>") and a related proposed form of order under certification of counsel (D.I. 490).

9. On June 14, 2011, the Court entered an Order authorizing the Debtors to retain and employ IJS pursuant to the terms of the Consulting Agreement (D.I. 494).

**B. <u>The Debtors' Continued Need to Retain IJS</u>**

10. Both prior to and during the initial term of the Consulting Agreement, IJS (through its employee, Shapiro) provided important consulting services to the Debtors which allowed these cases to progress effectively. In the course of their duties, the Debtors' professionals regularly consult with Shapiro regarding issues related to the operation of the Debtors' business. The Debtors believe it is in the best interests of their estates to continue to retain IJS as a consultant. Accordingly, the Debtors and IJS have negotiated the amendment to the Consulting Agreement (the "<u>Amendment</u>") attached hereto as **Exhibit A**. The Amendment extends the term of the Consulting Agreement through and including the effective date of a plan of reorganization for the Debtors.

11. Despite the expiration of the initial term, IJS has continued to provide services to the Debtors, including by:

    i.    Assisting the Debtors' professionals on a weekly, if not daily, basis with operation of the Debtors' business, including issues related to taxes, inclusionary certificates, zoning, and amendments to the offering plan for the Debtors' real property;

ii. Communicating with potential plan sponsors regarding diligence;

iii. Communicating and coordinating with the management company employed by the condominium association for the Debtors' real property on numerous operational issues;

iv. Communicating and coordinating with the Debtors' construction manager related to numerous operational and construction issues;

v. Providing information and assistance to the Debtors' professionals related to adversary proceedings and contested matters; and

vi. Assisting the Debtors' professionals with claims administration.

12. Due to the expiration of the initial term, the Debtors have been unable to compensate IJS for Shapiro's continued assistance with day-to-day operations. The Debtors require the continued services of Shapiro as a consultant to facilitate these cases due to Shapiro's extensive institutional knowledge of the Debtors' business. Although Mr. Fioretti has been functioning as the Debtors' sole officer and operating the Debtors' business since his retention, Mr. Fioretti has required Shapiro's regular assistance in these cases. The Debtors' counsel has similarly required Shapiro's assistance. As described above, the initial term of the Consulting Agreement has passed. The Debtors require Shapiro's continued assistance of to navigate these cases and operate the Debtors' business and therefore seek approval of the Amendment.

## RELIEF REQUESTED

13. By this Motion, the Debtors request the entry of an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code authorizing and approving the continued employment and retention of IJS Management LLC to provide its employee, Ira Shapiro, as a consultant to the Debtors, *nunc pro tunc* to September 1, 2011.

## SCOPE OF SERVICES

14. The Debtors seek authority to continue to retain IJS pursuant to the Amendment, which provides that IJS will continue to provide Shapiro's consulting services to the Debtors at the direction of Mr. Fioretti and the Controlling Members through the effective date of a plan of reorganization for the Debtors.

15. Shapiro has extensive experience in providing real estate development services and the compensation arrangement reflected in the Consulting Agreement and Amendment are consistent with, and typical of, arrangements entered into by consultants with respect to rendering similar services for clients such as the Debtors.

16. IJS and Shapiro have agreed to subject themselves to the jurisdiction and supervision of the Court. The Controlling Members support IJS's retention and believe Shapiro's expertise will be of material benefit to the Debtors during this chapter 11 process.

17. The Debtors require the continued services of Shapiro for the following purposes, among others:

    i. Taking any and all actions and performing such other functions and activities to such extent as may be approved and directed by Mr. Fioretti or the Controlling Members, including without limitation:

        a) Assisting the Debtors with matters related to the Debtors day-to-day operations;

        b) Assisting Debtors with investigations related to litigation and contested matters;

        c) Assisting Debtors with reviewing all executory contracts and taking the appropriate steps to assume or reject them; and

        d) Assisting Debtors with reviewing scheduled and filed claims and engaging in claims administration, as appropriate.

