**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| FKF MADISON PARK OWNER, LLC, et al.,[1] | ) |
| | ) Case No. 10-11867 (KG) |
| Debtors. | ) |
| | ) Jointly Administered |
| | ) |
| | ) **Related Docket Entry No. 686** |
| | ) |
| | ) **Hearing Date: October 20, 2011 at 10:00 a.m. (ET)** |
| | ) **Objection Deadline: October 13, 2011 at 4:00 p.m. (ET)** |
| | ) |

## RANCE MASHECK'S AND TIM LIN'S OBJECTION TO THE JOINT MOTION OF THE DEBTORS AND ONE MADISON FM, LLC FOR AN ORDER APPROVING BID PROCEDURES FOR SUBMITTING COMPETING PLAN PROPOSALS

COMES NOW RANCE MASHECK AND TIM LIN ("Masheck and Lin"), and file their Objection to the Joint Motion of the Debtors and One Madison FM, LLC For an Order Approving Bid Procedures for Submitting Competing Plan Proposals (the "Motion"), and respectfully state as follows:

1. Masheck and Lin are the owners of Unit 49B by virtue of their payments to Debtors in the amount of $4,200,000. and the Debtors' execution on June 29, 2009 of a Deed for Unit 49B to Masheck and Lin.

---

[1] The Debtors in these cases, along with the last four digits of their EIN, are: FKF Madison Group Owner, LLC (Case No. 10-11867) (3699); JMJS 23rd Street Realty Owner, LLC (Case No. 10-11868) (6651); Madison Park Group Owner, LLC (Case No. 10-11869) (3701); and Slazer Enterprises Owner, LLC (Case No. 10-11870) (4339). The Debtors' address is 230 Congers Road, New City, NY 10920.

1

2. Debtors' Motion states that Debtors and OMF will be filing an amended Chapter 11 Plan and Disclosure Statement. Debtors' currently filed Disclosure Statement provides in Section III(J)(8), Cancellation of Liens, that:

> "Except as otherwise provided in the Plan or in connection with the issuance of the New iStar Secured Note, on the Effective Date, in consideration for the Distributions to be made under the Plan, (i) *all* Liens, charges, encumbrances, ownership interests related to any Deed in respect of a *Deed Holder Claim*, and rights relating to any Claim or Equity Interest *shall be terminated, null and void and of no effect*."

This same provision is included in Section 4.7 of Debtors' currently filed proposed Chapter 11 Plan.

3. On or about June 8, 2010 the Debtors attempted to sell substantially all of their assets including Unit 49B to OMF's predecessor, iStar Tara LLC ("iStar"), without notice and without any marketing of those assets.

4. OMF is the ultimate successor to iStar who stood to benefit from the sale of substantially all of the Debtors' assets.

5. On August 26, 2011, Masheck and Lin filed their Complaint of Rance Masheck and Tim Lin for Declaratory Judgment, Imposition of Constructive Trust, Demand for Equitable Marshaling and Request for Equitable Subordination and Other Relief Relating to Determination of Rights in Real Property, Adversary #11-53147 (the "Adversary Action").

6. In their Complaint, Masheck and Lin seek, inter alia, a determination that Unit 49B is not property of the Estate and to compel Debtors to record their Deed. Masheck and Lin paid Debtors $4,200,000. for their Unit 49B. Masheck and Lin further seek a Declaratory Judgment that Unit 49B is not subject to the OMF Mortgage, or any other liens or claims.

7. Masheck and Lin object to the Motion because the Debtors purport to include and transfer their Unit 49B to OMF or to a higher bidder. Debtors are without authority to transfer their Unit 49B until this Court has ruled on the relief sought by Masheck and Lin in their Adversary Action wherein Masheck and Lin assert superior rights under their Deed.

8. Debtors' Motion addresses Disputed Units, such as Masheck and Lin's Unit 49B in several places. Paragraph 29 of the Motion states that *all assets* of the Debtors and the Property will vest in the Reorganized Debtors free and clear of all liens, claims, rights and encumbrances.

9. The Binding Commitment, Page 2, Exhibit "A" to the Settlement Agreement, states that the OMF Plan and Disclosure Statement shall provide for the vesting in the Reorganized Debtors of 100% of the Debtors' interests in the Property, *including* the Disputed Units listed in Exhibit "C".

10. On the other hand, the Binding Commitment, Page 3, Exhibit "A" to the Settlement Agreement, states that the Reorganized Debtors will own the Property free and clear of all liens, claims rights, interests security interests and encumbrances, *other than* (iii) the Disputed Units, pending final adjudication of Disputed Unit Claims by a court of competent jurisdiction.

