IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| FKF MADISON GROUP OWNER LLC, et al.,[1] | ) Case No. 10-11867 (KG) ) ) |
| | ) Jointly Administered |
| Debtors. | ) ) **Re: D.I. 686** ) ) |

## ORDER APPROVING BID PROCEDURES FOR SUBMITTING COMPETING PLAN PROPOSALS

Upon the joint motion (the "Bid Procedures Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") and One Madison FM, LLC ("OMF" and together with the Debtors, the "Movants"), for an order approving Bid Procedures for submitting Competing Plan Proposals; and upon consideration of the Bid Procedures Motion, the evidence presented in support thereof and all pleadings related thereto, and the arguments and the statements made at the hearing on the Bid Procedures Motion; and the Court having determined that good and sufficient cause exists to grant all the relief requested in the Bid Procedures Motion based upon the evidence presented and the applicable legal standards;

**THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:**

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

---

[1] The Debtors, followed by the last four digits of their tax identification numbers, are as follows: FKF Madison Group Owner LLC (6399); JMJS 23rd Street Realty Owner LLC (6651); Madison Park Group Owner LLC (3701); and Slazer Enterprises Owner LLC (4339). The Debtors' mailing address is P.O. Box 49249, Charlotte, NC, 28277.

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Bid Procedures Motion.

1

B.   This is a core proceeding pursuant to 28 U.S. C. § 157(b)(2).

C.   Notice of the Bid Procedures Motion as set forth in the Motion and the relief requested therein was sufficient and proper under the circumstances and complied with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and no further notice is required.

D.   The relief requested in the Bid Procedures Motion and granted herein is warranted under the evidence presented, the applicable law and the circumstances and is in the best interests of the Debtors, their estates, and creditors.

E.   It is in the best interest of the Debtors and their estates to subject the New OMF Commitment to a competitive and open bidding process through the submission of Competing Plan Proposals.

F.   The Bid Procedures set forth in the Bid Procedures Motion represent a sound exercise of the Debtors' business judgment, are fair and reasonable and are likely to lead to an open and fair bidding environment if there is market interest in submitting Competing Plan Proposals.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.   The Bid Procedures Motion and the relief requested therein is GRANTED.

2.   The Broker, Jones Lang LaSalle, 601 Lexington Avenue, 33rd Floor, New York, NY 10022 (Attn: Joshua D. Gleiber) is the point of contact from which potential Bidders may obtain information regarding the bidding process.

3.   The following Bid Procedures shall govern the bidding process:

   a. As soon as reasonably practicable after the entry of the Bid Procedures Order, the Debtors will send (i) a copy of the Bid Procedures Order by email, to all potential Bidders identified by the Broker as likely to have an interest in submitting a Competing Plan Proposal, so that such Bidders

2

will have more than adequate time to perform any necessary due diligence and participate in the bidding process, and (ii) notice, substantially in the form attached to the Motion, of the entry of the Bid Procedures Order by first class mail, to (a) all persons or entities that have filed proofs of claim and/or requests for payment of administrative claims in the Bankruptcy Cases, (b) all persons or entities listed in the Debtors' Schedules of Assets and Liabilities, (c) any other known holders of claims against or interests in the Debtors, (d) parties to adversary proceedings associated with the Bankruptcy Cases, and (e) known parties which have asserted purported interests in the units set forth in Exhibits B and C to the New OMF Commitment;

b. A potential Bidder interested in submitting a Competing Plan Proposal may be granted access (to the extent access has not already been granted) to confidential financial and operational materials, provided that such Bidder (i) executes a confidentiality agreement in a form acceptable to the Debtors and (ii) provides sufficient information to the Debtors demonstrating its wherewithal to consummate a Competing Plan Proposal;

c. To the extent a Bidder submits a Competing Plan Proposal, such Competing Plan Proposal shall be actually received by the Debtors, OMF, the Committee and the Broker no later than **December 8, 2011 at 5:00 p.m. (ET)** (the "Bid Deadline") at the following addresses:

   (i) The Debtors: One Madison Park Condominium, P.O. Box 49249, Charlotte, NC, 28277 (Attn: John Fioretti);

   (ii) Counsel to the Debtors: Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899-1347 (Attn: Derek C. Abbott, Esq.);

   (iii) Counsel to OMF: Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th Floor, New York, New York, 10112 (Attn: Lenard Parkins, Esq. and Lawrence Mittman, Esq.);

   (iv) Counsel to the Committee: Perkins Coie LLP, 30 Rockefeller Plaza, 25th Floor, New York, New York, 10112 (Attn: Schuyler G. Carroll, Esq.); and

   (v) The Broker: Jones Lang LaSalle, 601 Lexington Avenue, 33rd Floor, New York, NY 10022 (Attn: Joshua D. Gleiber).

