**EXHIBIT Z**

**EXHIBIT Z**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FKF MADISON GROUP OWNER LLC, *et al.*[1] | ) Case No. 10-11867 (KG) |
| | ) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |

## STIPULATION

By their undersigned counsel, the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), the official committee of unsecured creditors appointed in the Debtors' cases, One Madison FM, LLC and HFZ Capital Group LLC hereby stipulate and agree to the provisions of the term sheet attached hereto as **Exhibit A**.

| ACKNOWLEDGED AND AGREED: | ACKNOWLEDGED AND AGREED: |
|---|---|
| | |
| /s/ *Andrew Nazar* | /s/ *Russell C. Silberglied* |
| Christopher A. Ward (No. 3877) | Russell C. Silberglied (No. 3462) |
| Andrew Nazar (admitted pro hac vice) | Zachary I. Shapiro (No. 5103) |
| POLSINELLI SHUGHART | RICHARDS, LAYTON & FINGER, P.C. |
| 222 Delaware Ave. | One Rodney Square |
| Suite 1101 | P.O. Box 551 |
| Wilmington, DE 19801 | Wilmington, DE 19899 |
| Telephone: (302) 252-0920 | Telephone: (302) 651-7700 |
| Facsimile: (302) 252-0921 | Facsimile: (302) 498-7701 |
| | |
| -and – | - and - |

---

[1] The Debtors, followed by the last four digits of their tax identification numbers, are as follows: FKF Madison Group Owner LLC (6399); JMJS 23rd Street Realty Owner LLC (6651); Madison Park Group Owner LLC (3701); and Slazer Enterprises Owner LLC (4339). The Debtors' mailing address is P.O. Box 49249, Charlotte, NC, 28277.

| | |
|---|---|
| PERKINS COIE LLP<br>Schuyler G. Carroll<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>Telephone: (212) 262-6900<br>Facsimile: (212) 977-1649<br><br>*Counsel to the Official Committee of Unsecured Creditors*<br><br>Dated: October 20, 2011 | HAYNES AND BOONE, LLP<br>Lenard M. Parkins<br>Larry Mittman<br>Trevor R. Hoffman<br>Jonathan Hook<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>Telephone: (212) 659-7300<br>Facsimile: (212) 918-8989<br><br>*Counsel to One Madison FM, LLC*<br><br>Dated: October 20, 2011 |
| ACKNOWLEDGED AND AGREED:<br><br>/s/ *Erin R. Fay*<br>Derek C. Abbott (No. 3376)<br>Erin R. Fay (No. 5268)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel to Debtors and Debtors in Possession*<br><br>Dated: October 20, 2011 | ACKNOWLEDGED AND AGREED:<br><br>/s/ *Andrew Buck*<br>Joseph Vann (admitted pro hac vice)<br>Andrew Buck (admitted pro hac vice)<br>COHEN TAUBER SPIEVACK & WAGNER PC<br>420 Lexington Ave., Suite 2400<br>New York, NY 10170<br><br><br><br>*Counsel to HFZ Capital Group LLC*<br><br>Dated: October 20, 2011 |

# EXHIBIT A

**Term Sheet**

## TERM SHEET FOR FINAL RESOLUTION WITH COMMITTEE

1. a. If the Official Committee of Unsecured Creditors (the "Committee") and the unsecured creditors, as applicable, comply with the requirements to obtain the $6.75 million distribution contemplated in the OMF Commitment Letter[2] and the proposed Plan[3] (the "GUC Cash Amount"), the GUC Cash Amount shall be made available by the Plan Funder to the unsecured creditor pool (and this amount will not change if treatment or amounts needed to treat other classes of creditors or administrative or priority claims change from that provided in the Commitment Letter) and OMF will waive any right to share in the GUC Cash Amount on account of any claim; provided that if the Court determines that the Committee violates, breaches or takes any action inconsistent with (i) sub-paragraph 1(b)(i) below, the GUC Cash Amount shall be reduced to $3.4 million and (ii) any of sub-paragraphs 1(b)(ii)-(v) below, the GUC Cash Amount shall be reduced to $0, and the Commitment Letter shall be so amended; provided further that the terms of this Stipulation shall control to the extent they conflict with the OMF Commitment Letter;

b. The Committee (i) shall support the efforts of the Debtors and OMF to implement the terms of the Commitment Letter and confirm the Plan; (ii) shall not support any restructuring or reorganization plan other than the Plan and the plan process contemplated by the Commitment Letter (which, subject to paragraph 1(a), above, may be amended from time to time by the Debtors and OMF so long as the GUC Cash Amount, its authorized uses, and OMF's waiver of any right to share in the GUC Cash Amount are not changed to the detriment of the unsecured creditors), and the Debtors' and OMF's prosecution of the Plan; (iii) shall provide a letter in support of the Plan, recommending that unsecured creditors vote in favor of the Plan, to be included in the Plan solicitation materials (provided that such letter may include the Committee's assessment and analysis of the plan and its consideration of various factors in deciding to support the Plan); (iv) shall oppose any efforts by any third party in opposition to the Plan and the plan process contemplated by the Commitment Letter; and (v) shall take no actions, directly or indirectly, to interfere with, hinder, or delay the confirmation and implementation of the Plan, or any litigation related thereto (including any litigation related to ownership or rights to the Property, including the Units), except to the extent the Plan or incident litigation purports to reduce the GUC Cash Amount or alter any provisions of the Plan in a manner inconsistent with the terms hereof (provided that the effect of paragraph 1(a) above shall not be a valid ground to object to or otherwise oppose the Plan), and shall not cause others to do so in any litigation (whether in the Bankruptcy Court or any other court) related in any way to (1) the validity, priority or enforceability of the mortgages and liens of OMF against the Property; (2) the Property, including with respect to objections to claims related in any way to claims or rights asserted by any party to

---

[2] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Binding Commitment for OMF or its Designee to be Plan Funder Under the Plan (the "OMF Commitment Letter"). All references to a Debtor shall also be deemed to refer to the Reorganized Debtor, as may be applicable.

