# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| In Re: | Chapter 11 |
|---|---|
| FKF MADISON PARK GROUP OWNER, *et al.*[1] | Case No. 10-11867 (KG) |
| Debtors. | |

## SUMMARY OF SIXTH MONTHLY APPLICATION OF PERKINS COIE LLP, AS ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM AUGUST 1, 2011 THROUGH AUGUST 31, 2011

| Name of Applicant: | Perkins Coie LLP | |
|---|---|---|
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors | |
| Date of retention: | April 1, 2011 *nunc pro tunc* to March 2, 2011 | |
| Period for which compensation and reimbursement is sought: | August 1, 2011 to August 31, 2011 | |
| Amount of compensation sought as actual, reasonable and necessary: | $25,425.00 | Fee amounts reflect a 10% voluntary discount |
| 80% of amount of compensation sought as actual, reasonable and necessary: | $20,340.00 | Fee amounts reflect a 10% voluntary discount |
| Amount of expense reimbursement sought as actual, reasonable and necessacry: | $3,264.02 | |

This is a:  ☒ monthly   ☐ interim   ☐ final application

The applicant intends to seek compensation in connection with the preparation of this application at a later date.

---

[1] The Debtors in these cases, along with the last four digits of their EIN, are: FKF Madison Group Owner, LLC (Case No. 10-11867) (3699); JMJS 23rd Street Realty Owner, LLC (Case No. 10-11868) (6551); Madison Park Group Owner, LLC (Case No. 10-11869) (3701); and Slazer Enterprises Owner, LLC (Case No. 10-11870) (4339). The Debtors' address is 230 Congers Road, New City, NY 10920.

This is the **Sixth Monthly Application** filed by Perkins Coie in this case.

| Application Period | 100% Fees* | 80% Fees* | 100% Expenses | 80% Fees + Expenses | 100% Fees + Expenses |
|---|---|---|---|---|---|
| March 2011 | $116,085.15 | $92,868.12 | $3,086.19 | $95,954.31 | $119,171.34 |
| April 2011 | $97,281.45 | $77,825.16 | $1,661.63 | $79,486.79 | $98,943.08 |
| May 2011 | $57,258.90 | $45,807.12 | $1,968.10 | $47,775.22 | $59,227.00 |
| June 2011 | $73,656.45 | $58,925.16 | $ 343.84 | $59,269.00 | $74,000.29 |
| July 2011 | $105,354.26 | $84,283.41 | $1,327.06 | $85,610.47 | $106,681.32 |

* Fee amounts reflect a 10% voluntary discount

## COMPENSATION BY PROFESSIONAL PERSON

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (at 10% discount) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Carroll, Schuyler | Joined the firm as a Partner on 03/02/2011. First bar admission - New York State Bar in 1993. | $652.50 | 20.6 | $13,441.50 |
| Haider, Shan | Joined the firm as an Associate on 4/28/11. First bar admission - New York State Bar in 2007. | $292.50 | 16.0 | $4,680.00 |
| Maag, Mary Lou | Joined the firm on 04/14/1984; Paralegal since 08/02/1993. | $171.00 | 14.5 | $2,479.50 |
| White, Willie | Joined the firm as an Associate on 1/4/2010. First bar admission - Washington State Bar in 2009. | $274.50 | 6.5 | $1,784.25 |
| Various Professionals | Timekeepers who billed fewer than five hours are not listed individually in this chart. | | 8.1 | $3,039.75 |
| **TOTAL** | | | 65.7 | $25,425.00 |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Matter No. | Total Hours | Total Fees (Including 10 % Discount) |
|---|---|---|---|
| Committee Representation – Chapter 11 | 1 | 0.0 | $0.00 |
| Case Administration | 2 | 0.0 | $0.00 |
| Committee Communications | 3 | 0.0 | $0.00 |
| Asset Analysis & Recovery | 4 | 0.4 | $261.00 |
| Business Operations | 5 | 0.0 | $0.00 |
| Claims Administration & Objections | 6 | 10.8 | $3,968.10 |
| Fee/Employment Applications | 7 | 21.6 | $4,990.05 |
| Fee/Employment Objections | 8 | 0.0 | $0.00 |
| Financing | 9 | 0.2 | $86.40 |
| Litigation – General | 10 | 14.1 | $4,928.85 |
| Plan & Disclosure Statement | 11 | 18.6 | $11,190.60 |
| Relief from Stay Proceedings | 12 | 0.0 | $0.00 |
| Leases and Contracts | 13 | 0.0 | $0.00 |
| Creditor Inquiries | 14 | 0.0 | $0.00 |
| Lien Review | 15 | 0.0 | $0.00 |
| **Total Fees** | | 65.7 | $25,425.00 |

## EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---|
| Computer Assisted Legal Research | $1,022.72 |
| Messenger Charge | $124.23 |
| Telephone Conference | $9.34 |
| Transcript Fee | $1,495.65 |
| Travel Expenses | $612.08 |
| **Total Expenses** | $3,264.02 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>FKF MADISON PARK GROUP OWNER, *et al.*[2]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-11867 (KG) |

## SIXTH MONTHLY APPLICATION OF PERKINS COIE LLP, AS ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM AUGUST 1, 2011 THROUGH AUGUST 31, 2011

The law firm of Perkins Coie LLP ("Perkins Coie") hereby makes this sixth monthly application (the "Application") for approval of compensation and reimbursement of expenses incurred in connection with professional legal services rendered on behalf of the Official Committee of Unsecured Creditors (the "Committee") of FKF Madison Park Group Owner, et al. ("the Debtors") during the period from August 1, 2011 through and including August 31, 2011 (the "Application Period"),[3] pursuant to (i) Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), (ii) Bankruptcy Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), (iv) the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. Section 330, effective January 30, 1996, and (v) this Court's administrative order establishing procedures for interim

---

[2] The Debtors in these cases, along with the last four digits of their EIN, are: FKF Madison Group Owner, LLC (Case No. 10-11867) (3699); JMJS 23rd Street Realty Owner, LLC (Case No. 10-11868) (6551); Madison Park Group Owner, LLC (Case No. 10-11869) (3701); and Slazer Enterprises Owner, LLC (Case No. 10-11870) (4339). The Debtors' address is 230 Congers Road, New City, NY 10920.

[3] In some instances, the invoices may contain time entries from a prior month which were not previously invoiced to the Committee.

compensation and reimbursement of expenses of professionals and official committee members, dated March 18, 2011 [Docket No. 373] (the "Administrative Order").

At the request of the Committee, Perkins Coie agreed to reduce its fees by 10%. Accordingly, by this Application, Perkins Coie seeks an order (i) allowing compensation in the amount of $25,425.00[4] for actual, reasonable and necessary professional services rendered to or on behalf of the Committee in the above-captioned cases during the Application Period, and allowing reimbursement for actual and necessary expenses incurred during the Application Period in the amount of $3,264.02, and (ii) authorizing and directing the Debtors to pay Perkins Coie an amount equal to the sum of such allowed compensation and expense reimbursement, less any amounts previously paid by the Debtors. In support of this Application, Perkins Coie states as follows:

## **PRELIMINARY STATEMENT**

1. In this Application Period, the Committee fulfilled its statutory and fiduciary duties, including those obligations set forth in Section 1103 of title 11 of the United States Code (the "Bankruptcy Code"). Throughout these proceedings, Perkins Coie assisted the Committee in protecting the interests of the unsecured creditors and preserving estate assets.

2. Perkins Coie provided services to the Committee in accordance with the instructions and directions of the Committee. As a result of the broad range and years of experience of Perkins Coie's bankruptcy attorneys, Perkins Coie's services were rendered in a most expeditious and efficient manner.