## COMPENSATION

18. IJS will be paid monthly by the Debtors for its services and expenses on the terms set forth in the Consulting Agreement and Amendment. IJS will be compensated at a monthly rate of $20,000, plus reasonable expenses not to exceed an aggregate of $25,000 for those months that the Consulting Agreement, as amended, remains in effect.[2]

19. The Debtors believe that IJS's compensation is fair and reasonable in light of industry practice, market rates both in and out of chapter 11 proceedings, the experience of IJS's employees in comparable businesses, and the scope of work to be performed.

## BASIS FOR RELIEF REQUESTED

20. The Debtors request authority to retain IJS under the terms of the Amendment and Consulting Agreement pursuant to section 363 of the Bankruptcy Code, which provides in pertinent part that the Debtors "may, use, sell, or lease, other than in the ordinary course of business property of the estate." 11 U.S.C. § 363(b). Courts interpreting section 363(b) have held that transactions should be approved pursuant to this provision when, as here, they are supported by management's sound business judgment. *See, e.g., Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bankr. v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991)); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063 (2d Cir. 1983); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991) (noting that the Third Circuit has adopted the "sound business purpose" test for section 363(b)).

---

[2] The terms and conditions of the Consulting Agreement and Amendment set forth in this Motion are intended solely for informational purposes to provide the Court and interested parties with a brief overview of the significant terms thereof. This summary is qualified in its entirety by the provisions of the Consulting Agreement and Amendment, which control in the event of any discrepancy.

21.     The retention of consultants is proper under section 363 of the Bankruptcy Code. Courts recognize the applicability of section 363(b) to the use of estate property to compensate individuals employed outside the ordinary course of business. *See In re First Int'l Services Corp.*, 25 B.R. 66, 69 (Bankr. D. Conn. 1982).

22.     The Debtors have determined, in the exercise of their business judgment, that the fee structure set forth in the Amendment appropriately reflects the nature of the services to be provided by IJS, contains reasonable terms and conditions of employment, and should be approved under section 363 of the Bankruptcy Code.

23.     The Debtors have engaged IJS to complete time-sensitive and work-intensive projects. IJS is providing services currently, and its continued assistance is crucial to the Debtors' successful reorganization. For example, IJS assists the Debtors in reviewing and analyzing various pending litigation matters. IJS also assists the Debtors with claims administration. IJS's services enable the Debtors' other professionals to provide better service to the Debtors, thereby maximizing the Debtors' going concern value and expediting the Debtors' exit from chapter 11.

24.     IJS, through Shapiro's efforts, has already proven invaluable to the Debtors' chapter 11 process and will continue to dedicate significant time and effort toward the Debtors' restructuring efforts. Accordingly, the Debtors believe that the employment and retention of IJS as the Debtors' consultant is an exercise of the Debtors' sound business judgment.

## WAIVER OF BANKRUPTCY RULE 6004(h)

25.     Debtors further seek a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after

entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). The Debtors submit that ample cause exists to justify a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

## NOTICE

26. Notice of this Motion has been given to: (i) the Office of the United States Trustee, (ii) counsel to the Committee, (iii) counsel to the Debtors post-petition lenders; and (iv) all parties who have requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no other or further notice is required

## NO PRIOR REQUEST

27. No prior request for the relief sought in the Motion has been made to this Court or any other Court.

WHEREFORE, the Debtors respectfully request the Court enter an Order, substantially in the form attached hereto as **Exhibit B** authorizing the Debtors to continue to employ and retain IJS as the Debtors' consultant for the purposes set forth above, *nunc pro tunc* to September 1, 2011, and grant such further relief as is just and proper.

Dated: October 10, 2011
       Wilmington, Delaware       MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Erin R. Fay*
Derek C. Abbott (Bar No. 3376)
Erin R. Fay (Bar No. 5268)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: dabbott@mnat.com
      efay@mnat.com

4089927.2

*Counsel to Debtors and Debtors in Possession*