11. Similarly, the Indicative Terms for the OMF Plan, Exhibit "A", at Page 5, (II), Miscellaneous Terms and Conditions, states that all of the Debtors' Assets will vest in the reorganized Debtors free and clear of all liens, claims, rights, security interests and encumbrances, *except* Disputed Unit Claims, pending final adjudication of such interests in a court of competent jurisdiction.

12. In yet a further variation, the Indicative Terms for the OMF Plan, Exhibit "A", at Page 6 states that the OMF Plan and the Confirmation Order shall provide that the *Bankruptcy Court shall retain exclusive jurisdiction* to hear and determine any and all adversary proceedings and adjudicate all claims relating to the determination of property of the Estates, *including* the Disputed Units identified in Exhibit "C" to the Commitment Letter.

13. Clearly, the Motion contains inconsistent terms regarding the Debtors and OMF's plan with regard to the treatment of Masheck and Lin's Unit 49B and the other Disputed Units in the Motion. The Term Sheet provisions referred to in Sections 11 and 12 above appear to state that Unit 49B and the other Disputed Units are not included in the Motion, and remain subject to determination by this Court in the Adversary Action.

14. The other referenced Sections of the Motion, however, appear to inconsistently provide that all assets of the Debtor including Unit 49B and the other Disputed Units will be included in the sale. The Motion should instead comport with the apparent import of the Term Sheet provisions which provide that the sale include the assets of the Debtor *other than* the Disputed Units, thereby excluding Unit 49B from the sale.

15. Masheck and Lin submit that their Unit 49B should not be included in the Motion and the Order approving Bid Procedures.

16. Furthermore, this Court should not allow the Debtors or OMF to take any action regarding the sale or transfer of Unit 49B until this Court has determined the asserted superior rights of Masheck and Lin under their Deed in the Adversary Action.

17. This Court ruled in Whitehall Jewelers that:

> "A bankruptcy court may not allow the sale of property as "property of the estate" without first determining whether the property is property of the estate. *See Moldo v. Clark (In re Clark)*, 266 B.R. 163, 172 (B.A.P. 9th Cir. 2001) ("[T]he property

> that can be sold free and clear under section 363(f) is defined by subsections (b) and (c) of section 363 as 'property of the estate.'"); *Darby v. Zimmerman (In re Popp),* 323 B.R. 260,266 (B.A.P. 9th Cir. 2005) (even before one gets to Section 363(f), Section 363(b), as interpreted by Rodeo, requires that the estate demonstrate that the property it proposes to sell is "property of the estate."); Anderson v. Conine (In re Robertson), 203 F3d 855, 863 (5th Cir. 2000) (holding that section 363(f) does not permit a trustee to sell the property of a non-debtor spouse because such property was not "property of the estate"); *In re Coburn,* 250 B.R. 401, 403 (Bankr. M.D. Fla. 1999) (Finding it necessary to determine whether an asset is property of the estate in order to decide whether the trustee is entitled to sell the asset pursuant to section 363(f).
>
> A recent case in our Circuit dictates that a lien can only be invalidated by an adversary proceeding commenced pursuant to Rule 7001(2), and not by motion. *SLW Capital, LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin)*, 2008 WL 2498048 (3d Cir. June 24, 2008) at *1.

*In re Whitehall Jewelers Holdings Inc.,* 2008 WL 2951974 (Bankr. D. Del. July 28, 2008) (pages 3,4 and 6).

This Court therefore concluded that the sale must be denied pending the Court's resolution in adversary proceedings as to the validity of the parties' interests.

18. Accordingly, Masheck and Lin request that this Court exclude their Unit 49B from the Bid Procedures Motion, Settlement Agreement, and Sale, until such time as this Court has determined the asserted superior rights of Masheck and Lin under their Deed in the Adversary Action, and pursuant to further Order of this Court.

**WHEREFORE**, Masheck and Lin respectfully request that (i) Unit 49B be excluded from the Motion; (ii) the Order provide that the asserted superior rights of Masheck and Lin under their Deed be determined by this Court in the Adversary Action, and (iii) this Court grant such other relief as it deems just and equitable.

Dated: October 13, 2011

                                        Respectfully submitted,

                                        WERB & SULLIVAN

                                        /s/ Brian A. Sullivan
                                        Brian A. Sullivan (No. 2098)
                                        Duane D. Werb (No. 1042)
                                        300 Delaware Avenue, 13th Floor
                                        Suite 1300
                                        Wilmington, DE  19801
                                        Telephone:  (302) 652-1100
                                        Telecopier:  (302) 652-1111
                                        E-mail: bsullivan@werbsullivan.com
                                        E-mail: dwerb@werbsullivan.com

                                        **Counsel for Rance Masheck & Tim Lin**