d. Any Competing Plan Proposal shall (i) be a binding and irrevocable offer evidenced by a commitment letter and accompanying plan term sheet in the form of a mark-up of New OMF Commitment and the accompanying term sheet that (a) is not subject to any due diligence or other "outs" (other than as described in the New OMF Commitment or the accompanying term sheet), and (b) betters the OMF Initial Bid by at least the Overbid Amount, and (ii) provides for payments on account of the OMF Prepetition Claims, in cash only and in full on the Effective Date, or such

other treatment as to which OMF, in its sole and absolute discretion, may agree;

e. In addition, a Competing Plan Proposal shall (i) include evidence satisfactory to the Debtors of the Bidder's financial ability to fund a plan of reorganization embodying the terms of such Competing Plan Proposal and (ii) be accompanied by a good-faith deposit in an amount equal to $10 million (the "Good-Faith Deposit") which will be held in escrow during the pendency of the bidding process;

f. Any Overbids set forth in a Competing Plan Proposal shall be first paid on account of the OMF Prepetition Claims until the OMF Prepetition Claims have been paid in full and in cash (which will include accrued interest and default interest, fees and costs and other amounts that OMF may be entitled to under the Loan Documents) or such other treatment as to which OMF, in its sole and absolute discretion, may agree;

g. By **5:00 p.m. (ET)** at least two (2) business days prior to the Plan Auction (as defined below), the Debtors shall notify (i) Bidders that submitted Competing Plan Proposals that, in the Debtors' business judgment, (A) satisfy the requirements of the Bid Procedures and (B) are superior to the New OMF Commitment that such Bidders have been designated as "Qualified Bidders" authorized to bid in the Plan Auction and (ii) all other Bidders that they have not been designated as Qualified Bidders and are not eligible to bid at the Plan Auction;

h. OMF shall be a Qualified Bidder and be permitted to submit further and additional bids to compete with any Competing Plan Proposal, which subsequent bids may include credit bid and cash bid components;

i. To the extent there is at least one Qualified Bidder other than OMF, the Debtors shall conduct an auction to determine the identity of the Qualified Bidder with the highest and best plan proposal December 13, 2011 at the office of Debtors' counsel (Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, DE 19899-1347) (the "Plan Auction");

j. If applicable, the Plan Auction will begin with the Debtors' presentation of the then existing highest and best Competing Plan Proposal, as determined by the Debtors in their business judgment (the "Baseline Bid"). All other Qualified Bidders, including OMF, shall then be entitled to submit further Overbids in the increments of at least the Overbid Amount against the Baseline Bid, and to the extent there is more than one round of bidding, the bids at each succeeding round of bidding must be greater than the highest bid of the previous round by at least the Overbid Amount;

k. In connection with bidding at the Plan Auction, OMF may credit bid up to the full amount of the OMF Prepetition Claims (which will include accrued interest and default interest, fees and costs and other amounts that OMF may be entitled to under the Loan Documents);

4

l.  At the Plan Auction, the Debtors shall determine and declare, in their business judgment, which Competing Plan Proposal constitutes the highest and best offer (the "<u>Winning Bid</u>" and the Bidder with the Winning Bid, the "<u>Winning Bidder</u>"). Thereafter, the Debtors shall seek to confirm the OMF Plan with the Winning Bidder as the Plan Funder;

m.  If no Qualified Bidder has submitted a Competing Plan Proposal by the Bid Deadline, the Debtors will not conduct the Plan Auction and will proceed with the OMF Plan with OMSub as the Plan Funder;

n.  If a Bidder is not determined to be the Winning Bidder, such Bidder's Good Faith Deposit shall be refunded within five business (5) days of the conclusion of the Plan Auction;

o.  The Winning Bidder's Good Faith Deposit shall be credited against the cash consideration set forth in the Winning Proposal;

p.  If Debtors are unable to confirm a plan of reorganization embodying the Winning Bid no later than March 15, 2012 and cause such plan to go effective no later than April 15, 2012 (each a "<u>Non-Consummation Event</u>"), the Debtors shall immediately move to confirm the OMF Plan embodying the Initial OMF Bid. In the event of a Non-Consummation Event, if such event occurs (a) through no fault of the Debtors, the Good Faith Deposit shall be forfeited, (b) through the fault of the Debtors, the Winning Bidder shall receive the Good Faith Deposit within three (3) business days of the Non-Consummation Event and the Winning Bidder shall have no liability to any party as a result of the Non-Consummation Event; and

q.  The Debtors reserve their rights to: (i) impose, at or prior to the Plan Auction, additional terms and conditions on any Competing Plan Proposals; (ii) extend any deadlines set forth in the Bid Procedures other than the deadlines pertaining to a Non-Consummation Event; and/or (iii) adjourn the Plan Auction without further notice.

4.  The Movants are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

5.  The Court shall retain jurisdiction as to all matters relating to the interpretation, implementation, and enforcement of this Order.

6.  This Order is effective immediately upon entry.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. Nothing in this Order shall determine validity of liens and claims against, enforceability of liens and claims against priority of liens and claims against or ownership of any of the debtors or their assets.

9. This Order incorporates and approves to the extent applicable, the terms and conditions of the stipulation attached hereto as Exhibit Z, among other things, resolving all of the Official Committee of Unsecured Creditors' objections to the relief granted hereby.

Dated: October 24, 2011
       Wilmington, Delaware

_____
KEVIN GROSS, U.S.B.J.