[3] This Stipulation is not a solicitation of acceptances or rejections with respect to any restructuring or plan of reorganization. Any such solicitation will be conducted in accordance with the Bankruptcy Code and/or applicable non-bankruptcy law.

ownership of the Property, including Units; (3) the Commercial Unit; (4) any litigation, claims and rights therein retained by the Debtors or Reorganized Debtors under the Plan, or (5) any litigation needed to implement the Plan so long as the consideration to unsecured creditors does not change.

2. The Plan provisions for the treatment of unsecured creditors shall be consistent with those provided in the Commitment Letter and this Stipulation (including paragraph 1(a), above), and the Committee shall not be deemed to have breached or violated this Stipulation or triggered the reduction in GUC Cash Amount provided for in paragraph 1(a), above, solely as a result of actions taken by the Committee to enforce the rights of its constituents to the GUC Cash Amount. Proponents shall provide drafts of the Plan, disclosure statement and any supplemental or related filings ("Plan Documents"), in support thereof to the Committee for review and discussion (as to consistency with the terms of this Stipulation) sufficiently in advance of filing such documents so as to allow the Committee to review and comment in advance of filing the same with the Court. So long as the Committee otherwise supports the Plan Documents in a manner consistent with this Stipulation, the Committee shall not be deemed to have breached or violated this Stipulation or triggered the reduction of the GUC Cash Amount provided for in paragraph 1(a), above, solely as a result of objecting to provisions of the Plan that are inconsistent with the terms of this Stipulation.

3. Releases shall be immediately valid, enforceable and operative upon the entry of order approving 9019 Settlement. So long as a Plan Funder (whether it is OMF or otherwise) funds a plan providing for a cash distribution equivalent to the GUC Cash Amount to be made available to the unsecured creditors prior to the outside date for the Effective Date of the Plan or a Competing Plan (*i.e.*, March 15, 2012, as provided for in the Commitment Letter), the releases in favor of OMF and HFZ approved by the 9019 Order shall remain in full force and effect. If funding of the GUC Cash Amount does not occur to the unsecured creditors or the Plan Administrator, as provided in the Commitment and the Bid Procedures, prior to March 15, 2012, then the releases shall be revoked. No Plan shall be confirmed that provides for payment of less than the GUC Cash Amount to unsecured creditors, as specified by the Commitment Letter and this Stipulation, and taking into account paragraph 1(a) above.

4. The Committee shall sign onto the settlement agreement annexed to the 9019 Motion (the "Settlement Agreement"), and the Settlement Agreement shall be amended to include the Committee and its professionals within the definition of "Estate Released Parties."

5. The Committee shall support and agree to entry by the Bankruptcy Court of the Bid Procedures Order and the form of order proposed by the movants in connection with the 9019 Motion.

6. The Debtors and, to the extent it obtains standing, the Committee (prior to the Effective Date), and the Plan Administrator (from and after the Plan Effective Date), shall be permitted to pursue claims and causes of action for monetary damages only against (i) insiders (*i.e.*, members, principals, managers), (ii) directors and officers, and (iii) non-

insiders; provided that such claims or causes of action shall not relate to or impede (a) OMF's or the Debtors' objections to the FKF3, Flamingo or McDonald's claims or (b) OMF's or the Debtors' rights and claims against, and efforts to acquire, the Property, including the Units and the Commercial Unit and any surrounding property, including the building commonly known as Flamingo (collectively, "Property-Related Litigation Claims"). The proceeds of any such claims or causes of action shall inure to the benefit of general unsecured creditors. All other claims and causes of action, including those for which there exist or may exist claims for both monetary damages and Property-Related Litigation Claims, shall be retained by Debtors and Reorganized Debtors per the Plan.

7. Except as may otherwise be required in accordance with the Committee's fiduciary duties, the Committee shall not be required to take affirmative action against members of the Committee in connection with any adversary proceeding brought by any such members of the Committee related to the Property, including any Units.

8. Upon execution by the Debtors, OMF, HFZ and the Committee, this Stipulation shall be binding, but shall remain subject to definitive documentation reasonably acceptable to the Debtors, OMF, HFZ and the Committee and the conditions to confirmation and effectiveness delineated in the Plan, the 9019 Motion and the Bid Procedures Motion. Notwithstanding anything contained herein to the contrary, at any time prior to confirmation of the Plan, the Committee's obligations hereunder are subject at all times to the fulfillment of their respective fiduciary duties in and under applicable law. In accordance therewith, the Committee or any member of or professional employed by the Committee, shall be entitled to take any action, or to refrain from taking any action, including a decision to terminate the Committee's rights and obligations under this Commitment Letter, that such person determines in good faith, after consultation with counsel, is necessary by virtue of, and consistent with, their fiduciary obligations under applicable law. The Committee acknowledges and agrees that the exercise by it of its "fiduciary out" as described in this paragraph 8 may result in a reduction of the GUC Cash Amount to be distributed to unsecured creditors.