3. Perkins Coie played an important role in these cases and handled numerous matters, including the following during the Application Period: (A) developing strategy in

---

[4] During the Application Period, Perkins Coie incurred $28,250.00 in fees. The lower amount requested above reflects the 10% voluntary discount agreed to by Perkins Coie.

relation to plan negotiations and potential claims against third parties, (B) reviewing liens asserted by lenders and potential litigation; (C) analyzing proofs of claim, developing potential objections to claims, and other documents relating to claims.

4. Additionally, Perkins Coie regularly advised the Committee on the legal matters and issues arising throughout these bankruptcy proceedings.

## JURISDICTION

5. This Court has jurisdiction to consider this matter pursuant to Section 157 and 1334 of Title 28 of the United States Code. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

6. On June 8, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

**The Debtors**

7. On June 8, 2010 (the "Petition Date"), Petitioning Creditors Stephen Kraus, Mitchell Kraus, Barbara Kraus, and Kraus Hi-Tech Home Automation, Inc. filed an involuntary petition for relief for the Debtors under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware.

8. By order dated November 19, 2010, the cases were converted to cases under Chapter 11 of the Bankruptcy Code.

9. The Debtors continue to operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 cases.

## The Committee and its Selection of Professionals

10. On January 20, 2011, the Office of the United States Trustee for Region 3 appointed three (3) members to the Committee pursuant to Sections 1102(a) and 1102(b) of the Bankruptcy Code.

11. On February 2, 2011, the Committee selected and formally voted to retain Arent Fox as counsel, subject to the approval of the Court, and requested that Schuyler Carroll be lead counsel.

12. On February 28, 2011, Schuyler Carroll withdrew from Arent Fox, and on March 1, 2011, became a partner of Perkins Coie.

13. On March 2, 2011, Arent Fox was advised that the Committee wanted to continue with Schuyler Carroll and ended the engagement with Arent Fox as of March 3, 2011.

14. On March 21, 2011, the Court approved the retention of Arent Fox as counsel to the Committee nunc pro tunc to February 2, 2011, through and including March 2, 2011. See Docket No. 379.

15. On April 1, 2011, the Court approved the retention of Perkins Coie as counsel to the Committee nunc pro tunc to March 2, 2011. See Docket No. 394.

## RELIEF REQUESTED

16. Perkins Coie seeks allowance of compensation for actual, reasonable and necessary professional services rendered by Perkins Coie as counsel to the Committee during the Application Period in the amount of $25,425.00, and reimbursement of actual, reasonable and necessary expenses incurred during the Application Period in the amount of $3,264.02.

17. Perkins Coie diligently assisted the Committee in its efforts to fulfill its statutory and fiduciary duties by trying to maximize value for the Debtors' entire estate and by

representing the interests of the unsecured creditor constituency in these bankruptcy proceedings.

18.   All services for which compensation is requested by Perkins Coie were performed on behalf of the Committee, and not on behalf of any other person or entity. Perkins Coie maintains written records of the time expended in providing the professional services required by the Committee. These records are maintained in the ordinary course of Perkins Coie's practice.

19.   During the Application Period, Perkins Coie rendered legal services to the Committee in the total amount of $25,425.00 stated at the hourly rates in effect for each of the firm's professionals (after giving effect to the 10% discount) at the time such services were rendered, and incurred reimbursable expenses and out-of-pocket disbursements in the total amount of $3,264.02.

## SUMMARY OF SERVICES RENDERED

20.   Perkins Coie has advised the Committee on a regular basis with respect to legal matters in connection with the chapter 11 cases of the Debtors. Further, Perkins Coie has prepared or assisted in the preparation of various documents submitted to the Court for consideration and has performed all necessary professional services.

21.   The chart entitled **Compensation By Professional Person** (above) is a summary statement of fees incurred by each professional who rendered services during the Application Period.

22.   Attached hereto as Exhibit A, and incorporated herein by reference, is the detailed daily description of services rendered during the Final Application Period by each attorney and paraprofessional at Perkins Coie with respect to whom compensation is sought,

compiled from time records maintained by Perkins Coie in the ordinary course of its business, divided into sections corresponding to "project categories."

23.  The chart entitled **Compensation by Project Category** (above) is a summary statement of fees incurred by project category during the Application Period, including a summary of the fees and total hours.

24.  The chart entitled **Expense Summary** (above) is a summary statement of expenses incurred during the Application Period.

## SUMMARY OF SERVICES RENDERED

25.  For this Application Period, Perkins Coie seeks approval of $25,425.00 (after giving effect to the 10% discount) in fees and $3,264.02 in expense reimbursement.

## APPLICABLE AUTHORITY

26.  Subject to this Court's approval, the Debtors' estates are required to pay Perkins Coie for services at its usual hourly rates in effect at the time such services are rendered. In this case, however, at the request of the Committee, Perkins Coie agreed to reduce its fees by 10%, which discount is reflected in the above charts. The Debtors are required, subject to this Court's approval, to reimburse Perkins Coie in full for its cash disbursements and for such expenses as the firm customarily bills to its clients.

27.  With respect to the level of compensation, Section 330(a)(1) of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person "reasonable compensation for actual, necessary services rendered." 11 U.S.C. § 330(a)(1). Section 330(a)(1)(3) provides: "In determining the amount of reasonable compensation to be awarded, to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, . . . ."

28. The congressional policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. *See In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to 'provide sufficient economic incentive [to lure competent bankruptcy specialists] to practice in the bankruptcy courts.'") (quoting *In re McCombs*, 751 F.2d 286, 288 (8th Cir. 1984)).

29. The professional services rendered by Perkins Coie required a high degree of professional competence and expertise. It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically, and the results obtained have greatly benefited the general unsecured creditors of the Debtors.

30. As shown by this Application and supporting exhibits, Perkins Coie spent its time economically, without unnecessary duplication of time, and at discounted hourly rates. In addition, the work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

## CERTIFICATIONS AND NOTICE

31. The undersigned certifies that no other payments have been promised to the firm and no payments have been received by the firm for services rendered in these cases, except for the payment of fees and reimbursement of expenses.

32. The Debtors' estates are the source of compensation promised to Perkins Coie. There is no agreement or understanding between Perkins Coie and any persons other than the partners of Perkins Coie for the sharing of compensation to be received for services rendered in these cases.

33. Perkins Coie certifies that it has reviewed the requirements of Local Rule 2016-2 and that this Application complies with Local Rule 2016-2.

34. Copies of this Application have been served upon the Debtors, the United States Trustee, counsel to the Debtors, and all parties who filed Requests for Notice with the Clerk of the Court.

WHEREFORE, Perkins Coie respectfully requests that this Court enter an order: (a) allowing Perkins Coie compensation in the amount of $25,425.00, for actual reasonable and necessary professional services rendered to or on behalf of the Committee during the Application Period, 80% of which is to be currently paid upon the filing of a certificate of no objection, and reimbursement of $3,264.02 for actual, reasonable and necessary expenses incurred during the Application Period, subject to amounts available under the Court's final order authorizing debtor-in-possession financing; and (b) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, DE
November 2, 2011

                POSINELLI SHUGHART

                */s/ Christopher A. Ward*
                Christopher A. Ward (Del. Bar No. 3877)
                Shanti M. Katona (Del. Bar No. 5352)
                222 Delaware Avenue, Suite 1101
                Wilmington, DE 19801
                Telephone: 302-252-0920
                Facsimile: 302-252-0921
                cward@polsinelli.com
                skatona@polsinelli.com

                - and -

                Schuyler G. Carroll
                PERKINS COIE LLP
                30 Rockefeller Center, 25th Floor
                New York, NY 10112-0085
                Telephone: 212-262-6900
                Facsimile: 212-977-1649
                scarroll@perkinscoie.com

                *Counsel for the Official Committee of*
                *Unsecured Creditors*